IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FUSE, LLC, *et al.*,[1] | Case No. 19-10872 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT, (B) CONFIRMATION OF PREPACKAGED PLAN OF REORGANIZATION, AND (C) THE ASSUMPTION OF EXECUTORY CONTRACTS AND CURE AMOUNTS; (II) FIXING THE DEADLINES TO OBJECT TO DISCLOSURE STATEMENT, PREPACKAGED PLAN, AND PROPOSED ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS AND CURE AMOUNTS; (III) APPROVING (A) PREPETITION SOLICITATION PROCEDURES AND (B) FORM AND MANNER OF NOTICE OF COMMENCEMENT, COMBINED HEARING, ASSUMPTION OF EXECUTORY CONTRACTS AND CURE AMOUNTS RELATED THERETO, AND OBJECTION DEADLINES; (IV) CONDITIONALLY (A) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE SECTION 341(a) MEETING OF CREDITORS AND (B) WAIVING REQUIREMENT OF FILING STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES; AND (V) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") submit this motion (this "Motion") for entry of an order (i) scheduling a combined

hearing on (a) the adequacy of the Disclosure Statement (as defined below), (b) confirmation of

the prepackaged Plan (as defined below), and (c) the proposed assumption or rejection of

executory contracts and cure amounts; (ii) fixing the deadlines to object to the Disclosure

Statement, Plan, and proposed assumption or rejection of executory contracts and cure amounts;

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include: Fuse Media, Inc. (9721); Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distribution, LLC (9656); Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500). The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

***For the avoidance of doubt, Debtors Fuse Media, Inc. and Fuse Media, LLC are not proponents of the Plan and the provisions of the Plan shall not extend to those entities.***

(iii) approving (a) the prepetition solicitation procedures and (b) the form and manner of notice

of commencement, combined hearing, assumption or rejection of executory contracts and cure

amounts, and objection deadlines; (iv) conditionally (a) directing the U.S. Trustee (as defined

below) not to convene a meeting of creditors pursuant to section 341(a) of title 11 of the United

States Code (the "Bankruptcy Code") and (b) waiving the requirement to file statements of

financial affairs and schedules of assets and liabilities; and (v) granting related relief.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the District of*

*Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28

U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection

with this Motion to the extent that it is later determined that the Court, absent consent of the

parties, cannot enter final orders or judgments in connection herewith consistent with Article III

of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105, 341,

1125, 1126, and 1128 of the Bankruptcy Code, Rules 1007, 2002, 2003, 3016, 3017, 3018, 3020,

and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local

Rules 1007-1, 3017-1, 3017-2, and 9006-1.

### Background

4.    On the date hereof (the "Petition Date"), the Debtors each filed with this

Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are

operating their businesses and managing their properties as debtors and debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    The factual background regarding the Debtors, including their current and

historical business operations and the events precipitating the chapter 11 filing, is set forth in

detail in the *Declaration of Miguel Roggero in Support of First Day Motions* (the "First Day

Declaration") filed concurrently herewith and fully incorporated herein by reference.

### Relief Requested

6.    By this Motion, pursuant to sections 105, 341, 1125, 1126, and 1128 of the

Bankruptcy Code, Bankruptcy Rules 1007, 2002, 2003, 3016, 3017, 3018, 3020, 9006, and Local

Rules 1007-1, 3017-1, 3017-2, and 9006-1, the Debtors seek entry of an order:

(a)    Scheduling a combined hearing (the "Combined
Hearing") to consider (i) approving the adequacy of the
*Disclosure Statement for the Debtors' Prepackaged
Joint Plan of Reorganization* (as may be amended,
modified or supplemented from time to time
the "Disclosure Statement"),[2] (ii) confirmation of the
*Debtors' Prepackaged Joint Plan of Reorganization* (as
may be amended, modified, or supplemented from time
to time, the "Plan"),[3] and (iii) the proposed assumption or

---

[2]  The Disclosure Statement (with the Plan attached as an exhibit thereto) has been filed contemporaneously with this Motion.

[3]  Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

rejection of executory contracts, unexpired leases and any related cure costs in connection therewith (the "Cure Amounts");

(b)     Establishing the deadline (the "Plan/Disclosure Statement Objection Deadline") to object to the adequacy of the Disclosure Statement and confirmation of the Plan;

(c)     Establishing the deadline (the "Executory Contract Objection Deadline" and, together with the Plan/Disclosure Statement Objection Deadline, the "Objection Deadlines") to object to the proposed assumption or rejection of Executory Contracts and Unexpired Leases and any related Cure Amounts;

(d)     Approving the prepetition Solicitation Procedures (as defined below), including the forms of Ballots (as defined below);

(e)     Approving the form and manner of notice of the commencement of the Chapter 11 Cases, the Combined Hearing, the assumption of Executory Contracts and Unexpired Leases, Cure Amounts, and the Objection Deadlines;

(f)     Conditionally (i) directing the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") not to convene an initial meeting of creditors under section 341(a) of the Bankruptcy Code, and (ii) waiving the requirement that the Debtors file statements of financial affairs and schedules of assets and liabilities; and

(g)     Granting related relief.

