IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FUSE, LLC, *et al.*,[1] | ) | Case No.: 19-10872 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER
UNDER SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO THE DEBTORS AND
DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the

"Debtors" or the "Company") hereby move the Court for entry of an order, in the form attached

hereto as **Exhibit A**, under Sections 327(a) and 328(a) of chapter 11 of title 11 of the U.S. Code

(the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") authorizing the employment and retention of the consulting firm of FTI Consulting, Inc.,

together with its wholly owned subsidiaries, agents, and independent contractors (collectively

"FTI"), as financial advisors for the Debtors in these chapter 11 cases  (the "Chapter 11 Cases")

to perform certain bankruptcy and financial advisory consulting services.  In support of this

application (the "Application"), the Debtors respectfully state as follows:

**Background**

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include:  Fuse Media, Inc. (9721); Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distribution, LLC (9656); Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500). The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

1.      On the Petition Date, the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

2.      The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Miguel Roggero in Support of First Day Motions* (the "First Day Declaration")[2] filed concurrently herewith and fully incorporated herein by reference.

## Venue and Jurisdiction

3.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief sought herein are sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules, and rules 2014-1 and 2016-2 of the Local Rules.

## Relief Requested

5.      By this Application, the Debtors seek to employ and retain FTI pursuant to sections 327(a) and 328(a) of the Bankruptcy Code to perform certain bankruptcy and financial advisory consulting services for the Debtors in these Chapter 11 Cases, *nunc pro tunc* to the Petition Date.

6.      The Debtors are familiar with the professional standing and reputation of FTI. The Debtors understand that FTI has a wealth of experience in providing financial advisory

2

services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

7.      Commencing in May of 2017, the Debtors engaged FTI to provide certain restructuring services.  Immediately prior to the Petition Date, the Debtors and FTI executed an engagement letter pursuant to which FTI would provide services to the Debtor effective upon the filing by the Debtors of the Chapter 11 Cases (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit B**.  Since its initial engagement, FTI has developed significant institutional knowledge regarding the Debtors' operations, finance and systems.  Such experience and knowledge will be valuable to the Debtors in their efforts to reorganize.  Accordingly, the Debtors wish to retain FTI to provide financial advisory services during the Chapter 11 Cases.

8.      Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment."  11 U.S.C. § 328(a).  The Debtors believe that under the facts and circumstances of these Chapter 11 Cases, the retention of FTI as financial advisor is reasonable, appropriate, and in the best interests of the Debtors and their estates.  Further, FTI is well qualified and able to represent the Debtors in a cost-effective, efficient and timely manner.

### Scope of Services

9.      FTI will provide such consulting and advisory services as FTI and the Debtors deem appropriate and feasible in order to advise the Debtors in the course of these chapter 11 cases, including but not limited to the following:

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the First Day Declaration.

DOCS_DE:222902.5 29402/001

**Restructuring Services**

FTI will continue to provide restructuring services ("Restructuring Services"), including the following:

- Preparation and negotiation of one or more restructuring term sheets and proposals

- Assisting the Company and the Company with the Company's ongoing restructuring diligence process, including:

  o Preparation of diligence materials
  o Creation, population and management of a digital data room
  o Response to parties' diligence questions and follow up requests

- Participating in restructuring negotiations with various parties including equity holders, bondholders, trade creditors, and other parties as deemed necessary

- Preparation, updating and variance reporting of a 13-week cash flow forecast in support of cash collateral negotiations and for any required debtor-in-possession financing, including the implications of various restructuring scenarios

- Valuation and market analysis, as requested by the Company or its counsel.

**Bankruptcy Services**

FTI will continue to provide bankruptcy services ("Bankruptcy Services"), including the following:

- Assisting the Company in implementing all first-day and second-day orders

- Assistance with cash management and reporting as required by creditors and the court

- Assisting the Company and counsel in preparing required motions throughout the course of the cases

- Responding to creditor groups and vendors throughout the cases

- Assisting the Company in developing and implementing external and internal communications strategies and plans

- Assisting the Company and its counsel in preparation and updating of one or more Chapter 11 plans, disclosure statements and plan supplements

- Assisting the Company and its counsel in drafting plan documents

- Assisting the Company and its counsel in the financial analysis of potential avoidance actions

- If requested by the Company, preparation of the Company's statement of financial affairs (SOFA) and schedules of assets and liabilities (SOAL), it being understood that FTI shall not be required to prepare SOFA or SOAL unless requested by the Company but may be