7.      A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "Proposed Scheduling Order").

8.      The following table identifies the key dates relevant to the Solicitation Procedures:

| Proposed Timetable | |
|---|---|
| Voting Record Date | April 5, 2019 (prepetition) |
| Commencement of Solicitation | April 18, 2019 (prepetition) |
| Voting Deadline | May 9, 2019, at 4:00 p.m. (prevailing Eastern Time) (prepetition) |
| Plan Supplement Filing Date[4] | Five (5) Business Days prior to the Combined Hearing |
| Proposed Plan/Disclosure Statement Objection Deadline | Five (5) Business Days prior to the Combined Hearing, at 4:00 p.m. (prevailing Eastern Time) |
| Proposed Executory Contract Objection Deadline | Five (5) Business Days prior to the Combined Hearing, at 4:00 p.m. (prevailing Eastern Time) |
| Proposed Plan/Disclosure Statement Reply Deadline | Three (3) Business Days prior to the Combined Hearing |
| Proposed Combined Hearing Date | First week of June 2019 |

9.      For ease of reference, the following table summarizes the attachments and exhibits cited in this Motion:

| Pleading | Exhibit |
|---|---|
| Proposed Scheduling Order | **Exhibit A** to this Motion |
| Proposed Combined Notice | Exhibit 1 to the Proposed Scheduling Order |
| Proposed Assumption and Cure Notice | Exhibit 2 to the Proposed Scheduling Order |
| Form of Master and Beneficial Holder Ballots for Class 3 – Senior Secured Notes Claims | Exhibit 3 to the Proposed Scheduling Order |

### The Prepackaged Plan

10.      Prior to the Petition Date, the Debtors engaged in good-faith, arm's length negotiations with certain of their largest noteholders regarding the terms of a potential financial restructuring.  After months of negotiations, the Debtors, in consultation with their advisors,

---

[4] An initial version of the Plan Supplement was included in the prepetition solicitation materials and has been filed contemporaneously with this Motion.

reached agreement on the terms of the Plan with the Supporting Noteholders, representing approximately 82.5% of the aggregate outstanding amount of the Senior Secured Notes Claims.

11.     The Debtors believe that the Plan is the best restructuring alternative reasonably available to the Debtors. The Plan represents a significant achievement for the Debtors and should greatly enhance their ability to reorganize successfully and expeditiously. The Plan will also provide an efficient restructuring through the prepackaged process, which is designed to minimize disruption to the Debtors' business endeavors, stabilize the Debtors' balance sheet, and provide a platform for renewed success. Through confirmation of the Plan, the Debtors will restructure and deleverage their balance sheet, reduce their cash interest expense to a level that is aligned with their expected future cash flows, and retain additional flexibility to invest in growth initiatives to maximize enterprise value. With respect to the Debtors' Litigation Claims, a new Fuse Litigation Trust will be created in order to evaluate and pursue any viable Litigation Claims of the Estates. For all of these reasons, the Debtors believe that they will have sufficient liquidity during the course of the Chapter 11 Cases and will be well positioned going forward.

12.     The Debtors intend to move promptly towards confirmation of the Plan and to exit bankruptcy as quickly as possible in order to minimize any potential adverse impact of the bankruptcy filing on the Debtors' business. The Debtors believe that the proposed Plan is in the best interests of the Debtors' creditors and will maximize the value of these estates.

**The Prepetition Solicitation**

13.     The Debtors commenced solicitation of votes to approve the Plan (the

"Solicitation") on April 18, 2019.  In connection with the Solicitation, the Debtors' notice and

voting agent, Kurtzman Carson Consultants LLC ("KCC" or the "Voting Agent")[5] caused the

Disclosure Statement, Plan, Plan Supplement, and appropriate Ballot to be delivered to the

Holders of Class 3 Senior Secured Notes Claims.  The Debtors also served the brokers, dealers,

commercial banks, trust companies, or other agents or nominees with respect to Class 3

(collectively, "Nominees") through which certain Holders of Class 3 Senior Secured Notes

Claims hold their respective securities.  Holders of Claims in Class 3 are the only class of Claims

impaired and entitled to vote under the Plan (the "Voting Class").  The Debtors established May

9, 2019 at 4:00p.m. (prevailing Eastern Time) as the deadline (the "Voting Deadline") for the

receipt of votes from the Holders of Claims in the Voting Class.

**Basis for Relief**

A.     **Scheduling a Combined Hearing**

14.     By this Motion, the Debtors respectfully request that the Court schedule

the Combined Hearing to consider approval of the Disclosure Statement, confirmation of the

Plan, and approval of the proposed assumption or rejection of Executory Contracts, which

hearing would be held, subject to the Court's schedule, during the first week of June 2019 (the

"Proposed Combined Hearing Date").

---

[5]   Contemporaneously with the filing of this Motion, the Debtors have applied for authority to retain KCC as their noticing and voting agent.

15.    Bankruptcy Rule 3017(a) provides in relevant part that "the court shall hold a hearing on at least twenty-eight (28) days' notice to consider the disclosure statement and any objections or modifications thereto." Fed. R. Bankr. Proc. 3017(a). Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the Court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a). Finally, section 105(d)(2)(B)(vi) of the Bankruptcy Code provides specific authority for the Court to combine the hearing on approval of the Disclosure Statement with the hearing to consider confirmation of the Plan. 11 U.S.C. § 105(d)(2)(B)(vi).

16.    The scheduling of the Combined Hearing on the Proposed Combined Hearing Date is in the best interest of the Debtors and their respective estates and stakeholders. The Proposed Combined Hearing Date will enable the Debtors to promptly effectuate confirmation and consummation of the Plan.