4

requested by the Company to review SOFA and/or SOAL prepared by the employees of the Company

- If requested by the Company, analysis and preparation of the Company's objections to proofs of claim filed by case parties, it being understood that FTI shall not be required to prepare claim analyses or objections unless requested by the Company but may be requested by the Company to review claim analyses or objections prepared by the employees of the Company

- Providing testimony and other litigation support as the circumstances warrant

- Such other bankruptcy advisory services as are customary for this type of engagement

## FTI's Disinterestedness

10.    FTI has informed the Debtors that, except as may be set forth in the Declaration of Michael Katzenstein (the "Katzenstein Declaration"), attached hereto as **Exhibit C**, it (i) has no connection with the Debtors, its creditors or other parties in interest in this case, (ii) does not hold any interest adverse to the Debtors' estates; and (iii) believes it is a "disinterested person" as defined within Section 101(14) of the Bankruptcy Code.

11.    FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered or arise, FTI will supplement its disclosure to the Court.

12.    FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## Terms of Retention

13.    FTI is not owed any amounts with respect to its prepetition fees and expenses.

14.    The Company shall pay FTI's fees and reimburse FTI's expenses incurred in providing the Services as follows:

5

a)  Restructuring Services

Fees for the Restructuring Services will be comprised of the following:

(i)  *Monthly Restructuring Fees*:  The Company shall pay FTI in advance a nonrefundable cash fee of $75,000 for each month of Restructuring Services ("Monthly Restructuring Fee"); provided, however, that in the event services are not provided by FTI for an entire calendar month on account of a termination of this Agreement or the consummation of a Restructuring Transaction (as defined below), the Monthly Restructuring Fee shall be prorated through the date of such termination or consummation of a Restructuring Transaction (the "Prorated Amount").  Each installment of Monthly Restructuring Fee shall be earned upon FTI's receipt thereof in consideration of FTI accepting this engagement and performing services as described herein.  The first monthly billing period for postpetition Monthly Restructuring Fees shall commence on May 4, 2019 to give the Company the benefit of having paid monthly advance fees under the Prior Engagement Agreement.

(ii)  *Restructuring Performance Fee*: In addition to the other fees provided for herein, the Company agrees to pay FTI a performance fee of $1,500,000 (the "Restructuring Performance Fee") upon completion of a restructuring of a substantial portion of the obligations of the Company and/or one or more of its subsidiaries, the sale of a majority of the assets of the Company and/or one or more of its subsidiaries, confirmation of a pre-packaged or other Chapter 11 plan in respect of the Company and/or one or more of its subsidiaries (including a plan of reorganization of Fuse LLC and one or more of its subsidiaries that that does not include Fuse Media, Inc. or Fuse Media LLC), the closing of a sale of a majority of the assets of the Company and/or one or more of its subsidiaries pursuant to a Chapter 11 plan or otherwise, any merger of the Company and/or one or more of its subsidiaries with another entity, pursuant to a Chapter 11 plan or a transaction approved by the Bankruptcy Court, whereby the current holders of the equity securities of the Company cease to control the merged entity, or any combination of the foregoing (a "Restructuring Transaction").

b)  Bankruptcy Services

FTI's fees for Bankruptcy Services shall be in addition to fees charged for the Restructuring Services and shall be based on the time incurred providing the Bankruptcy Services, multiplied by our standard hourly rates.

|  | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $895 - 1,195 |
| Directors / Senior Directors / Managing Directors | $670 -   880 |
| Consultants/Senior Consultants | $355 -   640 |
| Administrative / Paraprofessionals | $145 -   275 |

c)  Expenses

In addition to the fees outlined above, FTI will bill for reasonable allocated and direct expenses which are likely to be incurred on your behalf during this Engagement.  Allocated expenses include the cost of items which are not billed directly to the engagement but are incurred centrally, including out-of-pocket costs for data services and research materials which FTI subscribes to that we expect to use on your engagement, copying, phone charges,

6

and other overhead expenses that are not billed through as direct reimbursable expenses and are calculated at 6.0% of FTI's fees as described above. Direct expenses include reasonable and customary out-of-pocket expenses which are billed directly to the engagement such as internet access, telephone, overnight mail, messenger, travel, meals, accommodations and other expenses specifically related to this engagement. Further, if FTI and/or any of its employees are required to testify or provide evidence at or in connection with any judicial or administrative proceeding relating to this matter, FTI will be compensated by you at its regular hourly rates and reimbursed for reasonable allocated and direct expenses (including counsel fees) with respect thereto.