17.    In addition, the Proposed Combined Hearing Date, which the Debtors propose to set approximately thirty-five (35) days after the date of service of notice, will provide parties in interest with the requisite notice prescribed under Bankruptcy Rule 3017(a), as addressed further below. A combined hearing on the timeline proposed in this Motion is also consistent with the practice in other prepackaged cases in this District. *See, e.g., In re Keystone Tube Co., LLC, et al.,* No. 17-11330 (LSS) (Bankr. D. Del. June 20, 2017); *In re Key Energy Services, Inc., et al.,* No. 16-12306 (BLS) (Bankr. D. Del. Oct. 25, 2016); *In re Halcon Resources Corp., et al.,* No. 16-11724 (BLS) (Bankr. D. Del. Jul. 29, 2016) (setting combined hearing for 41 days after service of notice); *In re RCS Capital Corp.,* Case No. 16-10223 (MFW)

(Bankr. D. Del. Mar. 29, 2016) (setting combined hearing for 34 days after service of notice); *In re Cubic Energy, Inc.,* Case No. 15-12500 (CSS) (Bankr. D. Del. Jan. 12, 2016) (setting combined hearing for 35 days after filing of notice); *In re Offshore Group Inv. Ltd., et al.,* No. 15-12422 (BLS) (Bankr. D. Del. Dec. 4, 2015) (setting combined hearing for 41 days after filing of notice).

18.    Accordingly, the Debtors respectfully request that the Court enter the Proposed Scheduling Order, pursuant to section 105(d)(2)(B)(vi) of the Bankruptcy Code, setting the Combined Hearing for the first week of June 2019 and providing that the Combined Hearing may be continued from time to time without further notice other than an announcement in open court on the adjourned date or in the filing of a notice or a hearing agenda in these Chapter 11 Cases, and that notice of such adjourned date(s) will be available on the electronic case filing docket.

**B.     Establishing Deadline and Procedures for Objections to
         Approval of the Disclosure Statement and Confirmation of the Plan**

19.    Bankruptcy Rule 3017(a) authorizes the Court to fix a deadline for the filing of objections to the adequacy of the Disclosure Statement and confirmation of the Plan. Fed. R. Bankr. Proc. 3017(a).  Bankruptcy Rule 2002(b) requires that creditors receive at least twenty-eight (28) days' notice of the Plan/Disclosure Statement Objection Deadline.  Fed. R. Bankr. Proc. 2002(b).

20.    The Debtors request that the Court set the Plan/Disclosure Statement Objection Deadline five (5) Business Days prior to the Combined Hearing, at 4:00 p.m. (prevailing Eastern Time).  This date will be at least twenty-eight (28) days after the date on

which Debtors would provide notice. The Debtors further request that the Court fix three (3)

Business Days prior to the Combined Hearing Date, as the deadline for the Debtors and other

Plan supporters to file replies to any timely-filed objections or responses to any objections filed

in respect of the Plan or Disclosure Statement (the "Plan/Disclosure Statement Reply Deadline").

21.     The Debtors' proposed timeline will afford holders of Claims and Equity

Interests ample notice of the Plan/Disclosure Objection Deadline. It will also provide the

Debtors and other Plan supporters adequate time to consider any objections to the Disclosure

Statement or confirmation of the Plan and address those objections through responsive briefs,

modifications to the Plan, or otherwise.

22.     The Debtors also request that the Court direct that any responses or

objections to the adequacy of the Disclosure Statement or confirmation of the Plan:

    (a)    be in writing;

    (b)    conform to the applicable Bankruptcy Rules and the Local Rules;

    (c)    set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor;

    (d)    be filed with the Court, together with a proof of service, on or before the Plan/Disclosure Objection Deadline; and

    (e)    be served on the following parties: (i) Debtors, Fuse, LLC, 700 North Central Avenue, Suite 600, Glendale, CA 91203 (Attn: Miguel Roggero); (ii) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Richard M. Pachulski, Ira D. Kharasch, Maxim B. Litvak, and James E. O'Neill); (iii) counsel to the Senior Secured Notes Trustee, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007 (Attn: Andrew N. Goldman, Esq.); (iv) counsel to the Supporting Noteholders, Fried, Frank, Harris, Shriver &

Jacobson LLP, One New York Times Plaza, New York, NY 10004 (Attn: Brad Eric Scheler, Jennifer Rodburg, Andrew M. Minear) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Michael J. Merchant); and (v) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, DE 19801 (the "Notice Parties").

23.     The relief requested herein is consistent with the requirements of the Bankruptcy Code and the Bankruptcy Rules and is designed to facilitate a prompt and efficient completion of this consensual restructuring provided under the Plan.

**C.      Approval of Form and Manner of Notice of the Commencement of the Chapter 11 Cases, the Combined Hearing, Assumption of Executory Contracts and Cure Amounts, and the Objection Deadlines**

24.     As noted above, the Debtors are required pursuant to Bankruptcy Rules 2002(b) and 2002(d) to provide Holders of Claims and Equity Interests at least 28 days' notice of the Plan/Disclosure Statement Objection Deadline. Fed. R. Bankr. Proc. 2002(b), 2002(d). Bankruptcy Rule 2002(f)(1) provides that notice of "the order for relief" shall be sent by mail to all creditors. Fed. R. Bankr. Proc. 2002(f). Bankruptcy Rule 2002(d) similarly provides that, unless otherwise ordered by the court, notice of the "order for relief" shall be given to all of the Debtors' equity security holders. Fed. R. Bankr. Proc. 2002(d).