15.     FTI's hourly rates are generally revised periodically. To the extent this engagement requires services of FTI's international divisions or personnel, the time will be multiplied by our standard hourly rates applicable on International engagements.

### Indemnification Provisions

16.     The Engagement Letter (including its Standard Terms and Conditions) governs the postpetition engagement of FTI. The indemnification provisions set forth in the Engagement Letter are subject during the pendency of the Debtors' bankruptcy cases to the following:

(a)     subject to the provisions of subparagraph (b), infra, the Debtors are authorized to indemnify, and shall indemnify, FTI in accordance with the Engagement Letter for any claim arising from related to or in connection with the services provided for, whether prepetition or postpetition, in the Engagement Letter;

(b)     Notwithstanding any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify FTI or provide contribution or reimbursement to FTI for any claim or expense that is either (i) judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of FTI, or (ii) settled prior to a judicial determination as to FTI's willful misconduct, gross negligence, bad faith or self-

7

dealing, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which FTI should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter; and

(c)   If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, FTI must file an application therefore in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by FTI and not a provision limiting the duration of the Debtors' obligation to indemnify FTI.

## Basis for Relief

17.   Section 327(a) of the Bankruptcy Code provides that a debtor is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [Debtors] in carrying out their duties under this title." 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or

8

representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

Additionally, section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the

Debtors "with the court's approval, may employ or authorize the employment of a professional

person under section 327 . . . on any reasonable terms and conditions of employment, including

on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis .

. . ." 11 U.S.C. § 328(a). Accordingly, section 328(a) of the Bankruptcy Code permits the

compensation of financial advisory firms on more flexible terms that reflect the nature of their

services and market conditions.

18.     The Court's approval of FTI's retention in accordance with the terms and

conditions of the Engagement Letter is warranted. First, the requirements of section 327 of the

Bankruptcy Code are satisfied. FTI has extensive experience and an excellent reputation in

providing high-quality financial advisory services to debtors and creditors in bankruptcy

reorganizations, mergers and acquisitions, and other restructurings. FTI has become familiar

with the Debtors' business operations, capital structure, financing documents, and other material

information and is able to assist the Debtors and is well qualified to provide its services in a cost-

effective, efficient, and timely manner. Furthermore, as set forth in the Katzenstein Declaration,

FTI does not hold or represent an interest adverse to these estates and is disinterested.

19.     Second, the Debtors believe that the fees set forth in the Engagement

Letter are market-based, fair, and reasonable under the standards set forth in section 328(a) of the

Bankruptcy Code. The fees reflect FTI's commitment to the variable level of time and effort

necessary to perform services set forth in the Engagement Letter, FTI's particular expertise, and

the market prices for FTI's services for engagements of this nature both out of court and in a

chapter 11 context.

9

20.     As the United States Court of Appeals for the Fifth Circuit recognized in

*In re National Gypsum Co.*, 123 F.3d 861 (5th Cir. 1997):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done.  That uncertainty continues under the present section 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc.  Under present section 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

*Id.* at 862 (citations omitted).

21.     Owing to this inherent uncertainty, courts in this and other jurisdictions have approved similar arrangements to the fees proposed herein under section 328 of the Bankruptcy Code.  *See, e.g., In re Vertis Holdings, Inc.*, No. 12-12821 (CSS) (Bankr. D. Del. Nov. 20, 2012) (approving a flexible fee structure and engagement letter under section 328 on the grounds that both were reasonable); *In re Neb. Book Co.*, No. 11-12005 (PJW); (Bankr. D. Del. Aug. 10, 2011) (same); *In re Appleseed's Intermediate Holdings LLC*, No. 11-10160 (KG) (Bankr. D. Del. Feb. 23, 2011) (same); *In re Local Insight Media Holdings, Inc.*, No. 10-13677 (KG) (Bankr. D. Del. Dec. 20, 2010) (same); *In re Landsource Cmtys. Dev.* LLC, No. 08-11111 (KJC) (Bankr. D. Del. Aug. 27, 2008) (same); *see also In re AMR Corp.*, No. 11-15463 (SHL) (Bankr. S.D.N.Y. Mar. 26, 2012) (same); *In re United Retail Grp., Inc.*, No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 23, 2012) (same).