25.     The Debtors propose to satisfy these requirements by serving on the parties listed below a combined notice substantially in the form attached as **Exhibit 1** to the Proposed Scheduling Order (the "Combined Notice") setting forth, among other things, (i) the notice of commencement of the Debtors' Chapter 11 Cases, (ii) the date, time, and place of the Combined Hearing, (iii) instructions for obtaining copies of the Disclosure Statement and Plan,

(iv) the Objection Deadlines and procedures for filing objections to the adequacy of the Disclosure Statement, confirmation of the Plan, assumption or rejection of Executory Contracts and Unexpired Leases, and/or Cure Amounts, and (v) a summary of the Plan.  The Debtors will serve the Combined Notice by electronic mail, facsimile, and/or first-class mail within two (2) Business Days of the entry of the Proposed Scheduling Order or as soon as reasonably practicable thereafter.  The Combined Notice will be served, without duplication, on the following parties:

| | |
|---|---|
| (a) | all known Holders of Claims and Equity Interests;[6] |
| (b) | all non-Debtor parties to the Debtors' Executory Contracts and Unexpired Leases; |
| (c) | the Office of the United States Trustee for the District of Delaware; |
| (d) | the entities listed on the Consolidated List of Creditors Holding the Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); |
| (e) | the Internal Revenue Service; |
| (f) | the Securities and Exchange Commission; |
| (g) | the United States Attorney for the District of Delaware; |
| (h) | the Notice Parties; and |
| (i) | all other parties entitled to notice in these Chapter 11 Cases. |

---

[6] The Debtors propose to send the Combined Notice to Holders of Claims and Equity Interests using the contact information reflected in the records maintained by the Debtors and their agents as of the close of business on the Voting Record Date.  The Debtors believe that certain Holders utilize Nominees as the registered holders of certain securities.  Accordingly, the Debtors request that the Court authorize (i) the Debtors to provide the Nominees with sufficient copies of the Combined Notice to forward to the beneficial holders and (ii) the Nominees to forward the Combined Notice or copies thereof to the beneficial holders within five (5) Business Days of the receipt by such Nominee of the Combined Notice.   The Debtors further request authority to reimburse the Nominees for any reasonable and customary out-of-pocket expenses they incur in connection with the distribution of the Combined Notice.

26.      In addition to the foregoing, in an effort to provide widespread notice of the commencement of the Chapter 11 Cases and the Combined Hearing to parties in interest, the Debtors propose to post copies of the Plan, the Disclosure Statement, the Plan Supplement, this Motion and any orders entered in connection with this Motion, the Combined Notice, and, when available, the Plan Supplement on the Debtors' restructuring website at http://www.kccllc.net/fusemedia.

27.      The Debtors respectfully submit that the proposed service of the Combined Notice will provide sufficient notice of the commencement of these Chapter 11 Cases, the date, time, and place of the Combined Hearing, and the procedures for objecting to the adequacy of the Disclosure Statement, confirmation of the Plan, assumption or rejection of Executory Contracts and Unexpired Leases, and/or Cure Amounts.

**D.      Establishing Deadline and Procedures for Objections
to the Proposed Assumption or Rejection of an Executory
Contract and Unexpired Lease and Proposed Cure Amounts**

28.      The Plan provides that all Executory Contracts and Unexpired Leases will be rejected as of the Effective Date of the Plan except for Executory Contracts and Unexpired Leases that (1) are identified in the Plan Supplement for assumption, (2) have been previously assumed pursuant to an order of the Bankruptcy Court, (3) are the subject of a separate motion or notice to assume filed by the Debtors and pending as of the date on which the Plan becomes effective (the "Effective Date"), or (4) previously expired or terminated pursuant to their own terms or by agreement of the parties thereto. *See* Plan, Article VI.A.  To the extent that the Debtors seek to assume one or more Executory Contracts or Unexpired Leases, the Debtors shall

file with the Court a list of such Executory Contacts and Unexpired Leases and their respective

Cure Amounts and serve a notice in substantially the form attached as **Exhibit 2** (the

"Assumption and Cure Notice") to the Proposed Scheduling Order on the non-Debtor

counterparties to such Executory Contacts and Unexpired Leases not less than twenty-one (21)

days prior to the date of the Combined Hearing.

   29. The Debtors request that any counterparty to an Executory Contract or

Unexpired Lease that disputes the Debtors' proposed Cure Amount or otherwise objects to the

assumption of such Executory Contract or Unexpired Lease, or objects to the assumption or

rejection of an Executory Contract or Unexpired Lease, be required to file an objection thereto

that complies with the requirements described in the Proposed Scheduling Order by five (5)

Business Days prior to the Combined Hearing, at 4:00 p.m. (prevailing Eastern Time) (the

"Executory Contract Objection Deadline"). The Debtors also request that the Court direct that

any responses or objections to the assumption or rejection of Executory Contracts and Unexpired

Leases or Cure Amounts:

   (a) be in writing;

   (b) conform to the applicable Bankruptcy Rules and the Local Rules;

   (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor;

   (d) be filed with the Court, together with a proof of service, on or before the Executory Contract Objection Deadline; and

   (e) be served on the Notice Parties.

Finally, the Debtors request that the Court authorize the Debtors and the Supporting Noteholders to file replies to any timely-filed objections or responses at least three (3) Business Days prior to the Combined Hearing.

30.     The Debtors respectfully submit that this procedure is appropriate under the circumstances. Pursuant to the procedures proposed by the Debtors, the Debtors' Voting Agent will serve the Combined Notice and the Assumption and Cure Notice on all known counterparties to Executory Contracts and Unexpired Leases within two (2) Business Days of the entry of the Proposed Scheduling Order (or as soon as reasonably possible).

**E.      Approval of Solicitation Procedures and Solicitation Materials**

31.     As described herein, and pursuant to section 1125(g) of the Bankruptcy Code, the Debtors commenced a prepetition solicitation of votes to accept the Plan by distributing the Plan, the Disclosure Statement, and applicable Ballots to Holders of Claims in Class 3 Senior Secured Notes Claims. Pursuant to this Motion, the Debtors seek the Court's approval of the procedures implemented by the Debtors and the Voting Agent for the solicitation and tabulation of votes on the Plan (the "Solicitation Procedures"), including the Ballots and other materials (the "Solicitation Materials") distributed to creditors in the Voting Class in furtherance thereof.