22.     Furthermore, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended section 328(a) of the Bankruptcy Code which provides as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

10

11 U.S.C. § 328(a) (emphasis added).  This change makes clear that debtors are able to retain a professional on a fixed fee basis and an hourly fee basis with bankruptcy court approval, such as provided herein.

12.    Third, the indemnification provisions are reasonable under the circumstances and reflect market conditions, and accordingly should be approved under section 328 of the Bankruptcy Code.  *See, e.g., In re United Artists Theatre Co. v. Walton*, No. 01-1351, 315 F.3d 217 (3rd Cir. 2003) (approving indemnification for investment banker and financial advisor where the indemnity clause, including a carve out for gross negligence, was "reasonable" and therefore, permissible under the Bankruptcy Code).  Courts in this jurisdiction have approved similar provisions to the indemnification provisions in other large chapter 11 cases.  *See, e.g., In re Allied Nevada Gold Corp.*, No. 15-10503 (MFW) (Bankr. D. Del. April 15, 2015); *In re GSE Environmental, Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. May 30, 2014); *In re MACH Gen, LLC*, No. 14-10461 (MFW) (Bankr. D. Del. Apr. 11, 2014); *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS) (Bankr. D. Del. Mar. 25, 2014); *In re OSH 1 Liquidating Corp. f/k/a Orchard Supply Hardware Stores Corp.*, No. 13-11565 (CSS) (Bankr. D. Del. July 15, 2013); *In re Appleseed's Intermediate Holdings LLC*, No. 11-10160 (KG) (Bankr. D. Del. Feb. 23, 2011); *In re Int'l Aluminum Corp.*, No. 10-10003 (MFW) (Bankr. D. Del. Jan. 27, 2010).

13.    Fourth, *nunc pro tunc* relief is warranted and bankruptcy courts may approve a professional's valuable services, as rendered here, retroactively.  FTI has provided, and will continue to provide, valuable services to the Debtors. *See In re Arkansas*, 798 F. 2d 645 (3d Cir. 1986) (holding that bankruptcy courts have the power to grant retroactive approval of the employment of professionals under their broad equity power); *In re Singson*, 41 F.3d 316

11

(7th Cir. 1994) (rejecting the "extraordinary circumstance" requirement for granting nunc pro tunc relief); In re Atkins, 69 F.3d 970 (9th Cir. 1995) (stating that bankruptcy courts "possess the equitable power to approve retroactively a professional's valuable but unauthorized services" by granting nunc pro tunc relief); *In re Jarvis*, 53 F.3d 416 (1st Cir. 1995) (holding that post facto applications for professional services are allowed under section 327(a) of the Bankruptcy Code).

14.    Courts routinely grant nunc pro tunc relief in this jurisdiction. *See, e.g., In re Allied Nevada Gold Corp.,* No. 15-10503 (MFW) (Bankr. D. Del. April 15, 2015)*; In re GSE Environmental, Inc.,* No. 14-11126 (MFW) (Bankr. D. Del. May 30, 2014) (granting nunc pro tunc relief); *In re MACH Gen, LLC,* No. 14-10461 (MFW) (Bankr. D. Del. Apr. 11, 2014); *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS) (Bankr. D. Del. Mar. 25, 2014) (same); *In re Vertis Holdings, Inc.*, No. 12-12821 (CSS) (Bankr. D. Del. Nov. 20, 2012) (same); *In re WP Steel Venture LLC*, No. 12-11661 (KJC) (Bankr. D. Del. Sept. 18, 2012) (same); *In re Ritz Camera & Image, L.L.C.*, No. 12-11868 (KG) (Bankr. D. Del. July 27, 2012) (same).

## Notice

15.    The Debtors will provide notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the Supporting Senior Secured Noteholders; (c) the Senior Secured Notes Trustee; (d) the Debtors' thirty largest unsecured creditors on a consolidated basis; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of service. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

12

DOCS_DE:222902.5 29402/001

13

## **No Prior Request**

16.    No prior Application for the relief requested herein has been made to this

or any other Court.

13

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain FTI as financial advisors for the Debtors for the purposes set forth above, *nunc pro tunc* to the Petition Date, and grant such further relief as is just and proper.

FUSE, LLC, *et al.*

Dated: April 22, 2019

By: _____
Miguel Roggero
Chief Financial Officer