32.     Bankruptcy Rule 3017(d) identifies the materials that must be provided to holders of claims and interests for the purpose of soliciting their votes to accept or reject a plan. Fed. R. Bankr. Proc. 3017(d). Bankruptcy Rule 3017(e) provides that "the courts shall consider the procedures for transmitting the documents and information required by [Bankruptcy Rule

3017(d)] to beneficial holders of stock, bonds, debentures, notes and other securities [and] determine the adequacy of the procedures." As demonstrated below, the Solicitation Procedures utilized by the Debtors comply with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules and should, therefore, be approved.

### i. Solicitation of Class Entitled to Vote to Accept or Reject the Plan

33.    On April 18, 2019, the Debtors commenced the pre-petition solicitation of votes on the Plan by causing a solicitation package containing the Disclosure Statement, the Plan (attached as Exhibit A to the Disclosure Statement), the Plan Supplement, a solicitation cover letter from the Debtors, and the appropriate Ballot(s) (collectively, the "Solicitation Package") to be transmitted to Holders of Claims in Class 3 Senior Secured Notes Claims via first class and overnight mail. The Solicitation Package advised recipients, among other things, that the deadline for submitting a Ballot containing a vote to accept or reject the Plan was May 9, 2019 at 4:00p.m. (prevailing Eastern Time) (the "Voting Deadline"). The Solicitation Package provided recipients with detailed instructions regarding how to complete the applicable Ballot(s), how to make any applicable election regarding the releases contained in the Plan, and the manner in which the Ballot(s) must be returned to the Voting Agent.

### ii. Form of Ballots

34.    Bankruptcy Rule 3017(d) requires that the Debtors use a form of ballot substantially conforming to Official Form No. 14. Fed. R. Bankr. Proc. 3017(d). The Ballots, copies of which are annexed as **Exhibit 3** to the Proposed Scheduling Order, are based on Official Form No. 14, but were modified to address the specific circumstances of these Chapter 11 Cases. The Debtors distributed the following two forms of Ballots with respect to the Plan:

(i) a form of ballot for beneficial holders of Class 3 Senior Secured Notes Claims (the "Class 3 Beneficial Holder Ballot") and (ii) a form of Master Ballot for a Nominee that is the registered holder of Class 3 Senior Secured Notes Claims to transmit the votes of one or more beneficial holders (the "Class 3 Master Ballot" and, together with the Class 3 Beneficial Holder Ballot, the "Ballots").

### iii.    Voting Record Date and Voting Deadline

35.    Bankruptcy Rule 3018(b) provides that a pre-petition vote of a creditor or equity security holder to accept or reject a prepackaged plan will be deemed a vote to accept or reject the plan if the creditor or equity security holder "was the holder of record of the security on the date specified in the solicitation of such acceptance or rejection." Fed. R. Bankr. Proc. 3018(b). Bankruptcy Rule 3018(b) further provides that votes of creditors and equity security holders solicited pre-petition will not be counted if "an unreasonably short time was prescribed for such creditors and equity security holders to accept or reject the plan." *Id.*

36.    The Solicitation Package clearly identifies April 5, 2019 as the date for determining which Holders of Claims were entitled to vote to accept or reject the Plan (the "Voting Record Date"). The Class 3 Beneficial Holder Ballot requires each Holder completing such Ballot to certify the amount of its Claim as of the Voting Record Date. The Class 3 Master Ballot requires any Nominee completing that Ballot to certify that it was transmitting the votes of Beneficial Holder(s) of Class 3 Senior Secured Notes Claims.

37.    The Solicitation Package also conspicuously identified the Voting Deadline as May 9, 2019 at 4:00 p.m. (prevailing Eastern Time). Thus, the Holders of Claims in

Class 3 will have twenty-one (21) calendar days (not including the day the Solicitation was commenced) to vote to accept or reject the Plan. The Debtors respectfully submit that this afforded those Holders adequate time to review and consider the Plan and Disclosure Statement and submit a Ballot prior to the Voting Deadline. This is especially true here because the Plan and Disclosure Statement were extensively negotiated by counsel and other advisors for the Supporting Noteholders, representing approximately 82.5% of the aggregate outstanding amount of Claims in the Voting Class.

38.    Similar timelines have been approved in other chapter 11 cases in this District. *See, e.g., In re Keystone Tube Co., LLC, et al.*, No. 17-11330 (LSS) (Bankr. D. Del. June 20, 2017); *In re Key Energy Services, Inc., et al.* No. 16-12306 (BLS) (Bankr. D. Del. Oct. 25, 2016); *In re Halcon Resources Corp., et al.*, No. 16-11724 (BLS) (Bankr. D. Del. Jul. 29, 2016) (prepackaged plan, approving 22-day prepetition voting period for noteholders and equity security holders); *In re Offshore Group Inv. Ltd., et al.*, No. 15-12422 (BLS) (Bankr. D. Del. Dec. 4, 2015) (approving voting period of 29 days for institutional lenders and equity security holders); *In re RCS Capital Corp.*, Case No. 16-10223 (MFW) (Bankr. D. Del. Mar. 29, 2016) (approving voting period of 14 days for holders of first and second lien facility debt); *In re EveryWare Global, Inc.*, Case No. 15-10743 (LSS) (Bankr. D. Del. Apr. 9, 2015) (approving voting period of 14 days for holders of first lien term loan debt).

39.    Because the Solicitation Package clearly communicated the Voting Record Date and the Voting Deadline to Holders of Claims in the Voting Class, and because such Holders were given a reasonable amount of time to review, complete and return their

Ballots prior to the Voting Deadline in accordance with applicable law, the Debtors respectfully request that the Court approve the Voting Record Date and the Voting Deadline.

### iv.    Approval of Procedures for Vote Tabulation

40.    In tabulating the votes received pursuant to Ballots returned to the Voting Agent, the Voting Agent will utilize the following Tabulation Procedures:  (i) only Ballots received by the Voting Deadline will be counted; (ii) unsigned or illegible Ballots or Ballots that do not contain sufficient information to permit the identification of the holder of the Claim will not be counted; (iii) any Ballot that attempts to partially accept and partially reject the Plan will not be counted; (iv) Ballots sent to the Debtors, the Debtors' agents, financial advisors, legal advisors, or sent to the agents, indenture trustees for the Voting Class will not be counted, (v) any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent but that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted as a vote in determining acceptance or rejection of the Plan; (vi) any unofficial forms of Ballot will not be counted; (vii) any properly completed Ballot timely submitted by a Holder of Claims in a Voting Class will be deemed to supersede and revoke any prior Ballot(s) submitted by that Holder; (viii) Ballots sent by facsimile or other electronic means will not be counted; (ix) Ballots submitted by Holders not entitled to vote pursuant to the Plan will not be counted and (x) Holders of Claims will be required to vote their entire Claims to accept or reject the Plan (*i.e.*, no vote splitting).  The Debtors also retain the discretion to aggregate the Claims for Holders that had multiple Claims within the same Voting Class.  These Tabulation Procedures were clearly explained in the

Solicitation Package.  The Debtors respectfully submit that these Tabulation Procedures are appropriate and reasonable under the circumstances of these Chapter 11 Cases and should be approved.

> **v.    Non-Solicitation of Classes Deemed to Accept
> or Deemed to Reject the Plan**

41.    Section 1126(f) of the Bankruptcy Code provides that each holder of a claim or interest in an unimpaired class is "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to [any unimpaired] class . . . is not required." 11 U.S.C. § 1126(f).  Conversely, section 1126(g) of the Bankruptcy Code provides that "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the Plan on account of such claims or interests." 11 U.S.C. § 1126(g).  The Debtors' Plan provides that certain Classes of Claims against, and Equity Interests in, the Debtors are deemed to accept or reject the Plan (collectively, the "Non-Voting Holders") pursuant to the foregoing provisions of the Bankruptcy Code.  Specifically, the Plan provides that Holders of Claims and Equity Interests in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) are Unimpaired and presumed to accept the Plan. *See* Plan at Article III.A.  The Plan further provides that Holders of General Unsecured Claims in Class 4 and Holders of Equity Interests in Class 5 are not entitled to receive any property on account of their Equity Interests and, therefore, are deemed to reject the Plan.  Accordingly, the Debtors did not solicit votes to accept or reject the Plan from Holders of Claims and Equity Interests in each of the foregoing Classes of Non-Voting Holders.

42.    The Debtors hereby request a waiver of any requirement that they mail copies of the Plan and Disclosure Statement to Non-Voting Holders. Bankruptcy Rule 3017(d) requires transmission to creditors of a "disclosure statement approved by the court." Fed. R. Bankr. P. 3017(d). The Debtors respectfully submit that the requirement of Bankruptcy Rule 3017(d) does not apply where, as here, the process of soliciting acceptances and rejections of the plan commenced prior to the Petition Date and, thus, there is no disclosure statement that was "approved by the court" to transmit. Moreover, it would be a significant and unnecessary administrative burden and expense for the Debtors to transmit the Disclosure Statement and Plan to Non-Voting Holders. Accordingly, the Debtors request that the Court authorize them not to transmit a copy of the Disclosure Statement and other Solicitation Materials to the Holders of Claims and Equity Interests presumed to accept or reject the Plan.

43.    In lieu of transmitting the Disclosure Statement and other Solicitation Materials to Non-Voting Holders, the Debtors propose to send those Holders the Combined Notice, which contains a summary of the Plan and the treatment of such Holders' Claims and Equity Interests. The Combined Notice also provides instructions for obtaining a copy of the Plan and the Disclosure Statement. In addition, the Debtors have made the Plan and Disclosure Statement available at no cost on the Debtors' restructuring website at www.kccllc.com/fusemedia.

### vi.    Compliance with Non-Bankruptcy Securities Laws Applicable to Prepetition Solicitation

44.    Pursuant to section 1126(b) of the Bankruptcy Code, the votes of creditors solicited prior to the Petition Date are treated as post-petition votes to accept or reject the plan so

long as the pre-petition solicitation complied with applicable non-bankruptcy law, including

generally applicable federal and state securities laws or regulations, or, if no such laws exist, the

solicited holders receive "adequate information" within the meaning of Bankruptcy Code

section 1125(a).  11 U.S.C. § 1126(b).

45.    The Debtors respectfully submit that the pre-petition solicitation of votes

on the Plan from the sole Voting Class (Class 3 – Senior Secured Notes Claims) was exempt

from registration under the Securities Act and state securities laws (or "Blue Sky Laws"),

including, without limitation, pursuant to section 4(a)(2) and Regulation D promulgated

thereunder and similar Blue Sky Laws, and any similar rules, regulations, or statutes.  Section

4(a)(2) of the Securities Act exempts transactions by an issuer not involving any public offering,

and Regulation D provides a safe harbor under section 4(a)(2) for transactions that meet certain

requirements, including that investors participating therein qualify as "accredited investors"

within the meaning of U.S. securities laws.  The Debtors believe that all Holders of the Senior

Secured Notes Claims that are entitled to receive New Secured Debt and New Membership

Interests under the Plan are qualified institutional buyers or accredited investors.

46.    Debtors in this District frequently rely on section 4(a)(2) of the Securities

Act to exempt the prepetition solicitation of votes on a plan from the registration and disclosure

requirements of the Securities Act and state Blue Sky Laws.  *See, e.g.*, *In re Seventy Seven*

*Finance, Inc. et al.*, No. 16-11409 (LSS) (Bankr. D. Del. Jun. 8, 2016); *In re Hercules Offshore,*

*Inc.*, No. 15-11685 (KG) (Bankr. D. Del. Aug. 24, 2015) (approving solicitation procedures that

included section 4(a)(2) exemption); *In re Sorenson Communications, Inc.*, No. 14-10454 (BLS)

(Bankr. D. Del. Mar. 4, 2014) (same); *In re CHL Ltd.*, No. 12-12437 (KJC) (Bankr. D. Del. Oct.

4, 2012) (same); *In re Peak Broad., LLC*, No. 12-10183 (PJW) (Bankr. D. Del. Jan. 12, 2012)

(same); *In re Source Interlink Cos.*, No. 09-11424 (KG) (Bankr. D. Del. Apr. 29, 2009) (same);

*see also In re Revel AC, Inc.*, No. 13-16253 (JHW) (Bankr. D.N.J. Mar. 28, 2013) (same).

47.     Because the prepetition solicitation of the Voting Class was exempt from

applicable non-bankruptcy securities registration laws, and because, as discussed below, all

Holders in the Voting Class received "adequate information" as that term is used in section

1125(a) of the Bankruptcy Code, the Debtors respectfully submit that the Solicitation Procedures

satisfy the requirements of section 1126(b)(2) of the Bankruptcy Code.

**F.     Approval of the Disclosure Statement**[7]

48.     At the Combined Hearing, the Debtors will seek approval of the

Disclosure Statement.  Section 1125 of the Bankruptcy Code requires that a plan proponent

provide "adequate information" regarding the proposed plan to holders of impaired claims

and interests entitled to vote on the plan. 11 U.S.C. § 1125(b).  The Bankruptcy Code defines

"adequate information" as:

> Information of a kind, and in sufficient detail, as far as is
> reasonably practicable in light of the nature and history of the
> debtor and the condition of the debtor's books and records,
> including a discussion of the potential material Federal tax
> consequences of the plan to the debtor, any successor to the debtor,

---

[7] The Debtors are not seeking approval of the Disclosure Statement under section 1125(b) of the Bankruptcy Code as part of the Scheduling Order.  Because the Disclosure Statement was delivered to Holders of Claims entitled to vote on the Plan prior to the Petition Date, no approval of the Disclosure Statement is required at this time.  Instead, the Debtors will seek approval of the Disclosure Statement, including a finding that the Disclosure Statement contained "adequate information" as that term is used in section 1125 of the Bankruptcy Code, at the Combined Hearing.  Nonetheless, the Debtors offer the following argument in support of approval of the Disclosure Statement and reserve the right to supplement this argument in a future brief filed prior to the Plan/Disclosure Statement Reply Deadline.

> and a hypothetical investor typical of the holders of claims or
> interests in the case, that would enable such hypothetical investor
> of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(l).

49.    "Adequate information" is a flexible standard to be interpreted by the

Court, in its discretion, based on the facts and circumstances of the particular case. *Oneida*

*Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 417 (3d Cir. 1988) ("From the

legislative history of § 1125 we discern that adequate information will be determined by the

facts and circumstances of each case."); H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978

U.S.C.C.A.N. 5963, 6365 ("Precisely what constitutes adequate information in any particular

instance will develop on a case-by-case basis. Courts will take a practical approach as to

what is necessary under the circumstances of each case . . . ."); S. Rep. No. 95-989, at

121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will

necessarily be governed by the circumstances of the case.").

50.    The Disclosure Statement prepared by the Debtors and distributed to

holders of claims in Voting Class in this case contains comprehensive information regarding:

(a)    the Debtors' business operations;

(b)    the events leading to the commencement of the Chapter
11 Cases;

(c)    the Debtors' prepetition indebtedness;

(d)    the proposed capital structure of the Reorganized Debtors;

(e)    financial information relevant to voting creditors' decisions
to accept or reject the Plan;

(f)    a liquidation analysis projecting the estimated return that
Holders of Claims and Equity Interests would receive in a
hypothetical chapter 7 liquidation;

(g)    risk factors potentially affecting the Plan and the Debtors' businesses; and

(h)    certain securities laws matters, and the federal tax law consequences of the Plan.

The foregoing provides Holders of Claims in the Voting Class with ample information on which to base an informed decision regarding the Plan.  Accordingly, the Debtors submit that the Disclosure Statement contains "adequate information" and should be approved.

## G.    Confirmation of the Plan

51.    The Debtors will also seek confirmation of the Plan at the Combined Hearing.  No later than the Plan/Disclosure Statement Reply Deadline, the Debtors will file a brief in support of confirmation of the Plan that addresses the requirements for confirmation under the provisions of the Bankruptcy Code and the Plan's satisfaction of those requirements.

## H.    Conditional Waiver of the 341(a) Meeting and the Filing of SOFAs and Schedules

52.    The Debtors respectfully submit that the circumstances of these Chapter 11 Cases merit a conditional waiver of the requirements that (a) the U.S. Trustee convene a meeting of the Debtors' creditors under section 341(a) of the Bankruptcy Code (the "341(a) Meeting"), and (b) the Debtors file Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs").  This relief is appropriate under the circumstances because the Debtors anticipate prompt confirmation of the prepackaged Plan with the support of Holders of Senior Secured Notes Claims and subsequent emergence from chapter 11.

53.    Although section 341(a) of the Bankruptcy Code typically requires the

U.S. Trustee to convene and preside over a meeting of the Debtors' creditors, that requirement

can be waived under the circumstances present here.  Specifically, section 341(e) provides:

> Notwithstanding subsections (a) and (b), the court, on the request
> of a party in interest and after notice and a hearing, for cause may
> order that the United States trustee not convene a meeting of
> creditors or equity security holders if the debtor has filed a plan as
> to  which  the  debtor  solicited  acceptances  prior  to  the
> commencement of the case.

11 U.S.C. § 341(e).

54.    As discussed above, the Debtors began soliciting acceptances of the Plan

prior to the Petition Date and expect to receive acceptances from the requisite number of

creditors and amount of Claims in the Voting Class.  The Debtors intend to complete the Plan

confirmation process and emerge from Chapter 11 by June 2019.  Accordingly, the Debtors

submit that the meeting of creditors contemplated by section 341 of the Bankruptcy Code need

not be convened if the Debtors consummate the Plan on or before such date.

55.    The Debtors also request that the time for filing their Schedules and

SOFAs be extended until June 28, 2019 and be waived in the event the Plan is confirmed on or

prior to that date.  Pursuant to Local Rule 1007-1(b), the Debtors are already entitled to a thirty-

day extension of the requirement to file their Schedules and SOFAs because the Debtors have

more than 200 creditors.  The Court has authority to grant a further extension "for cause"

pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-l(b).  Here, cause exists to further

extend the deadline because requiring the Debtors to file Schedules and SOFAs would distract

the Debtors' management and advisors from the work of ensuring a smooth transition into these

Chapter 11 Cases and prompt confirmation of the Plan.  Given the accelerated confirmation

timeline in these Chapter 11 Cases, the Schedules and SOFAs also would be of limited utility to

most parties in interest -- the Debtors have already begun the process of soliciting acceptances of

the Plan from creditors in the Voting Class.  The minimal benefit of requiring the Debtors to

prepare the Schedules and SOFAs will be significantly outweighed by the substantial

expenditure of time and resources the Debtors will be required to devote to the preparation and

filing of the documents.  For these reasons, the Court should only potentially require the Debtors

to file SOFAs and Schedules if the Plan is not consummated on or before June 28, 2019.

56.    Courts in this District have frequently waived the requirements for the

U.S. Trustee to convene a 341(a) Meeting and for a debtor to file Schedules and SOFAs in other

prepackaged chapter 11 cases. *See e.g., In re Keystone Tube Co., LLC, et al.*, No. 17-11330

(LSS) (Bankr. D. Del. June 20, 2017); *In re Key Energy Services, Inc., et al.* No. 16-12306

(BLS) (Bankr. D. Del. Oct. 25, 2016); *In re Halcon Resources Corp., et al.*, No. 16-11724 (BLS)

(Bankr. D. Del. Jul. 29, 2016); *In re RCS Capital Corp.*, No. 16-10223 (MFW) (Bankr. D. Del.

Mar. 29, 2016) (ECF No. 423); *In re Offshore Group Inv. Ltd.*, No. 15-12422 (BLS) (Bankr. D.

Del. Dec. 4, 2015) (ECF No. 37); *In re Otelco Inc.*, No. 13-10593 (MFW) (Bankr. D. Del. Mar.

26, 2013 and Apr. 18, 2013) (ECF Nos. 43 & 107); *In re Dex One Corp.*, No. 13-10533 (KG)

(Bankr. D. Del. Mar. 19, 2013) (ECF No. 64); *In re Supermedia, Inc.*, No. 13-10545 (KG)

(Bankr. D. Del. Mar. 19, 2013) (ECF No. 45); *In re CHL, Ltd.*, No. 12-12437 (KJC) (Bankr. D.

Del. Aug. 31, 2012) (ECF No. 58).  For the reasons discussed above, similar relief is appropriate

in these Chapter 11 Cases as well.

57.    Accordingly, the Debtors respectfully request that the Proposed Scheduling Order provide that if the Plan is consummated on or before June 28, 2019, the 341 Meeting will be waived and the Debtors will be excused from filing the SOFAs and Schedules, in each case without further order of the Court.

58.    The Debtors ask that the requested relief be granted without prejudice to the Debtors' ability to seek further extension or modification of the requirements for the U.S. Trustee to convene a 341(a) meeting and for the Debtors to file Schedules and SOFAs. The Debtors also request that the Court authorize the Debtors to further extend the deadline to convene a 341(a) Meeting and file Schedules and SOFAs without filing a supplemental motion, and without further order from the Court, provided that the Debtors obtain the advance consent of the U.S. Trustee.

## Request for Bankruptcy Rule 6004 Waivers

59.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of an order granting the relief requested herein pursuant to Bankruptcy Rules 3020(e), 6004(h), 9014, or otherwise.

## Notice

60.    The Debtors will provide notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' largest unsecured creditors (on a consolidated basis); (c) counsel to the Senior Secured Notes Trustee; and (d) counsel to the Supporting Noteholders. As the Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Local Rule 9013-1(m). The

Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

<u>**No Prior Request**</u>

61.    No prior request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Scheduling Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:    April 22, 2019

PACHULSKI STANG ZIEHL & JONES LLP

By: *James E O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Ira D. Kharasch (CA Bar No. 109084)
James E. O'Neill (DE Bar 4042)
Maxim B. Litvak (CA Bar No. 215852)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel:  (302) 652-4100
Fax: (302) 652-4400
E-mail:  rpachulski@pszjlaw.com
        ikharasch@pszjlaw.com
        joneill@pszjlaw.com
        mlitvak@pszjlaw.com

Proposed Attorneys for Debtors and Debtors in Possession