# **Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FUSE, LLC, *et al.*,[1] | Case No. 19-10872 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING
COMBINED HEARING ON (A) ADEQUACY OF DISCLOSURE STATEMENT,
(B) CONFIRMATION OF PREPACKAGED PLAN OF REORGANIZATION, AND
(C) THE ASSUMPTION OF EXECUTORY CONTRACTS AND CURE AMOUNTS;
(II) FIXING THE DEADLINES TO OBJECT TO DISCLOSURE STATEMENT,
PREPACKAGED PLAN, AND PROPOSED ASSUMPTION OR REJECTION OF
EXECUTORY CONTRACTS AND CURE AMOUNTS; (III) APPROVING
(A) PREPETITION SOLICITATION PROCEDURES AND (B) FORM AND MANNER
OF NOTICE OF COMMENCEMENT, COMBINED HEARING, ASSUMPTION
OF EXECUTORY CONTRACTS AND CURE AMOUNTS RELATED THERETO,
AND OBJECTION DEADLINES; (IV) CONDITIONALLY
(A) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE
SECTION 341(a) MEETING OF CREDITORS AND (B) WAIVING REQUIREMENT OF
FILING STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS
AND LIABILITIES; AND (V) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") submit this motion (this "Motion") for entry of an order (i) scheduling a combined

hearing on (a) the adequacy of the Disclosure Statement (as defined below), (b) confirmation of

the prepackaged Plan (as defined below), and (c) the proposed assumption or rejection of

executory contracts and cure amounts; (ii) fixing the deadlines to object to the Disclosure

Statement, Plan, and proposed assumption or rejection of executory contracts and cure amounts;

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include:  Fuse Media, Inc. (9721);
Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distribution, LLC (9656);
Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500).
The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

*For the avoidance of doubt, Debtors Fuse Media, Inc. and Fuse Media, LLC are not proponents of the Plan and
the provisions of the Plan shall not extend to those entities.*

DOCKET # 12

DATE 4-23-19

(iii) approving (a) the prepetition solicitation procedures and (b) the form and manner of notice

of commencement, combined hearing, assumption or rejection of executory contracts and cure

amounts, and objection deadlines; (iv) conditionally (a) directing the U.S. Trustee (as defined

below) not to convene a meeting of creditors pursuant to section 341(a) of title 11 of the United

States Code (the "Bankruptcy Code") and (b) waiving the requirement to file statements of

financial affairs and schedules of assets and liabilities; and (v) granting related relief.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the District of*

*Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28

U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection

with this Motion to the extent that it is later determined that the Court, absent consent of the

parties, cannot enter final orders or judgments in connection herewith consistent with Article III

of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105, 341,

1125, 1126, and 1128 of the Bankruptcy Code, Rules 1007, 2002, 2003, 3016, 3017, 3018, 3020,

and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local

Rules 1007-1, 3017-1, 3017-2, and 9006-1.

### Background

4.       On the date hereof (the "Petition Date"), the Debtors each filed with this

Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are

operating their businesses and managing their properties as debtors and debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.       The factual background regarding the Debtors, including their current and

historical business operations and the events precipitating the chapter 11 filing, is set forth in

detail in the *Declaration of Miguel Roggero in Support of First Day Motions* (the "First Day

Declaration") filed concurrently herewith and fully incorporated herein by reference.

### Relief Requested

6.       By this Motion, pursuant to sections 105, 341, 1125, 1126, and 1128 of the

Bankruptcy Code, Bankruptcy Rules 1007, 2002, 2003, 3016, 3017, 3018, 3020, 9006, and Local

Rules 1007-1, 3017-1, 3017-2, and 9006-1, the Debtors seek entry of an order:

> (a)     Scheduling a combined hearing (the "Combined
> Hearing") to consider (i) approving the adequacy of the
> *Disclosure Statement for the Debtors' Prepackaged
> Joint Plan of Reorganization* (as may be amended,
> modified or supplemented from time to time
> the "Disclosure Statement"),[2] (ii) confirmation of the
> *Debtors' Prepackaged Joint Plan of Reorganization* (as
> may be amended, modified, or supplemented from time
> to time, the "Plan"),[3] and (iii) the proposed assumption or

---

[2]  The Disclosure Statement (with the Plan attached as an exhibit thereto) has been filed contemporaneously with this Motion.

[3]  Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

rejection of executory contracts, unexpired leases and any related cure costs in connection therewith (the "Cure Amounts");

(b)    Establishing the deadline (the "Plan/Disclosure Statement Objection Deadline") to object to the adequacy of the Disclosure Statement and confirmation of the Plan;

(c)    Establishing the deadline (the "Executory Contract Objection Deadline" and, together with the Plan/Disclosure Statement Objection Deadline, the "Objection Deadlines") to object to the proposed assumption or rejection of Executory Contracts and Unexpired Leases and any related Cure Amounts;

(d)    Approving the prepetition Solicitation Procedures (as defined below), including the forms of Ballots (as defined below);

(e)    Approving the form and manner of notice of the commencement of the Chapter 11 Cases, the Combined Hearing, the assumption of Executory Contracts and Unexpired Leases, Cure Amounts, and the Objection Deadlines;

(f)    Conditionally (i) directing the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") not to convene an initial meeting of creditors under section 341(a) of the Bankruptcy Code, and (ii) waiving the requirement that the Debtors file statements of financial affairs and schedules of assets and liabilities; and

(g)    Granting related relief.

7.    A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "Proposed Scheduling Order").

8.    The following table identifies the key dates relevant to the Solicitation Procedures:

| Proposed Timetable | |
|---|---|
| Voting Record Date | April 5, 2019 (prepetition) |
| Commencement of Solicitation | April 18, 2019 (prepetition) |
| Voting Deadline | May 9, 2019, at 4:00 p.m. (prevailing Eastern Time) (prepetition) |
| Plan Supplement Filing Date[4] | Five (5) Business Days prior to the Combined Hearing |
| Proposed Plan/Disclosure Statement Objection Deadline | Five (5) Business Days prior to the Combined Hearing, at 4:00 p.m. (prevailing Eastern Time) |
| Proposed Executory Contract Objection Deadline | Five (5) Business Days prior to the Combined Hearing, at 4:00 p.m. (prevailing Eastern Time) |
| Proposed Plan/Disclosure Statement Reply Deadline | Three (3) Business Days prior to the Combined Hearing |
| Proposed Combined Hearing Date | First week of June 2019 |

9.      For ease of reference, the following table summarizes the attachments and

exhibits cited in this Motion:

| Pleading | Exhibit |
|---|---|
| Proposed Scheduling Order | **Exhibit A** to this Motion |
| Proposed Combined Notice | Exhibit 1 to the Proposed Scheduling Order |
| Proposed Assumption and Cure Notice | Exhibit 2 to the Proposed Scheduling Order |
| Form of Master and Beneficial Holder Ballots for Class 3 – Senior Secured Notes Claims | Exhibit 3 to the Proposed Scheduling Order |

## The Prepackaged Plan

10.      Prior to the Petition Date, the Debtors engaged in good-faith, arm's length

negotiations with certain of their largest noteholders regarding the terms of a potential financial

restructuring.  After months of negotiations, the Debtors, in consultation with their advisors,

---

[4] An initial version of the Plan Supplement was included in the prepetition solicitation materials and has been filed contemporaneously with this Motion.

reached agreement on the terms of the Plan with the Supporting Noteholders, representing approximately 82.5% of the aggregate outstanding amount of the Senior Secured Notes Claims.

11.     The Debtors believe that the Plan is the best restructuring alternative reasonably available to the Debtors.  The Plan represents a significant achievement for the Debtors and should greatly enhance their ability to reorganize successfully and expeditiously. The Plan will also provide an efficient restructuring through the prepackaged process, which is designed to minimize disruption to the Debtors' business endeavors, stabilize the Debtors' balance sheet, and provide a platform for renewed success.  Through confirmation of the Plan, the Debtors will restructure and deleverage their balance sheet, reduce their cash interest expense to a level that is aligned with their expected future cash flows, and retain additional flexibility to invest in growth initiatives to maximize enterprise value.  With respect to the Debtors' Litigation Claims, a new Fuse Litigation Trust will be created in order to evaluate and pursue any viable Litigation Claims of the Estates.  For all of these reasons, the Debtors believe that they will have sufficient liquidity during the course of the Chapter 11 Cases and will be well positioned going forward.

12.     The Debtors intend to move promptly towards confirmation of the Plan and to exit bankruptcy as quickly as possible in order to minimize any potential adverse impact of the bankruptcy filing on the Debtors' business.  The Debtors believe that the proposed Plan is in the best interests of the Debtors' creditors and will maximize the value of these estates.

**The Prepetition Solicitation**

13.     The Debtors commenced solicitation of votes to approve the Plan (the

"Solicitation") on April 18, 2019.  In connection with the Solicitation, the Debtors' notice and

voting agent, Kurtzman Carson Consultants LLC ("KCC" or the "Voting Agent")[5] caused the

Disclosure Statement, Plan, Plan Supplement, and appropriate Ballot to be delivered to the

Holders of Class 3 Senior Secured Notes Claims.  The Debtors also served the brokers, dealers,

commercial banks, trust companies, or other agents or nominees with respect to Class 3

(collectively, "Nominees") through which certain Holders of Class 3 Senior Secured Notes

Claims hold their respective securities.  Holders of Claims in Class 3 are the only class of Claims

impaired and entitled to vote under the Plan (the "Voting Class").  The Debtors established May

9, 2019 at 4:00p.m. (prevailing Eastern Time) as the deadline (the "Voting Deadline") for the

receipt of votes from the Holders of Claims in the Voting Class.

**Basis for Relief**

A.     **Scheduling a Combined Hearing**

14.     By this Motion, the Debtors respectfully request that the Court schedule

the Combined Hearing to consider approval of the Disclosure Statement, confirmation of the

Plan, and approval of the proposed assumption or rejection of Executory Contracts, which

hearing would be held, subject to the Court's schedule, during the first week of June 2019 (the

"Proposed Combined Hearing Date").

---

[5]  Contemporaneously with the filing of this Motion, the Debtors have applied for authority to retain KCC as their
noticing and voting agent.

15.    Bankruptcy Rule 3017(a) provides in relevant part that "the court shall hold a hearing on at least twenty-eight (28) days' notice to consider the disclosure statement and any objections or modifications thereto." Fed. R. Bankr. Proc. 3017(a). Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the Court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a). Finally, section 105(d)(2)(B)(vi) of the Bankruptcy Code provides specific authority for the Court to combine the hearing on approval of the Disclosure Statement with the hearing to consider confirmation of the Plan. 11 U.S.C. § 105(d)(2)(B)(vi).

16.    The scheduling of the Combined Hearing on the Proposed Combined Hearing Date is in the best interest of the Debtors and their respective estates and stakeholders. The Proposed Combined Hearing Date will enable the Debtors to promptly effectuate confirmation and consummation of the Plan.

17.    In addition, the Proposed Combined Hearing Date, which the Debtors propose to set approximately thirty-five (35) days after the date of service of notice, will provide parties in interest with the requisite notice prescribed under Bankruptcy Rule 3017(a), as addressed further below. A combined hearing on the timeline proposed in this Motion is also consistent with the practice in other prepackaged cases in this District. *See, e.g., In re Keystone Tube Co., LLC, et al.*, No. 17-11330 (LSS) (Bankr. D. Del. June 20, 2017); *In re Key Energy Services, Inc., et al.,* No. 16-12306 (BLS) (Bankr. D. Del. Oct. 25, 2016); *In re Halcon Resources Corp., et al.,* No. 16-11724 (BLS) (Bankr. D. Del. Jul. 29, 2016) (setting combined hearing for 41 days after service of notice); *In re RCS Capital Corp.,* Case No. 16-10223 (MFW)

(Bankr. D. Del. Mar. 29, 2016) (setting combined hearing for 34 days after service of notice); *In re Cubic Energy, Inc.,* Case No. 15-12500 (CSS) (Bankr. D. Del. Jan. 12, 2016) (setting combined hearing for 35 days after filing of notice); *In re Offshore Group Inv. Ltd., et al.,* No. 15-12422 (BLS) (Bankr. D. Del. Dec. 4, 2015) (setting combined hearing for 41 days after filing of notice).

18.     Accordingly, the Debtors respectfully request that the Court enter the Proposed Scheduling Order, pursuant to section 105(d)(2)(B)(vi) of the Bankruptcy Code, setting the Combined Hearing for the first week of June 2019 and providing that the Combined Hearing may be continued from time to time without further notice other than an announcement in open court on the adjourned date or in the filing of a notice or a hearing agenda in these Chapter 11 Cases, and that notice of such adjourned date(s) will be available on the electronic case filing docket.

**B.     Establishing Deadline and Procedures for Objections to
Approval of the Disclosure Statement and Confirmation of the Plan**

19.     Bankruptcy Rule 3017(a) authorizes the Court to fix a deadline for the filing of objections to the adequacy of the Disclosure Statement and confirmation of the Plan. Fed. R. Bankr. Proc. 3017(a).  Bankruptcy Rule 2002(b) requires that creditors receive at least twenty-eight (28) days' notice of the Plan/Disclosure Statement Objection Deadline.  Fed. R. Bankr. Proc. 2002(b).

20.     The Debtors request that the Court set the Plan/Disclosure Statement Objection Deadline five (5) Business Days prior to the Combined Hearing, at 4:00 p.m. (prevailing Eastern Time).  This date will be at least twenty-eight (28) days after the date on

which Debtors would provide notice.  The Debtors further request that the Court fix three (3)

Business Days prior to the Combined Hearing Date, as the deadline for the Debtors and other

Plan supporters to file replies to any timely-filed objections or responses to any objections filed

in respect of the Plan or Disclosure Statement (the "Plan/Disclosure Statement Reply Deadline").

21.    The Debtors' proposed timeline will afford holders of Claims and Equity

Interests ample notice of the Plan/Disclosure Objection Deadline.  It will also provide the

Debtors and other Plan supporters adequate time to consider any objections to the Disclosure

Statement or confirmation of the Plan and address those objections through responsive briefs,

modifications to the Plan, or otherwise.

22.    The Debtors also request that the Court direct that any responses or

objections to the adequacy of the Disclosure Statement or confirmation of the Plan:

(a)    be in writing;

(b)    conform to the applicable Bankruptcy Rules and the Local Rules;

(c)    set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor;

(d)    be filed with the Court, together with a proof of service, on or before the Plan/Disclosure Objection Deadline; and

(e)    be served on the following parties: (i) Debtors, Fuse, LLC, 700 North Central Avenue, Suite 600, Glendale, CA 91203 (Attn: Miguel Roggero); (ii) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Richard M. Pachulski, Ira D. Kharasch, Maxim B. Litvak, and James E. O'Neill); (iii) counsel to the Senior Secured Notes Trustee, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007 (Attn: Andrew N. Goldman, Esq.); (iv) counsel to the Supporting Noteholders, Fried, Frank, Harris, Shriver &

Jacobson LLP, One New York Times Plaza, New York, NY 10004 (Attn: Brad Eric Scheler, Jennifer Rodburg, Andrew M. Minear) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Michael J. Merchant); and (v) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, DE 19801 (the "Notice Parties").

23.     The relief requested herein is consistent with the requirements of the Bankruptcy Code and the Bankruptcy Rules and is designed to facilitate a prompt and efficient completion of this consensual restructuring provided under the Plan.

**C.     Approval of Form and Manner of Notice of the Commencement of the Chapter 11 Cases, the Combined Hearing, Assumption of Executory Contracts and Cure Amounts, and the Objection Deadlines**

24.     As noted above, the Debtors are required pursuant to Bankruptcy Rules 2002(b) and 2002(d) to provide Holders of Claims and Equity Interests at least 28 days' notice of the Plan/Disclosure Statement Objection Deadline. Fed. R. Bankr. Proc. 2002(b), 2002(d). Bankruptcy Rule 2002(f)(1) provides that notice of "the order for relief" shall be sent by mail to all creditors. Fed. R. Bankr. Proc. 2002(f). Bankruptcy Rule 2002(d) similarly provides that, unless otherwise ordered by the court, notice of the "order for relief" shall be given to all of the Debtors' equity security holders. Fed. R. Bankr. Proc. 2002(d).

25.     The Debtors propose to satisfy these requirements by serving on the parties listed below a combined notice substantially in the form attached as **Exhibit 1** to the Proposed Scheduling Order (the "Combined Notice") setting forth, among other things, (i) the notice of commencement of the Debtors' Chapter 11 Cases, (ii) the date, time, and place of the Combined Hearing, (iii) instructions for obtaining copies of the Disclosure Statement and Plan,

(iv) the Objection Deadlines and procedures for filing objections to the adequacy of the Disclosure Statement, confirmation of the Plan, assumption or rejection of Executory Contracts and Unexpired Leases, and/or Cure Amounts, and (v) a summary of the Plan.  The Debtors will serve the Combined Notice by electronic mail, facsimile, and/or first-class mail within two (2) Business Days of the entry of the Proposed Scheduling Order or as soon as reasonably practicable thereafter.  The Combined Notice will be served, without duplication, on the following parties:

    (a)    all known Holders of Claims and Equity Interests;[6]

    (b)    all non-Debtor parties to the Debtors' Executory Contracts and Unexpired Leases;

    (c)    the Office of the United States Trustee for the District of Delaware;

    (d)    the entities listed on the Consolidated List of Creditors Holding the Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d);

    (e)    the Internal Revenue Service;

    (f)    the Securities and Exchange Commission;

    (g)    the United States Attorney for the District of Delaware;

    (h)    the Notice Parties; and

    (i)    all other parties entitled to notice in these Chapter 11 Cases.

---

[6] The Debtors propose to send the Combined Notice to Holders of Claims and Equity Interests using the contact information reflected in the records maintained by the Debtors and their agents as of the close of business on the Voting Record Date.  The Debtors believe that certain Holders utilize Nominees as the registered holders of certain securities.  Accordingly, the Debtors request that the Court authorize (i) the Debtors to provide the Nominees with sufficient copies of the Combined Notice to forward to the beneficial holders and (ii) the Nominees to forward the Combined Notice or copies thereof to the beneficial holders within five (5) Business Days of the receipt by such Nominee of the Combined Notice.   The Debtors further request authority to reimburse the Nominees for any reasonable and customary out-of-pocket expenses they incur in connection with the distribution of the Combined Notice.

26.     In addition to the foregoing, in an effort to provide widespread notice of the commencement of the Chapter 11 Cases and the Combined Hearing to parties in interest, the Debtors propose to post copies of the Plan, the Disclosure Statement, the Plan Supplement, this Motion and any orders entered in connection with this Motion, the Combined Notice, and, when available, the Plan Supplement on the Debtors' restructuring website at http://www.kccllc.net/fusemedia.

27.     The Debtors respectfully submit that the proposed service of the Combined Notice will provide sufficient notice of the commencement of these Chapter 11 Cases, the date, time, and place of the Combined Hearing, and the procedures for objecting to the adequacy of the Disclosure Statement, confirmation of the Plan, assumption or rejection of Executory Contracts and Unexpired Leases, and/or Cure Amounts.

**D.      Establishing Deadline and Procedures for Objections
to the Proposed Assumption or Rejection of an Executory
Contract and Unexpired Lease and Proposed Cure Amounts**

28.     The Plan provides that all Executory Contracts and Unexpired Leases will be rejected as of the Effective Date of the Plan except for Executory Contracts and Unexpired Leases that (1) are identified in the Plan Supplement for assumption, (2) have been previously assumed pursuant to an order of the Bankruptcy Court, (3) are the subject of a separate motion or notice to assume filed by the Debtors and pending as of the date on which the Plan becomes effective (the "Effective Date"), or (4) previously expired or terminated pursuant to their own terms or by agreement of the parties thereto. *See* Plan, Article VI.A. To the extent that the Debtors seek to assume one or more Executory Contracts or Unexpired Leases, the Debtors shall

file with the Court a list of such Executory Contacts and Unexpired Leases and their respective

Cure Amounts and serve a notice in substantially the form attached as **Exhibit 2** (the

"Assumption and Cure Notice") to the Proposed Scheduling Order on the non-Debtor

counterparties to such Executory Contacts and Unexpired Leases not less than twenty-one (21)

days prior to the date of the Combined Hearing.

      29.     The Debtors request that any counterparty to an Executory Contract or

Unexpired Lease that disputes the Debtors' proposed Cure Amount or otherwise objects to the

assumption of such Executory Contract or Unexpired Lease, or objects to the assumption or

rejection of an Executory Contract or Unexpired Lease, be required to file an objection thereto

that complies with the requirements described in the Proposed Scheduling Order by five (5)

Business Days prior to the Combined Hearing, at 4:00 p.m. (prevailing Eastern Time) (the

"Executory Contract Objection Deadline"). The Debtors also request that the Court direct that

any responses or objections to the assumption or rejection of Executory Contracts and Unexpired

Leases or Cure Amounts:

      (a)     be in writing;

      (b)     conform to the applicable Bankruptcy Rules and the Local Rules;

      (c)     set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor;

      (d)     be filed with the Court, together with a proof of service, on or before the Executory Contract Objection Deadline; and

      (e)     be served on the Notice Parties.

Finally, the Debtors request that the Court authorize the Debtors and the Supporting Noteholders to file replies to any timely-filed objections or responses at least three (3) Business Days prior to the Combined Hearing.

30.    The Debtors respectfully submit that this procedure is appropriate under the circumstances. Pursuant to the procedures proposed by the Debtors, the Debtors' Voting Agent will serve the Combined Notice and the Assumption and Cure Notice on all known counterparties to Executory Contracts and Unexpired Leases within two (2) Business Days of the entry of the Proposed Scheduling Order (or as soon as reasonably possible).

**E.    Approval of Solicitation Procedures and Solicitation Materials**

31.    As described herein, and pursuant to section 1125(g) of the Bankruptcy Code, the Debtors commenced a prepetition solicitation of votes to accept the Plan by distributing the Plan, the Disclosure Statement, and applicable Ballots to Holders of Claims in Class 3 Senior Secured Notes Claims. Pursuant to this Motion, the Debtors seek the Court's approval of the procedures implemented by the Debtors and the Voting Agent for the solicitation and tabulation of votes on the Plan (the "Solicitation Procedures"), including the Ballots and other materials (the "Solicitation Materials") distributed to creditors in the Voting Class in furtherance thereof.

32.    Bankruptcy Rule 3017(d) identifies the materials that must be provided to holders of claims and interests for the purpose of soliciting their votes to accept or reject a plan. Fed. R. Bankr. Proc. 3017(d). Bankruptcy Rule 3017(e) provides that "the courts shall consider the procedures for transmitting the documents and information required by [Bankruptcy Rule

3017(d)] to beneficial holders of stock, bonds, debentures, notes and other securities [and] determine the adequacy of the procedures." As demonstrated below, the Solicitation Procedures utilized by the Debtors comply with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules and should, therefore, be approved.

### i.    Solicitation of Class Entitled to Vote to Accept or Reject the Plan

33.     On April 18, 2019, the Debtors commenced the pre-petition solicitation of votes on the Plan by causing a solicitation package containing the Disclosure Statement, the Plan (attached as Exhibit A to the Disclosure Statement), the Plan Supplement, a solicitation cover letter from the Debtors, and the appropriate Ballot(s) (collectively, the "Solicitation Package") to be transmitted to Holders of Claims in Class 3 Senior Secured Notes Claims via first class and overnight mail. The Solicitation Package advised recipients, among other things, that the deadline for submitting a Ballot containing a vote to accept or reject the Plan was May 9, 2019 at 4:00p.m. (prevailing Eastern Time) (the "Voting Deadline"). The Solicitation Package provided recipients with detailed instructions regarding how to complete the applicable Ballot(s), how to make any applicable election regarding the releases contained in the Plan, and the manner in which the Ballot(s) must be returned to the Voting Agent.

### ii.    Form of Ballots

34.     Bankruptcy Rule 3017(d) requires that the Debtors use a form of ballot substantially conforming to Official Form No. 14. Fed. R. Bankr. Proc. 3017(d). The Ballots, copies of which are annexed as **Exhibit 3** to the Proposed Scheduling Order, are based on Official Form No. 14, but were modified to address the specific circumstances of these Chapter 11 Cases. The Debtors distributed the following two forms of Ballots with respect to the Plan:

(i) a form of ballot for beneficial holders of Class 3 Senior Secured Notes Claims (the "Class 3 Beneficial Holder Ballot") and (ii) a form of Master Ballot for a Nominee that is the registered holder of Class 3 Senior Secured Notes Claims to transmit the votes of one or more beneficial holders (the "Class 3 Master Ballot" and, together with the Class 3 Beneficial Holder Ballot, the "Ballots").

### iii.    Voting Record Date and Voting Deadline

35.    Bankruptcy Rule 3018(b) provides that a pre-petition vote of a creditor or equity security holder to accept or reject a prepackaged plan will be deemed a vote to accept or reject the plan if the creditor or equity security holder "was the holder of record of the security on the date specified in the solicitation of such acceptance or rejection." Fed. R. Bankr. Proc. 3018(b). Bankruptcy Rule 3018(b) further provides that votes of creditors and equity security holders solicited pre-petition will not be counted if "an unreasonably short time was prescribed for such creditors and equity security holders to accept or reject the plan." *Id.*

36.    The Solicitation Package clearly identifies April 5, 2019 as the date for determining which Holders of Claims were entitled to vote to accept or reject the Plan (the "Voting Record Date"). The Class 3 Beneficial Holder Ballot requires each Holder completing such Ballot to certify the amount of its Claim as of the Voting Record Date. The Class 3 Master Ballot requires any Nominee completing that Ballot to certify that it was transmitting the votes of Beneficial Holder(s) of Class 3 Senior Secured Notes Claims.

37.    The Solicitation Package also conspicuously identified the Voting Deadline as May 9, 2019 at 4:00 p.m. (prevailing Eastern Time). Thus, the Holders of Claims in

Class 3 will have twenty-one (21) calendar days (not including the day the Solicitation was commenced) to vote to accept or reject the Plan. The Debtors respectfully submit that this afforded those Holders adequate time to review and consider the Plan and Disclosure Statement and submit a Ballot prior to the Voting Deadline. This is especially true here because the Plan and Disclosure Statement were extensively negotiated by counsel and other advisors for the Supporting Noteholders, representing approximately 82.5% of the aggregate outstanding amount of Claims in the Voting Class.

38.    Similar timelines have been approved in other chapter 11 cases in this District. *See, e.g., In re Keystone Tube Co., LLC, et al.*, No. 17-11330 (LSS) (Bankr. D. Del. June 20, 2017); *In re Key Energy Services, Inc., et al.* No. 16-12306 (BLS) (Bankr. D. Del. Oct. 25, 2016); *In re Halcon Resources Corp., et al.,* No. 16-11724 (BLS) (Bankr. D. Del. Jul. 29, 2016) (prepackaged plan, approving 22-day prepetition voting period for noteholders and equity security holders); *In re Offshore Group Inv. Ltd., et al.,* No. 15-12422 (BLS) (Bankr. D. Del. Dec. 4, 2015) (approving voting period of 29 days for institutional lenders and equity security holders); *In re RCS Capital Corp.,* Case No. 16-10223 (MFW) (Bankr. D. Del. Mar. 29, 2016) (approving voting period of 14 days for holders of first and second lien facility debt); *In re EveryWare Global, Inc.,* Case No. 15-10743 (LSS) (Bankr. D. Del. Apr. 9, 2015) (approving voting period of 14 days for holders of first lien term loan debt).

39.    Because the Solicitation Package clearly communicated the Voting Record Date and the Voting Deadline to Holders of Claims in the Voting Class, and because such Holders were given a reasonable amount of time to review, complete and return their

Ballots prior to the Voting Deadline in accordance with applicable law, the Debtors

respectfully request that the Court approve the Voting Record Date and the Voting Deadline.

### iv.    Approval of Procedures for Vote Tabulation

40.    In tabulating the votes received pursuant to Ballots returned to the Voting

Agent, the Voting Agent will utilize the following Tabulation Procedures: (i) only Ballots

received by the Voting Deadline will be counted; (ii) unsigned or illegible Ballots or Ballots that

do not contain sufficient information to permit the identification of the holder of the Claim will

not be counted; (iii) any Ballot that attempts to partially accept and partially reject the Plan will

not be counted; (iv) Ballots sent to the Debtors, the Debtors' agents, financial advisors, legal

advisors, or sent to the agents, indenture trustees for the Voting Class will not be counted,

(v) any Ballot that is otherwise properly completed, executed, and timely returned to the Voting

Agent but that does not indicate an acceptance or rejection of the Plan, or that indicates both an

acceptance and rejection of the Plan, will not be counted as a vote in determining acceptance or

rejection of the Plan; (vi) any unofficial forms of Ballot will not be counted; (vii) any properly

completed Ballot timely submitted by a Holder of Claims in a Voting Class will be deemed to

supersede and revoke any prior Ballot(s) submitted by that Holder; (viii) Ballots sent by

facsimile or other electronic means will not be counted; (ix) Ballots submitted by Holders not

entitled to vote pursuant to the Plan will not be counted and (x) Holders of Claims will be

required to vote their entire Claims to accept or reject the Plan (*i.e.*, no vote splitting).  The

Debtors also retain the discretion to aggregate the Claims for Holders that had multiple Claims

within the same Voting Class.  These Tabulation Procedures were clearly explained in the

Solicitation Package.  The Debtors respectfully submit that these Tabulation Procedures are

appropriate and reasonable under the circumstances of these Chapter 11 Cases and should be

approved.

> **v.   Non-Solicitation of Classes Deemed to Accept**
> **or Deemed to Reject the Plan**

41.      Section 1126(f) of the Bankruptcy Code provides that each holder of a

claim or interest in an unimpaired class is "conclusively presumed to have accepted the plan, and

solicitation of acceptances with respect to [any unimpaired] class . . . is not required." 11 U.S.C.

§ 1126(f).  Conversely, section 1126(g) of the Bankruptcy Code provides that "a class is deemed

not to have accepted a plan if such plan provides that the claims or interests of such class do not

entitle the holders of such claims or interests to receive or retain any property under the Plan on

account of such claims or interests." 11 U.S.C. § 1126(g).  The Debtors' Plan provides that

certain Classes of Claims against, and Equity Interests in, the Debtors are deemed to accept or

reject the Plan (collectively, the "Non-Voting Holders") pursuant to the foregoing provisions of

the Bankruptcy Code.  Specifically, the Plan provides that Holders of Claims and Equity

Interests in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) are Unimpaired

and presumed to accept the Plan.  *See* Plan at Article III.A.  The Plan further provides that

Holders of General Unsecured Claims in Class 4 and Holders of Equity Interests in Class 5 are

not entitled to receive any property on account of their Equity Interests and, therefore, are

deemed to reject the Plan.  Accordingly, the Debtors did not solicit votes to accept or reject the

Plan from Holders of Claims and Equity Interests in each of the foregoing Classes of Non-

Voting Holders.

42.     The Debtors hereby request a waiver of any requirement that they mail copies of the Plan and Disclosure Statement to Non-Voting Holders. Bankruptcy Rule 3017(d) requires transmission to creditors of a "disclosure statement approved by the court." Fed. R. Bankr. P. 3017(d). The Debtors respectfully submit that the requirement of Bankruptcy Rule 3017(d) does not apply where, as here, the process of soliciting acceptances and rejections of the plan commenced prior to the Petition Date and, thus, there is no disclosure statement that was "approved by the court" to transmit. Moreover, it would be a significant and unnecessary administrative burden and expense for the Debtors to transmit the Disclosure Statement and Plan to Non-Voting Holders. Accordingly, the Debtors request that the Court authorize them not to transmit a copy of the Disclosure Statement and other Solicitation Materials to the Holders of Claims and Equity Interests presumed to accept or reject the Plan.

43.     In lieu of transmitting the Disclosure Statement and other Solicitation Materials to Non-Voting Holders, the Debtors propose to send those Holders the Combined Notice, which contains a summary of the Plan and the treatment of such Holders' Claims and Equity Interests. The Combined Notice also provides instructions for obtaining a copy of the Plan and the Disclosure Statement. In addition, the Debtors have made the Plan and Disclosure Statement available at no cost on the Debtors' restructuring website at www.kccllc.com/fusemedia.

### vi.     Compliance with Non-Bankruptcy Securities Laws Applicable to Prepetition Solicitation

44.     Pursuant to section 1126(b) of the Bankruptcy Code, the votes of creditors solicited prior to the Petition Date are treated as post-petition votes to accept or reject the plan so

long as the pre-petition solicitation complied with applicable non-bankruptcy law, including generally applicable federal and state securities laws or regulations, or, if no such laws exist, the solicited holders receive "adequate information" within the meaning of Bankruptcy Code section 1125(a).  11 U.S.C. § 1126(b).

45.    The Debtors respectfully submit that the pre-petition solicitation of votes on the Plan from the sole Voting Class (Class 3 – Senior Secured Notes Claims) was exempt from registration under the Securities Act and state securities laws (or "Blue Sky Laws"), including, without limitation, pursuant to section 4(a)(2) and Regulation D promulgated thereunder and similar Blue Sky Laws, and any similar rules, regulations, or statutes.  Section 4(a)(2) of the Securities Act exempts transactions by an issuer not involving any public offering, and Regulation D provides a safe harbor under section 4(a)(2) for transactions that meet certain requirements, including that investors participating therein qualify as "accredited investors" within the meaning of U.S. securities laws.  The Debtors believe that all Holders of the Senior Secured Notes Claims that are entitled to receive New Secured Debt and New Membership Interests under the Plan are qualified institutional buyers or accredited investors.

46.    Debtors in this District frequently rely on section 4(a)(2) of the Securities Act to exempt the prepetition solicitation of votes on a plan from the registration and disclosure requirements of the Securities Act and state Blue Sky Laws.  *See, e.g.*, *In re Seventy Seven Finance, Inc. et al.*, No. 16-11409 (LSS) (Bankr. D. Del. Jun. 8, 2016); *In re Hercules Offshore, Inc.*, No. 15-11685 (KG) (Bankr. D. Del. Aug. 24, 2015) (approving solicitation procedures that included section 4(a)(2) exemption); *In re Sorenson Communications, Inc.*, No. 14-10454 (BLS)

(Bankr. D. Del. Mar. 4, 2014) (same); *In re CHL Ltd.*, No. 12-12437 (KJC) (Bankr. D. Del. Oct. 4, 2012) (same); *In re Peak Broad., LLC*, No. 12-10183 (PJW) (Bankr. D. Del. Jan. 12, 2012) (same); *In re Source Interlink Cos.*, No. 09-11424 (KG) (Bankr. D. Del. Apr. 29, 2009) (same); *see also In re Revel AC, Inc.*, No. 13-16253 (JHW) (Bankr. D.N.J. Mar. 28, 2013) (same).

47.     Because the prepetition solicitation of the Voting Class was exempt from applicable non-bankruptcy securities registration laws, and because, as discussed below, all Holders in the Voting Class received "adequate information" as that term is used in section 1125(a) of the Bankruptcy Code, the Debtors respectfully submit that the Solicitation Procedures satisfy the requirements of section 1126(b)(2) of the Bankruptcy Code.

**F.     Approval of the Disclosure Statement[7]**

48.     At the Combined Hearing, the Debtors will seek approval of the Disclosure Statement.  Section 1125 of the Bankruptcy Code requires that a plan proponent provide "adequate information" regarding the proposed plan to holders of impaired claims and interests entitled to vote on the plan. 11 U.S.C. § 1125(b).  The Bankruptcy Code defines "adequate information" as:

> Information of a kind, and in sufficient detail, as far as is
> reasonably practicable in light of the nature and history of the
> debtor and the condition of the debtor's books and records,
> including a discussion of the potential material Federal tax
> consequences of the plan to the debtor, any successor to the debtor,

---

[7] The Debtors are not seeking approval of the Disclosure Statement under section 1125(b) of the Bankruptcy Code as part of the Scheduling Order.  Because the Disclosure Statement was delivered to Holders of Claims entitled to vote on the Plan prior to the Petition Date, no approval of the Disclosure Statement is required at this time.  Instead, the Debtors will seek approval of the Disclosure Statement, including a finding that the Disclosure Statement contained "adequate information" as that term is used in section 1125 of the Bankruptcy Code, at the Combined Hearing.  Nonetheless, the Debtors offer the following argument in support of approval of the Disclosure Statement and reserve the right to supplement this argument in a future brief filed prior to the Plan/Disclosure Statement Reply Deadline.

and a hypothetical investor typical of the holders of claims or
interests in the case, that would enable such hypothetical investor
of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(l).

49.     "Adequate information" is a flexible standard to be interpreted by the

Court, in its discretion, based on the facts and circumstances of the particular case. *Oneida*

*Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 417 (3d Cir. 1988) ("From the

legislative history of § 1125 we discern that adequate information will be determined by the

facts and circumstances of each case."); H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978

U.S.C.C.A.N. 5963, 6365 ("Precisely what constitutes adequate information in any particular

instance will develop on a case-by-case basis. Courts will take a practical approach as to

what is necessary under the circumstances of each case . . . ."); S. Rep. No. 95-989, at

121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will

necessarily be governed by the circumstances of the case.").

50.     The Disclosure Statement prepared by the Debtors and distributed to

holders of claims in Voting Class in this case contains comprehensive information regarding:

(a)     the Debtors' business operations;

(b)     the events leading to the commencement of the Chapter
11 Cases;

(c)     the Debtors' prepetition indebtedness;

(d)     the proposed capital structure of the Reorganized Debtors;

(e)     financial information relevant to voting creditors' decisions
to accept or reject the Plan;

(f)     a liquidation analysis projecting the estimated return that
Holders of Claims and Equity Interests would receive in a
hypothetical chapter 7 liquidation;

(g)     risk factors potentially affecting the Plan and the Debtors' businesses; and

(h)     certain securities laws matters, and the federal tax law consequences of the Plan.

The foregoing provides Holders of Claims in the Voting Class with ample information on which to base an informed decision regarding the Plan. Accordingly, the Debtors submit that the Disclosure Statement contains "adequate information" and should be approved.

**G.**    **Confirmation of the Plan**

51.    The Debtors will also seek confirmation of the Plan at the Combined Hearing. No later than the Plan/Disclosure Statement Reply Deadline, the Debtors will file a brief in support of confirmation of the Plan that addresses the requirements for confirmation under the provisions of the Bankruptcy Code and the Plan's satisfaction of those requirements.

**H.**    **Conditional Waiver of the 341(a) Meeting and the Filing of SOFAs and Schedules**

52.    The Debtors respectfully submit that the circumstances of these Chapter 11 Cases merit a conditional waiver of the requirements that (a) the U.S. Trustee convene a meeting of the Debtors' creditors under section 341(a) of the Bankruptcy Code (the "341(a) Meeting"), and (b) the Debtors file Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs"). This relief is appropriate under the circumstances because the Debtors anticipate prompt confirmation of the prepackaged Plan with the support of Holders of Senior Secured Notes Claims and subsequent emergence from chapter 11.

53.    Although section 341(a) of the Bankruptcy Code typically requires the

U.S. Trustee to convene and preside over a meeting of the Debtors' creditors, that requirement

can be waived under the circumstances present here.  Specifically, section 341(e) provides:

> Notwithstanding subsections (a) and (b), the court, on the request
> of a party in interest and after notice and a hearing, for cause may
> order that the United States trustee not convene a meeting of
> creditors or equity security holders if the debtor has filed a plan as
> to  which  the  debtor  solicited  acceptances  prior  to  the
> commencement of the case.

11 U.S.C. § 341(e).

54.    As discussed above, the Debtors began soliciting acceptances of the Plan

prior to the Petition Date and expect to receive acceptances from the requisite number of

creditors and amount of Claims in the Voting Class.  The Debtors intend to complete the Plan

confirmation process and emerge from Chapter 11 by June 2019.  Accordingly, the Debtors

submit that the meeting of creditors contemplated by section 341 of the Bankruptcy Code need

not be convened if the Debtors consummate the Plan on or before such date.

55.    The Debtors also request that the time for filing their Schedules and

SOFAs be extended until June 28, 2019 and be waived in the event the Plan is confirmed on or

prior to that date.  Pursuant to Local Rule 1007-1(b), the Debtors are already entitled to a thirty-

day extension of the requirement to file their Schedules and SOFAs because the Debtors have

more than 200 creditors.  The Court has authority to grant a further extension "for cause"

pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-l(b).  Here, cause exists to further

extend the deadline because requiring the Debtors to file Schedules and SOFAs would distract

the Debtors' management and advisors from the work of ensuring a smooth transition into these

Chapter 11 Cases and prompt confirmation of the Plan.  Given the accelerated confirmation

timeline in these Chapter 11 Cases, the Schedules and SOFAs also would be of limited utility to

most parties in interest -- the Debtors have already begun the process of soliciting acceptances of

the Plan from creditors in the Voting Class.  The minimal benefit of requiring the Debtors to

prepare the Schedules and SOFAs will be significantly outweighed by the substantial

expenditure of time and resources the Debtors will be required to devote to the preparation and

filing of the documents.  For these reasons, the Court should only potentially require the Debtors

to file SOFAs and Schedules if the Plan is not consummated on or before June 28, 2019.

56.    Courts in this District have frequently waived the requirements for the

U.S. Trustee to convene a 341(a) Meeting and for a debtor to file Schedules and SOFAs in other

prepackaged chapter 11 cases. *See e.g., In re Keystone Tube Co., LLC, et al.*, No. 17-11330

(LSS) (Bankr. D. Del. June 20, 2017); *In re Key Energy Services, Inc., et al.* No. 16-12306

(BLS) (Bankr. D. Del. Oct. 25, 2016); *In re Halcon Resources Corp., et al.*, No. 16-11724 (BLS)

(Bankr. D. Del. Jul. 29, 2016); *In re RCS Capital Corp.*, No. 16-10223 (MFW) (Bankr. D. Del.

Mar. 29, 2016) (ECF No. 423); *In re Offshore Group Inv. Ltd.*, No. 15-12422 (BLS) (Bankr. D.

Del. Dec. 4, 2015) (ECF No. 37); *In re Otelco Inc.*, No. 13-10593 (MFW) (Bankr. D. Del. Mar.

26, 2013 and Apr. 18, 2013) (ECF Nos. 43 & 107); *In re Dex One Corp.*, No. 13-10533 (KG)

(Bankr. D. Del. Mar. 19, 2013) (ECF No. 64); *In re Supermedia, Inc.*, No. 13-10545 (KG)

(Bankr. D. Del. Mar. 19, 2013) (ECF No. 45); *In re CHL, Ltd.*, No. 12-12437 (KJC) (Bankr. D.

Del. Aug. 31, 2012) (ECF No. 58).  For the reasons discussed above, similar relief is appropriate

in these Chapter 11 Cases as well.

57.    Accordingly, the Debtors respectfully request that the Proposed Scheduling Order provide that if the Plan is consummated on or before June 28, 2019, the 341 Meeting will be waived and the Debtors will be excused from filing the SOFAs and Schedules, in each case without further order of the Court.

58.    The Debtors ask that the requested relief be granted without prejudice to the Debtors' ability to seek further extension or modification of the requirements for the U.S. Trustee to convene a 341(a) meeting and for the Debtors to file Schedules and SOFAs. The Debtors also request that the Court authorize the Debtors to further extend the deadline to convene a 341(a) Meeting and file Schedules and SOFAs without filing a supplemental motion, and without further order from the Court, provided that the Debtors obtain the advance consent of the U.S. Trustee.

## Request for Bankruptcy Rule 6004 Waivers

59.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of an order granting the relief requested herein pursuant to Bankruptcy Rules 3020(e), 6004(h), 9014, or otherwise.

## Notice

60.    The Debtors will provide notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' largest unsecured creditors (on a consolidated basis); (c) counsel to the Senior Secured Notes Trustee; and (d) counsel to the Supporting Noteholders. As the Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Local Rule 9013-1(m). The

Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

61.    No prior request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Scheduling Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:    April 22, 2019

PACHULSKI STANG ZIEHL & JONES LLP

By: _____
Richard M. Pachulski (CA Bar No. 90073)
Ira D. Kharasch (CA Bar No. 109084)
James E. O'Neill (DE Bar 4042)
Maxim B. Litvak (CA Bar No. 215852)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: rpachulski@pszjlaw.com
        ikharasch@pszjlaw.com
        joneill@pszjlaw.com
        mlitvak@pszjlaw.com

Proposed Attorneys for Debtors and Debtors in Possession

**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FUSE, LLC, *et al.*,[1] | Case No. 19-10872 (___) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. _____ |

**ORDER (I) SCHEDULING COMBINED HEARING ON
(A) ADEQUACY OF DISCLOSURE STATEMENT, (B) CONFIRMATION
OF PREPACKAGED PLAN OF REORGANIZATION, AND
(C) THE ASSUMPTION OF EXECUTORY CONTRACTS AND
CURE AMOUNTS; (II) FIXING THE DEADLINES TO OBJECT TO
DISCLOSURE STATEMENT, PREPACKAGED PLAN, AND PROPOSED
ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS AND CURE
COSTS; (III) APPROVING (A) PREPETITION SOLICITATION PROCEDURES AND
(B) FORM AND MANNER OF NOTICE OF COMMENCEMENT, COMBINED
HEARING, ASSUMPTION OF EXECUTORY CONTRACTS AND CURE AMOUNTS
RELATED THERETO, AND OBJECTION DEADLINES; (IV) CONDITIONALLY
(A) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE SECTION
341(a) MEETING OF CREDITORS AND (B) WAIVING REQUIREMENT OF FILING
STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND
LIABILITIES; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the above-captioned debtors and debtors

in possession (collectively, the "Debtors") for the entry of an order (this "Scheduling

Order") (i) scheduling a combined hearing on (a) the adequacy of the Disclosure Statement

(as defined below), (b) confirmation of the prepackaged Plan (as defined below), and (c) the

proposed assumption or rejection of executory contracts and cure amounts; (ii) fixing the

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include:  Fuse Media, Inc. (9721); Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distribution, LLC (9656); Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500).  The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

*For the avoidance of doubt, Debtors Fuse Media, Inc. and Fuse Media, LLC are not proponents of the Plan and the provisions of the Plan shall not extend to those entities.*

1

deadlines to object to the Disclosure Statement, Plan, and proposed assumption or rejection of executory contracts and cure amounts; (iii) approving (a) the prepetition solicitation procedures and (b) the form and manner of notice of commencement, combined hearing, assumption or rejection of executory contracts and cure amounts, and objection deadlines; (iv) conditionally (a) directing the U.S. Trustee not to convene a section 341(a) meeting of creditors and (b) waiving the requirement to file statements of financial affairs and schedules of assets and liabilities; and (v) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.    The Combined Hearing (at which time this Court will consider, among other things, the adequacy of the Disclosure Statement, confirmation of the Plan, assumption and rejection of Executory Contracts and Unexpired Leases, and Cure Amounts) will be held before this Court on _____, 2019 at _____a.m. / p.m. (prevailing Eastern Time).  The Combined Hearing may be continued from time to time by the Court without further notice other than adjournments announced in open court or in the filing of a notice or a hearing agenda in these Chapter 11 Cases, and notice of such adjourned date(s) will be available on the electronic case docket.

3.    Any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (i) be in writing, (ii) conform to the applicable Bankruptcy Rules and Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with a proof of service, no later than 4:00 p.m. (prevailing Eastern Time) on _____, 2019.  Any responses or objections to the assumption or rejection of Executory Contracts and Unexpired Leases or Cure Amounts must: (i) be in writing, (ii) conform to the applicable Bankruptcy Rules and Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with a proof of service, no later than 4:00 p.m. (prevailing Eastern Time) on _____, 2019.  In addition to being filed with the Court, any such response or objection referred to in this Paragraph must also be served on the following parties: (i) the Debtors, Fuse, LLC, 700 North Central Avenue, Suite 600, Glendale, CA

3

91203 (Attn: Miguel Roggero); (ii) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Richard M. Pachulski, Ira D. Kharasch, Maxim B. Litvak, and James E. O'Neill); (iii) counsel to the Senior Secured Notes Trustee, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007 (Attn: Andrew N. Goldman, Esq.); (iv) counsel to the Supporting Noteholders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Times Plaza, New York, NY 10004 (Attn: Brad E. Scheler, Jennifer Rodburg, Andrew M. Minear) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Michael J. Merchant); and (v) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, DE 19801 (collectively, the "Notice Parties") by the applicable Objection Deadline. **Any objections not timely filed and served in the manner set forth in this Scheduling Order may, in the Court's discretion, not be considered and may be overruled.**

      4.     The Debtors and the Supporting Noteholders may file reply briefs in response to any objections to the adequacy of the Disclosure Statement or confirmation of the Plan by no later than three (3) Business Days before the Combined Hearing. The Debtors and the Supporting Noteholders may file reply briefs in response to any objections to the assumption or rejection of Executory Contracts and Unexpired Leases or Cure Amounts at any time prior to the Combined Hearing.

5.      The schedule of events set forth below relating to confirmation of the

Plan is hereby approved in its entirety, and the Court hereby finds the following schedule of

events is consistent with the applicable provisions of the Bankruptcy Code and the

Bankruptcy Rules:

| Summary of Timetable | |
|---|---|
| Voting Record Date | April 5, 2019 (prepetition) |
| Commencement of Solicitation | April 18, 2019 (prepetition) |
| Voting Deadline | May 9, 2019, at 4:00p.m. (prevailing Eastern Time) |
| Plan Supplement Filing Date | Five (5) Business Days prior to the Combined Hearing |
| Plan/Disclosure Statement Objection Deadline | _____, 2019, at 4:00 p.m. (prevailing Eastern Time) |
| Executory Contract Objection Deadline | _____, 2019, at 4:00 p.m. (prevailing Eastern Time) |
| Plan/Disclosure Statement Reply Deadline | Three (3) Business Days prior to the Combined Hearing |
| Combined Hearing Date | _____, 2019, at __:__ _.m (prevailing Eastern Time) |

6.      The Debtors are authorized to combine the notice of the Combined

Hearing and the Objection Deadlines (and related procedures) with the notice of

commencement of these Chapter 11 Cases.

7.      Notice of the Combined Hearing as proposed in the Motion and the

form of Combined Notice, substantially in the form attached hereto as **Exhibit 1**, shall be

deemed good and sufficient notice of the Combined Hearing and no further notice need be

given.  The Debtors shall cause a copy of the Combined Notice to be mailed to the parties

set forth in the Motion within two (2) Business Days of the entry of this Scheduling Order

or as soon as reasonably possible.

8.      Notice of the assumption of Executory Contracts and Unexpired Leases, and associated Cure Amounts, as proposed in the Motion and the form of Assumption and Cure Notice, substantially in the form attached hereto as **Exhibit 2**, shall be deemed good and sufficient notice of such proposed assumption and no further notice need be given. The Debtors shall cause a copy of the Assumption and Cure Notice to be mailed to the parties set forth in the Motion within two (2) Business Days of the entry of this Scheduling Order or as soon as reasonably possible.

9.      The notice procedures set forth in this Scheduling Order constitute good and sufficient notice of the commencement of the Chapter 11 Cases, the Combined Hearing, the Objection Deadlines, and procedures for objecting to the adequacy of the Disclosure Statement, confirmation of the Plan, assumption and rejection of Executory Contracts and Unexpired Leases and Cure Amounts.

10.      The Debtors are authorized to mail the Combined Notice to the Non-Voting Holders, in accordance with the terms of this Scheduling Order, in lieu of sending such Non-Voting Holders copies of the Disclosure Statement and the Plan and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit copies of the Disclosure Statement and Plan to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders.

11.      To the extent the Nominees incur out-of-pocket expenses in connection with distribution of the Combined Notice to beneficial Holders, the Debtors are

authorized, but not directed, to reimburse such Nominees for their reasonable and customary expenses incurred in this regard.

12.     The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

13.     The Ballots, substantially in the forms attached hereto as **Exhibit 3**, are approved.

14.     The Tabulation Procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as described in the Solicitation Package are approved.

15.     The 341(a) Meeting shall be waived unless the Plan is not substantially consummated on or before June 28, 2019, without prejudice to the Debtors' right to request further extension thereof.

16.     Cause exists to extend the time by which the Debtors must file the SOFAs and Schedules until June 28, 2019, without prejudice to the Debtors' rights to request further extensions thereof.  If the Plan is substantially consummated on or before April 30, 2019, the requirement to file SOFAs and Schedules in the Chapter 11 Cases shall be waived without the requirement of any further action on any Debtor's part.

17.     Without limiting the foregoing, the Debtors may further extend the deadline to convene the 341(a) Meeting and file Schedules and SOFAs without filing a

supplemental motion, and without further order from the Court, provided that the Debtors

obtain the advance written consent of the U.S. Trustee.

18.     Notwithstanding the applicability of Bankruptcy Rules 3020(e),

6004(h), and 9014, the terms and conditions of this Scheduling Order shall be effective and

enforceable immediately upon its entry.

19.     Notice of the Motion as provided therein shall be deemed good and

sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and

6004(a) are waived.

20.     The Debtors are authorized and empowered to take all actions

necessary or appropriate to effectuate the relief granted in this Scheduling Order.

21.     All time periods set forth in this Scheduling Order shall be calculated in

accordance with Bankruptcy Rule 9006(a).

22.     This Court shall retain jurisdiction with respect to all matters arising

from or related to the interpretation, implementation, and enforcement of this Scheduling

Order.

Dated: _____, 2019
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Combined Notice**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FUSE, LLC, *et al.*,[1] | Case No. 19-10872 (___) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED
CHAPTER 11 BANKRUPTCY CASES; (II) COMBINED HEARING
ON THE DISCLOSURE STATEMENT, CONFIRMATION OF THE
PREPACKAGED JOINT PLAN OF REORGANIZATION, AND RELATED
MATTERS; AND (III) OBJECTION DEADLINES AND SUMMARY OF THE
DEBTORS' PREPACKAGED JOINT PLAN OF REORGANIZATION**

**NOTICE IS HEREBY GIVEN** as follows:

On April 22, 2019 (the "Petition Date"), Fuse, LLC and certain of its affiliates, as debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"): (a) the *Debtors' Prepackaged Joint Plan of Reorganization* dated April 18, 2019 (as it may be amended or modified, the "Plan") [Docket No. __] and (b) the *Disclosure Statement for Debtors' Prepackaged Joint Chapter 11 Plan of Reorganization* dated April 18, 2019 (as it may be amended or modified, the "Disclosure Statement") [Docket No. ___] pursuant to sections 1125 and 1126(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[2]  Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court.

**Additionally, parties may request a copy of the Plan and the Disclosure Statement through Kurtzman Carson Consultants LLC (the "Voting Agent") by:  (i) accessing the Debtors' restructuring website at http://www.kccllc.net/fusemedia; (ii) calling the Voting Agent at (888) 647-1737 (toll free) or +1 (310) 751-2624 (international); or (iii) emailing FuseMediaInfo@kccllc.com.**

---

[1]  The Debtors and the last four digits of their taxpayer identification numbers include:  Fuse Media, Inc. (9721); Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distribution, LLC (9656); Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500). The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

*For the avoidance of doubt, Debtors Fuse Media, Inc. and Fuse Media, LLC are not proponents of the Plan and the provisions of the Plan shall not extend to those entities.*

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.  The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein.  To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

The Plan is a "prepackaged" plan of reorganization. The solicitation of votes on the Plan began pre-bankruptcy. **Only Holders of Senior Secured Notes Claims (Class 3) are entitled to vote on the Plan.** The primary purpose of the Plan is to effectuate a restructuring of the Debtors' business. The Debtors believe that any valid alternative to confirmation of the Plan would result in significant delays, litigation, and additional costs and, ultimately, would jeopardize recoveries for holders of allowed claims.

## Information Regarding the Plan

**Voting Record Date/Deadline**. The voting record date was April 5, 2019, which was the date for determining which holders of Class 3 Senior Secured Notes Claims were entitled to vote on the Plan. The voting deadline is May 9, 2019.

**Objections to the Plan**. The deadline for filing objections to the Plan, the Disclosure Statement, or the assumption of any executory contracts or unexpired leases under the Plan is _____, 2019, at **4:00 p.m., prevailing Eastern time**. Any objection (each, an "Objection") must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the District of Delaware; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; and (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections.

Objections must be filed with the Bankruptcy Court and served so as to be **actually received** no later than _____, 2019, at 4:00 p.m., prevailing Eastern time, by those parties who have filed a notice of appearance in the Debtors' chapter 11 cases as well as the following parties:

| | |
|---|---|
| **Debtors** | **Fuse, LLC**<br>700 North Central Avenue, Suite 600<br>Glendale, CA 91203<br>Attn: Miguel Roggero |
| **Proposed Counsel for the Debtors** | **Pachulski Stang Ziehl & Jones LLP**<br>919 N. Market Street<br>17th Floor<br>Wilmington, DE 19899 (Courier 19801)<br>Attn:  Richard M. Pachulski, Esq.<br>James E. O'Neill, Esq. |
| **Counsel to the Senior Secured Notes Trustee** | **Wilmer Cutler Pickering Hale and Dorr LLP**<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Attn: Andrew N. Goldman, Esq. |
| **Counsel to the Supporting Noteholders** | **Fried, Frank, Harris, Shriver & Jacobson LLP**<br>One New York Times Plaza<br>New York, NY 10004<br>Attn: Brad E. Scheler, Esq.<br>Jennifer Rodburg, Esq.<br>Andrew M. Minear, Esq.<br><br>and |

**Richards, Layton & Finger, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
Attn: Michael J. Merchant

**United States Trustee**      **Office of the United States Trustee**
844 King Street
Suite 2207
Wilmington, DE 19801

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.  AS DESCRIBED BELOW, YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

<u>**Procedures for Objections to the Proposed Assumption or Rejection of an Executory Contract and Unexpired Lease and Proposed Cure Amounts**</u>.  The Plan provides that all Executory Contracts and Unexpired Leases will be rejected as of the Effective Date of the Plan, except for Executory Contracts and Unexpired Leases that (1) are identified in the Plan Supplement for assumption, (2) have been previously assumed pursuant to an order of the Bankruptcy Court, (3) are the subject of a separate motion or notice to assume filed by the Debtors and pending as of the date on which the Plan becomes effective, or (4) previously expired or terminated pursuant to their own terms or by agreement of the parties thereto.  *See* Plan, Article VII.A.  To the extent that the Debtors seek to assume one or more Executory Contracts or Unexpired Leases, the Debtors shall file with the Court a list of such Executory Contacts and Unexpired Leases and their respective Cure Amounts and serve a notice (the "<u>Assumption and Cure Notice</u>") on the non-Debtor counterparties to such Executory Contacts and Unexpired Leases not less than twenty-one (21) days prior to the date of the Confirmation Hearing.

Any counterparty to an Executory Contract or Unexpired Lease that disputes the Debtors' proposed cure amount or otherwise objects to the assumption of such Executory Contract or Unexpired Lease, or objects to the rejection of an Executory Contract or Unexpired Lease, shall file an objection thereto that complies with the requirements described above with respect to objections to the Plan prior to _____, 2019, at 4:00 p.m., prevailing Eastern time.

<u>**Summary of Plan Treatment**</u>

The following chart summarizes the treatment provided by the Plan to each class of Claims against and Interests in the Debtors, and indicates the voting status of each class.  This chart is only a summary of the classification of Claims and Equity Interests under the Plan.  References should be made to the entire Disclosure Statement and the Plan for complete description.

| Class | Type of Claim or Interest | Estimated Claim Amount | Impairment | Entitled to Vote | Estimated Recovery Under Plan |
|-------|---------------------------|------------------------|------------|------------------|-------------------------------|
| 1 | Other Priority Claims | $0 | No | No | 100% |
| 2 | Other Secured Claims | $0 | No | No | 100% |

| Class | Type of Claim or Interest | Estimated Claim Amount | Impairment | Entitled to Vote | Estimated Recovery Under Plan |
|-------|---------------------------|------------------------|------------|------------------|-------------------------------|
| 3 | Senior Secured Notes Claims | $242,000,000 plus interest, fees, and expenses | Yes | Yes | Substantially greater than liquidation value, but substantially less than outstanding claims |
| 4 | General Unsecured Claims | $10,000,000 – $25,000,000[3] (approx.) | Yes | No | 0% |
| 5 | Equity Interests in Debtors | N/A | Yes | No | 0% |

### Non-Voting Status of Holders of Certain Claims and Interests and Contract Parties

As set forth above, certain holders of Claims and all holders of Equity Interests are **not** entitled to vote on the Plan. As a result, such parties did not receive any ballots and other related solicitation materials in order to vote on the Plan. Claims in Classes 1 and 2 are Unimpaired under the Plan, and therefore, are presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Each Holder of an Allowed Claim in Class 3 is entitled to vote either to accept or to reject the Plan. Only those votes cast by Holders of Allowed Claims in Class 3 shall be counted in determining whether acceptances have been received sufficient in number and amount to obtain Confirmation. Holders of Class 4 General Unsecured Claims and Class 5 Equity Interests in the Debtors are Impaired and shall receive no distribution under the Plan on account of such Claims and Equity Interests and are therefore deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. To the extent Class 4 is entitled to vote in favor of the Plan, the Supporting Noteholders have each agreed to vote in favor of the Plan with respect to such holders' Deficiency Claim. Finally, the Plan provides that all of the Debtors' executory contracts and unexpired leases will be rejected, unless specifically identified for assumption. You should assume that your contract and/or lease will be rejected, unless you are notified that such contract and/or lease will be assumed by the Debtors.

As explained above, the Voting Agent will provide you, free of charge, with copies of the Plan and the Disclosure Statement, upon request.

### Discharge, Injunctions, Exculpation, and Releases[4]

Please be advised that the Plan contains certain discharge, release, exculpation, and injunction provisions as follows:

**A.    Discharge of Claims**

To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by the Plan or the Confirmation Order, all consideration distributed under the Plan will be in exchange for, and in complete satisfaction,

---

[3] This amount excludes the Deficiency Claim.
[4] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. Defined terms used in this summary have the meanings ascribed in the Plan. If there is an inconsistency between the provisions set forth herein and the Plan, the Plan governs.

settlement, discharge, and release of, all Claims and Equity Interests of any kind or nature whatsoever against the Debtors or any of their Assets or properties, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Equity Interests.  Except as otherwise expressly provided by the Plan or the Confirmation Order, upon the Effective Date, the Debtors and their Estates will be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims and Equity Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

B.    **Releases by Debtors**

EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, THE ADEQUACY OF WHICH IS HEREBY ACKNOWLEDGED AND CONFIRMED, THE DEBTORS AND REORGANIZED DEBTORS, IN THEIR INDIVIDUAL CAPACITIES AND AS DEBTORS-IN-POSSESSION, THE FUSE LITIGATION TRUST AND THE LITIGATION TRUSTEE (COLLECTIVELY, THE "RELEASING PARTIES") WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER PROVIDED A FULL DISCHARGE, WAIVER AND RELEASE TO THE RELEASED PARTIES (AND EACH SUCH RELEASED PARTY SO RELEASED SHALL BE DEEMED FOREVER RELEASED, WAIVED AND DISCHARGED BY THE RELEASING PARTIES) AND THEIR RESPECTIVE PROPERTIES FROM ANY AND ALL CLAIMS, CAUSES OF ACTION, LITIGATION CLAIMS AND ANY OTHER DEBTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, ACTIONS, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING AS OF THE EFFECTIVE DATE OR THEREAFTER ARISING, IN LAW, AT EQUITY, WHETHER FOR TORT, CONTRACT, OR OTHERWISE, BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, OR OTHER OCCURRENCE OR CIRCUMSTANCES EXISTING OR TAKING PLACE PRIOR TO OR ON THE EFFECTIVE DATE ARISING FROM OR RELATED IN ANY WAY IN WHOLE OR IN PART TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE PLAN OR THE SOLICITATION OF VOTES ON THE PLAN THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR THAT ANY HOLDER OF A CLAIM OR EQUITY INTEREST OR OTHER ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT FOR OR ON BEHALF OF THE DEBTORS, THEIR ESTATES OR THE REORGANIZED DEBTORS (WHETHER DIRECTLY OR DERIVATIVELY) AGAINST ANY OF THE RELEASED PARTIES; *PROVIDED, HOWEVER*, THAT THE FOREGOING PROVISIONS OF THIS RELEASE SHALL NOT OPERATE TO WAIVE OR RELEASE (I) ANY OFFSET, DEFENSE, COUNTERCLAIM, REDUCTION, OR CREDIT THAT THE DEBTORS OR REORGANIZED DEBTORS MAY HAVE WITH REGARD TO ANY CLAIM ASSERTED AGAINST THEM BY A RELEASED PARTY; (II) ANY CAUSES OF ACTION EXPRESSLY SET FORTH IN AND PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT; (III) ANY CAUSES OF ACTION ARISING FROM FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT AS DETERMINED BY FINAL ORDER OF THE BANKRUPTCY COURT OR ANY OTHER COURT OF COMPETENT JURISDICTION; AND/OR (IV) THE RIGHTS OF SUCH RELEASING PARTY TO ENFORCE THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, INDENTURES, AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THE PLAN OR ASSUMED PURSUANT TO THE

PLAN OR ASSUMED PURSUANT TO FINAL ORDER OF THE BANKRUPTCY COURT. THE FOREGOING RELEASE SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE AND WITHOUT NEED FOR ANY NOTICE TO OR ANY VOTE, CONSENT, AUTHORIZATION, APPROVAL, RATIFICATION OR OTHER ACTION BY ANY ENTITY OR OTHER PERSON OR ANY DIRECTOR, STOCKHOLDER, SECURITY HOLDER, MANAGER, MEMBER, OR PARTNER (OR BOARD THEREOF) OF ANY ENTITY AND THE CONFIRMATION ORDER WILL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES RELEASED PURSUANT TO THIS RELEASE. NOTWITHSTANDING THE FOREGOING, THE DEBTORS ARE NOT RELEASING THE DEBTORS (BUT THEY ARE RELEASING THE RELATED PERSONS TO THE DEBTORS PURSUANT TO THIS PARAGRAPH).

The Released Parties are, collectively, the following parties each in its capacity as such: (a) the Debtors; (b) the Debtors' current and former directors and officers; (c) the Reorganized Debtors; (d) the Senior Secured Notes Trustee; (e) the Supporting Noteholders; (f) the Holders of the Senior Secured Notes Claims who vote in favor of the Plan; and (g) the Related Persons of each of (a) through (f) of the foregoing.

C.     **Third Party Release By Holders of Claims**

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THE PLAN AND THE PLAN DOCUMENTS, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING, WITHOUT LIMITATION, THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE REORGANIZATION OF THE DEBTORS AND THE IMPLEMENTATION OF THE RESTRUCTURING AND THE RESTRUCTURING TRANSACTIONS, AND EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR IN THE CONFIRMATION ORDER, THE RELEASED PARTIES ARE DEEMED FOREVER RELEASED AND DISCHARGED BY THE (I) THE HOLDERS OF ALL CLAIMS WHO VOTE TO ACCEPT THE PLAN, (II) HOLDERS OF CLAIMS THAT ARE UNIMPAIRED UNDER THE PLAN, (III) HOLDER OF CLAIMS WHOSE VOTE TO ACCEPT OR REJECT THE PLAN IS SOLICITED BUT WHO DO NOT VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN, (IV) HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN BUT DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN, AND (V) THE SENIOR SECURED NOTES TRUSTEE, FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, LOSSES, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH HOLDERS OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT

MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR
INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL
ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE
RESTRUCTURING, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR
DURING THE CHAPTER 11 CASES, THE RESTRUCTURING TRANSACTIONS, THE
NEGOTIATION, FORMULATION, OR PREPARATION OF THE DISCLOSURE
STATEMENT, THE PLAN, THE NEW SECURED DEBT DOCUMENTS AND RELATED
AGREEMENTS, INSTRUMENTS, AND OTHER DOCUMENTS (INCLUDING THE PLAN
DOCUMENTS), THE SOLICITATION OF VOTES WITH RESPECT TO THE PLAN, OR
ANY OTHER ACT OR OMISSION, OTHER THAN CLAIMS OR CAUSES OF ACTION
ARISING OUT OF OR RELATED TO ANY ACT OR OMISSION OF A RELEASED PARTY
THAT IS A CRIMINAL ACT OR CONSTITUTES INTENTIONAL FRAUD, GROSS
NEGLIGENCE, OR WILLFUL MISCONDUCT.

D.     **Exculpation**

The Exculpated Parties will neither have nor incur any liability to any Entity for any claims or
Causes of Action arising before, on or after the Petition Date and prior to or on the Effective Date
for any act taken or omitted to be taken in connection with, or related to formulating, negotiating,
preparing, disseminating, implementing, administering, confirming or effecting the
Consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other
agreement or document created or entered into in connection with the Plan or any other
prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation
of the restructuring of the Debtors, the approval of the Disclosure Statement or confirmation or
Consummation of the Plan; *provided, however*, that the foregoing provisions will have no effect
on the liability of any Entity that results from any such act or omission that is determined in a
Final Order of the Bankruptcy Court or other court of competent jurisdiction to have constituted
gross negligence or willful misconduct; *provided, further*, that each Exculpated Party will be
entitled to rely upon the advice of counsel concerning its duties pursuant to, or in connection
with, the above referenced documents, actions or inactions; *provided, further*, however that the
foregoing provisions will not apply to any acts, omissions, Claims, Causes of Action or other
obligations expressly set forth in and preserved by the Plan or the Plan Supplement.

The Exculpated Parties are, collectively, the following parties:  (a) the Debtors, (b) the
Reorganized Debtors, (c) the Supporting Noteholders, (d) the Senior Secured Notes Trustee, (e)
the Fuse Litigation Trust, (f) the Litigation Trust Oversight Committee, (f) the Litigation Trustee,
and (g) the respective Related Persons of each of the foregoing Entities.

E.     **Injunction**

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, FROM AND AFTER THE
EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM
COMMENCING OR CONTINUING IN ANY MANNER, ANY SUIT, ACTION OR OTHER
PROCEEDING, OR CREATING, PERFECTING OR ENFORCING ANY LIEN OF ANY
KIND, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY,
OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, EQUITY INTEREST, OR REMEDY
RELEASED OR TO BE RELEASED, EXCULPATED OR TO BE EXCULPATED, OR
DISCHARGED OR TO BE DISCHARGED PURSUANT TO THE PLAN OR THE
CONFIRMATION ORDER. BY ACCEPTING DISTRIBUTIONS PURSUANT TO THE
PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR EQUITY INTEREST WILL BE
DEEMED TO HAVE SPECIFICALLY CONSENTED TO THIS INJUNCTION. ALL

INJUNCTIONS OR STAYS PROVIDED FOR IN THE CHAPTER 11 CASES UNDER
SECTION 105 OR 362 OF THE BANKRUPTCY CODE, OR OTHERWISE, AND IN
EXISTENCE ON THE CONFIRMATION DATE, WILL REMAIN IN FULL FORCE AND
EFFECT UNTIL THE EFFECTIVE DATE.

### Releases Granted by Members of Classes 1 and 2

If you are member of Class 1 or Class 2, then, as noted above, you are deemed to have accepted
the Plan and you are deemed to have consented to the third party releases set forth in Article XII of the
Plan and above.

### Releases Granted by Members of Class 3

If you are a member of Class 3, and if you voted to accept the Plan, you will be deemed to have
consented to the third party releases set forth in Article XII of the Plan and above.

If you and are a member of Class 3 and you (i) did not vote either to accept or reject the Plan, or
(ii) voted to reject the Plan and did not check the "opt out" box in Item 3 of your ballot, you shall be
deemed to have consented to the releases set forth in Article XII of the Plan and included in item 3 of
your ballot. For the Class 3 members described in item (ii) of this paragraph, the election to withhold
consent to grant the releases by checking the "opt out" box in Item 3 of your ballot is at your option.

### Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement

The hearing (the "Confirmation Hearing") will be held before the Honorable _____, United
States Bankruptcy Judge of the United States Bankruptcy Court for the District of Delaware, 824 North
Market Street, ___ Floor, Courtroom No. ___, Wilmington, DE 19801, on _____, 2019, at _____
___.m., prevailing Eastern time, to consider the adequacy of the Disclosure Statement, any objections to
the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may
properly come before the Bankruptcy Court. Please be advised that the Confirmation Hearing may be
continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by
such adjournment being announced in open court or in the filing of a notice or a hearing agenda in these
Chapter 11 Cases with the Bankruptcy Court and served on other parties entitled to notice.

Dated:    April ____, 2019              PACHULSKI STANG ZIEHL & JONES LLP

                                        By: _____
                                           Richard M. Pachulski (CA Bar No. 90073)
                                           Ira D. Kharasch (CA Bar No. 109084)
                                           James E. O'Neill (DE Bar 4042)
                                           Maxim B. Litvak (CA Bar No. 215852)
                                           919 N. Market Street, 17th Floor
                                           Wilmington, DE 91899
                                           Tel:  (302) 652-4100
                                           Fax: (302) 652-4400
                                           E-mail:  rpachulski@pszjlaw.com
                                                    ikharasch@pszjlaw.com
                                                    joneill@pszjlaw.com
                                                    mlitvak@pszjlaw.com

                                        Proposed Attorneys for Debtors and Debtors in Possession

<u>**Exhibit 2**</u>

**Assumption and Cure Notice**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FUSE, LLC, *et al.*,[1] | Case No. 19-10872 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' NOTICE OF (I) ASSUMPTION OF CONTRACTS AND LEASES, (II) FIXING OF CURE AMOUNTS, AND (III) DEADLINE TO OBJECT THERETO**

**PLEASE TAKE NOTICE** that Fuse, LLC and certain of its affiliates, as debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), propose to assume the contracts listed on **Exhibit A** hereto (collectively, the "Assumed Contracts") on the Effective Date of the *Debtors' Prepackaged Joint Plan of Reorganization* dated April 18, 2019 (as amended, modified or supplemented, the "Plan").[2] The Assumed Contracts will be assumed pursuant to Article VII.A of the Plan.

**PLEASE TAKE FURTHER NOTICE that you are receiving this notice (the "Cure Notice") because you or one of your affiliates is a counterparty to one or more of the Assumed Contracts listed on Exhibit A hereto (the "Assumption and Cure Schedule").**

**PLEASE TAKE FURTHER NOTICE** that the Debtors have conducted a review of their books and records and have determined that the cure costs or expenses for unpaid

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include: Fuse Media, Inc. (9721); Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distribution, LLC (9656); Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500). The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203. *For the avoidance of doubt, Debtors Fuse Media, Inc. and Fuse Media, LLC are not proponents of the Plan and the provisions of the Plan shall not extend to those entities.*

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

monetary obligations under such Assumed Contracts are as set forth on the Assumption and Cure

Schedule (the "Cure Costs").

      **PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed

Cure Costs, object to the ability of the Debtors and/or the Reorganized Debtors to provide

adequate assurance of future performance with respect to any Assumed Contracts, or otherwise

object to the proposed assumption of the Assumed Contracts, you must file with the Court and

serve an objection (an "Objection") on the following parties so as to be actually received no later

than _____, **2019 at 4:00 p.m. (Eastern time)** (the "Objection Deadline"):

a. Debtors, Fuse, LLC, 700 North Central Avenue, Suite 600, Glendale, CA 91203 (Attn: Miguel Roggero);

b. counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Richard M. Pachulski, Ira D. Kharasch, Maxim B. Litvak, and James E. O'Neill);

c. counsel to the Senior Secured Notes Trustee, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007 (Attn: Andrew N. Goldman, Esq.);

d. counsel to the Supporting Noteholders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Times Plaza, New York, NY 10004 (Attn: Brad E. Scheler, Jennifer Rodburg, Andrew Minear) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Michael J. Merchant);

e. the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, DE 19801; and

f. All other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in these chapter 11 cases.

      **PLEASE TAKE FURTHER NOTICE that all Objections must (a) be in**

**writing; (b) state the name and address of the objecting party; and (c) set forth with**

**specificity any cure obligations that the objecting counterparty asserts must be cured or**

**satisfied in respect of the Assumed Contract(s) and/or any objections to the potential**

assumption of the Assumed Contract(s), with all documentation supporting such Objection.

PLEASE TAKE FURTHER NOTICE that, on _____, 2019 at __:__ _.m. (Eastern time), a hearing to consider confirmation of the Plan (the "Confirmation Hearing") is scheduled to be held before the Honorable _____ at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, ___ Floor, Courtroom No. ___, Wilmington, Delaware.  The Confirmation Hearing may be continued from time to time by the Court without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing or in the filing of a notice or a hearing agenda in these Chapter 11 Cases with the Bankruptcy Court and served on other parties entitled to notice.  Any unresolved Objections to the assumption of the Assumed Contracts shall be heard contemporaneously with the Confirmation Hearing, unless otherwise ordered by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that any party that fails to file an Objection by the Objection Deadline shall be deemed to have consented to the assumption of the Assumed Contract(s) and the Cure Costs proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates, or the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that any objection to the proposed assumption of an Assumed Contract or the Cure Costs proposed by the Debtors that remains unresolved as of the Confirmation Hearing shall be heard at the Confirmation Hearing (or at a

later date as fixed by the Court), provided that any such objection may be adjourned, in full or in part, by the Debtors to a later date by listing such adjournment in a notice of agenda or other notice filed on the docket of the Cases and served on the affected counterparty.

PLEASE TAKE FURTHER NOTICE that the Debtors hereby reserve all rights to amend, revise, or supplement any documents relating to the Plan and/or to be executed, delivered, assumed, and/or performed in connection with the consummation of the Plan on the Effective Date, including the Assumption and Cure Schedule.

PLEASE TAKE FURTHER NOTICE that notwithstanding anything contained herein, this Cure Notice shall not be deemed to be an assumption, rejection, or termination of any of the Assumed Contracts.  Moreover, the Debtors explicitly reserve their rights to reject or assume each Assumed Contract pursuant to section 365(a) of the Bankruptcy Code and nothing herein (a) alters in any way the prepetition nature of the Assumed Contracts or the validity, priority, or amount of any claims of a counterparty to an Assumed Contract against the Debtors that may arise under such Assumed Contract, (b) creates a postpetition contract or agreement, or (c) elevates to administrative expense priority any claims of an counterparty to an Assumed Contract against the Debtors that may arise under such Assumed Contract.

Dated: _____, 2019          PACHULSKI STANG ZIEHL & JONES LLP

By: _____

    Richard M. Pachulski (CA Bar No. 90073)
    Ira D. Kharasch (CA Bar No. 109084)
    James E. O'Neill (DE Bar 4042)
    Maxim B. Litvak (CA Bar No. 215852)
    919 N. Market Street, 17th Floor
    Wilmington, DE 91899
    Tel:  (302) 652-4100
    Fax: (302) 652-4400
    E-mail:  rpachulski@pszjlaw.com
            ikharasch@pszjlaw.com
            joneill@pszjlaw.com
            mlitvak@pszjlaw.com

    Proposed Attorneys for Debtors and Debtors in
    Possession

# EXHIBIT A

## Assumption and Cure Schedule

## Assumption and Cure Schedule

| Legal Entity | Contract Counter Party | Contract Description | Cure Amount |
|---|---|---|---|
|  |  |  |  |

## Exhibit 3

**Form of Master and Beneficial Holder Ballots for Class 3**

**Senior Secured Notes Claims**

**IMPORTANT:** NO CHAPTER 11 CASES HAVE BEEN COMMENCED AS OF THE DATE OF DISTRIBUTION OF THIS BALLOT. THE DEBTORS INTEND TO FILE CHAPTER 11 AND SEEK CONFIRMATION OF THE PREPACKAGED JOINT PLAN OF REORGANIZATION BY THE BANKRUPTCY COURT SHORTLY THEREAFTER, AS DESCRIBED IN GREATER DETAIL IN THE ACCOMPANYING DISCLOSURE STATEMENT. THIS BALLOT IS A COMPONENT OF THE PREPETITION SOLICITATION OF YOUR VOTE ON THE PREPACKAGED PLAN OF REORGANIZATION. ONCE CHAPTER 11 CASES ARE COMMENCED, THE DEBTORS WILL REQUEST JOINT ADMINISTRATION OF SUCH CASES. THE VOTING DEADLINE IS 4:00 P.M. PREVAILING EASTERN TIME ON <u>MAY 9, 2019</u>.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FUSE, LLC, *et al.*,[1] | § | Chapter 11 |
| | § | |
| | § | Case No. 19-_____ (____) |
| Debtors. | § | (Joint Administration Requested) |
| | § | |
| | § | |
| | § | |

---

### BENEFICIAL HOLDER BALLOT FOR VOTING TO ACCEPT OR REJECT
### THE DEBTORS' PREPACKAGED JOINT PLAN OF REORGANIZATION

---

### CLASS 3 HOLDERS OF SENIOR SECURED NOTES CLAIMS
### (BENEFICIAL HOLDERS)

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY** *BEFORE* **COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED TO YOUR NOMINEE SO THAT THE MASTER BALLOT SUBMITTED ON YOUR BEHALF BY YOUR NOMINEE IS** *ACTUALLY RECEIVED* **BY THE VOTING AGENT BY** <u>MAY 9, 2019</u>, **AT 4:00 P.M. PREVAILING EASTERN TIME (THE "VOTING DEADLINE"). THEREFORE, YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE TO CAST YOUR VOTE AND ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR VOTE AND TO TRANSMIT SUCH VOTE ON A MASTER BALLOT, WHICH MASTER BALLOT MUST BE RETURNED TO THE VOTING AGENT BY THE VOTING DEADLINE IN ORDER FOR YOUR VOTE TO BE COUNTED.**

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include: Fuse Media, Inc. (9721); Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distributions, LLC (9656); Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500). The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

> **PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE. IN THE EVENT THAT ANY OF YOUR SENIOR SECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

Fuse, LLC and certain of its affiliates (collectively, the "Debtors"), are soliciting votes with respect to the *Debtors' Prepackaged Joint Plan of Reorganization* (as may be amended from time to time, the "Plan") as set forth in the *Disclosure Statement for Debtors' Prepackaged Joint Plan of Reorganization* (as may be amended from time to time, the "Disclosure Statement"). Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan. The Debtors have not yet commenced chapter 11 cases as of the date hereof in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

*For the avoidance of doubt, Debtors Fuse Media, Inc. and Fuse Media, LLC are not proponents of the Plan and the provisions of the Plan shall not extend to those entities.*

You are receiving this Class 3 Ballot for Beneficial Holders[2] (the "Class 3 Beneficial Holder Ballot") because you are a Beneficial Holder of Senior Secured Notes Claims in Class 3 as of March 15, 2019 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Class 3 Beneficial Holder Ballot. If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from Kurtzman Carson Consultants LLC (the "Voting Agent") at no charge by: (i) accessing the Debtors' restructuring website at http://www.kccllc.net/fusemedia; (ii) calling the Voting Agent at (888) 647-1737 (toll free) or +1 (310) 751-2624 (international); or (iii) emailing FuseMediaInfo@kccllc.com.

The Debtors intend to commence voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Plan thereafter can be confirmed by the Bankruptcy Court and thereby made binding on you if (i) it is accepted by the holders of at least two-thirds of the aggregate principal amount and more than one-half the number of the claims voted in Class 3, and (ii) if the Plan otherwise satisfies the applicable requirements of section 1129(a) under the Bankruptcy Code. To have your vote counted, you must complete, sign, and return this Ballot to the Voting Agent by the Voting Deadline.

**PLEASE COMPLETE, SIGN, AND DATE THIS CLASS 3 BENEFICIAL HOLDER BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR BROKER, BANK, OR OTHER NOMINEE, OR THE AGENT OF A BROKER, BANK, OR OTHER NOMINEE (EACH OF THE FOREGOING, A "NOMINEE"). IN ORDER FOR YOUR VOTE TO COUNT, YOUR NOMINEE MUST RECEIVE THIS CLASS 3 BENEFICIAL HOLDER BALLOT IN SUFFICIENT TIME FOR YOUR NOMINEE TO INCLUDE YOUR VOTE ON A MASTER BALLOT (THE "MASTER BALLOT") THAT MUST BE RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE, WHICH IS MAY 9, 2019, AT 4:00 P.M., PREVAILING EASTERN TIME. THUS, PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTE TO BE INCLUDED ON THE MASTER BALLOT COMPLETED BY YOUR NOMINEE. IF A MASTER BALLOT RECORDING YOUR VOTE IS NOT RECEIVED BY THE VOTING DEADLINE, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE**

---

[2] A "Beneficial Holder" means a beneficial owner of securities whose clams have not been satisfied prior to the Voting Record Date (as defined herein).

2

**WILL NOT COUNT UNLESS THE VOTING DEADLINE IS EXTENDED IN THE DISCRETION OF THE DEBTORS.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE.  IN THE EVENT THAT ANY OF YOUR SENIOR SECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

This Class 3 Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe that you have received this Class 3 Beneficial Holder Ballot in error, or if you believe that you have received the wrong ballot, please contact the Voting Agent *immediately* at the telephone number or email address set forth above.

You should review the Disclosure Statement and the Plan in their entirety before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your claim. Your claim has been placed in Class 3 Senior Secured Notes Claims under the Plan.

PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.

3

**PLEASE READ THE ATTACHED VOTING INFORMATION
AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

**Item 1. Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory of such beneficial holder) of a Class 3 Senior Secured Notes Claim in the following aggregate unpaid principal amount, without regard to any accrued but unpaid interest (insert amount in box below, unless otherwise completed by your Nominee):

$ _____

**Item 2. Vote on Plan.**

| **Prior to voting on the Plan, please note the following:** |
| --- |
| If you vote to accept the Plan, you shall be deemed to have consented to the Third Party Release, which is set forth in Article XII of the Plan and restated in Item 3 below. |
| If you vote to accept the Plan, you shall be deemed to vote in favor of the Plan with respect to your Deficiency Claim (as such term is defined in the Plan), to the extent that Class 4 is solicited and entitled to vote to accept or reject the Plan. |
| If you (i) do not vote either to accept or reject the Plan, or (ii) vote to reject the Plan and do not check the box in Item 3 below, you shall be deemed to have consented to the Third Party Release provisions set forth in Article XII of the Plan and included under Item 3 below. |
| The Disclosure Statement and the Plan must be referenced for a complete description of the release, injunction, and exculpation provisions incorporated in the Plan. |

The Beneficial Holder of the Class 3 Senior Secured Notes Claim against the Debtors set forth in Item 1 votes to (please check one):

| ☐ **ACCEPT** (vote FOR Plan) | ☐ **REJECT** (vote AGAINST the Plan) |
| --- | --- |

Any ballot not marked either to accept or reject the Plan, or marked both to accept and to reject the Plan, shall not be counted in determining acceptance or rejection of the plan.

**Item 3. Important information regarding the Third Party Release.**

If you voted to reject the Plan in Item 2 above, check this box if you elect not to grant the Third Party Release contained in Article XII of the Plan. Election to withhold consent is at your option. If you submit your Class 3 Beneficial Holder Ballot without this box checked, or you do not vote either to accept or reject the Plan, you will be deemed to consent to the Third Party Release contained in Article XII of the Plan to the fullest extent permitted by applicable law. If you voted to accept the Plan in Item 2 above,

4

you will be deemed to consent to the Third Party Release in Article XII of the Plan to the fullest extent permitted by applicable law. The text of the Third Party Release is set forth below.

☐    **OPT OUT**  The undersigned has voted to reject the Plan in Item 2 *and* elects to opt out of the Third Party Release described in Article XII of the Plan and set forth below.

**Article XII of the Plan contains the following provision:**

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THIS PLAN AND THE PLAN DOCUMENTS, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING, WITHOUT LIMITATION, THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE REORGANIZATION OF THE DEBTORS AND THE IMPLEMENTATION OF THE RESTRUCTURING AND THE RESTRUCTURING TRANSACTIONS, AND EXCEPT AS OTHERWISE PROVIDED IN THIS PLAN OR IN THE CONFIRMATION ORDER, THE RELEASED PARTIES ARE DEEMED FOREVER RELEASED AND DISCHARGED BY THE (I) THE HOLDERS OF ALL CLAIMS WHO VOTE TO ACCEPT THIS PLAN, (II) HOLDERS OF CLAIMS THAT ARE UNIMPAIRED UNDER THIS PLAN, (III) HOLDERS OF CLAIMS WHOSE VOTE TO ACCEPT OR REJECT THIS PLAN IS SOLICITED BUT WHO DO NOT VOTE EITHER TO ACCEPT OR TO REJECT THIS PLAN, (IV) HOLDERS OF CLAIMS WHO VOTE TO REJECT THIS PLAN BUT DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN, AND (V) THE SENIOR SECURED NOTES TRUSTEE, FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, LOSSES, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH HOLDERS OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE RESTRUCTURING TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE DISCLOSURE STATEMENT, THIS PLAN, THE NEW SECURED DEBT DOCUMENTS AND RELATED AGREEMENTS, INSTRUMENTS, AND OTHER DOCUMENTS (INCLUDING THE PLAN DOCUMENTS), THE SOLICITATION OF VOTES WITH RESPECT TO THIS PLAN, OR ANY OTHER ACT OR OMISSION, OTHER THAN CLAIMS OR CAUSES OF ACTION ARISING OUT OF OR RELATED TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS A CRIMINAL ACT OR CONSTITUTES INTENTIONAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT.

The Released Parties are, collectively, the following parties each in its capacity as such:  (a) the Debtors; (b) the Debtors' current and former directors and officers; (c) the Reorganized Debtors; (d) the Senior Secured Notes Trustee; (e) the Supporting Noteholders; (f) the Holders of the Senior Secured

Notes Claims who vote in favor of the Plan; and (g) the Related Persons of each of (a) through (f) of the foregoing.

**Item 4. Other Class 3 Beneficial Holder Ballots Submitted.**

By returning this Class 3 Beneficial Holder Ballot, the holder of the Class 3 Senior Secured Notes Claim identified in Item 1 certifies that (a) this Class 3 Beneficial Holder Ballot is the only Class 3 Beneficial Holder Ballot submitted for Class 3 Senior Secured Notes Claims owned by such holder, except as identified in the following table, and (b) all Class 3 Beneficial Holder Ballots submitted by the holder indicate the same vote to accept or reject the Plan that the holder has indicated in Item 2 of this Class 3 Beneficial Holder Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED OTHER CLASS 3 SENIOR SECURED NOTES CLAIMS ON OTHER CLASS 3 BENEFICIAL HOLDER BALLOTS**

| Account Number | Name of Other Registered Holder or Nominee (if applicable) | Principal Amount of Other Class 3 Senior Secured Notes Claims | CUSIP of Other Class 3 Senior Secured Notes Claims |
|---|---|---|---|
| | | $ | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Item 5. Certifications.**

By signing this Class 3 Beneficial Holder Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a) that, as of the Voting Record Date, either: (i) the Entity is the holder of the Class 3 Senior Secured Notes Claim being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the Class 3 Senior Secured Notes Claim being voted;

(b) that the Entity (or in the case of an authorized signatory, the holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) that the Entity has the power and authority to vote to accept or reject the Plan;

(d) that the Entity understands that an otherwise properly completed, executed, and timely returned Class 3 Beneficial Holder Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted; and

(e) that the Entity understands that if it has submitted Class 3 Beneficial Holder Ballots for other Class 3 Senior Secured Notes Claims, whether held in other accounts or other record names, and such Ballots indicate different votes to accept or reject the plan, then all such Class 3 Beneficial Holder Ballots will not be counted.

| | |
|---|---|
| Name of holder: | |
| Signature: | |
| Name of Signatory | |
| | (if other than holder) |
| Address: | |
| | |
| | |
| Telephone: | |
| Email: | |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE. IN THE EVENT THAT ANY OF YOUR SENIOR SECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

THE VOTING AGENT MUST *ACTUALLY RECEIVE* THE CLASS 3 MASTER BALLOT SUBMITTED ON YOUR BEHALF BY YOUR NOMINEE THAT REFLECTS YOUR VOTE ON OR BEFORE <u>MAY 9, 2019</u>, AT 4:00 P.M. PREVAILING EASTERN TIME (IF THE VOTING DEADLINE IS NOT EXTENDED).

**Item 6**. **Accredited Investor Status.**

**THE DEBTORS ARE REQUESTING THE BELOW CONFIRMATION REGARDING ACCREDITED INVESTOR STATUS.**

Please check the below box only if you are an "accredited investor" or the authorized signatory of an "accredited investor" within the meaning of Rule 501 of Regulation D under the Securities Act of 1933. The definition of "accredited investor" is attached hereto as **Exhibit 1**.

☐    YES, I am an Accredited Investor or the authorized signatory of an Accredited Investor.

8

| Class 3 Senior Secured Notes Claims |
| --- |

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THIS
## CLASS 3 BENEFICIAL HOLDER BALLOT

1.  The Debtors are soliciting the votes of holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Class 3 Beneficial Holder Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon you if (i) it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and (ii) if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  You must timely submit your Class 3 Beneficial Holder Ballot to your Nominee so that your Nominee can submit a Master Ballot that reflects your vote so that the Master Ballot *is actually received* by the Voting Agent by the Voting Deadline. You may instruct your Nominee to vote on your behalf in the Master Ballot by following these steps: (a) complete the Class 3 Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2; (c) indicate whether you choose to opt out of the Third Party Release in Item 3; (d) provide the requested information in Item 4 if you have submitted other Class 3 Beneficial Holder Ballots; (e) indicate in Item 6 if you are an "accredited investor"; and (f) sign and return the Class 3 Beneficial Holder Ballot to your Nominee in accordance with the instructions provided by your Nominee. The Voting Deadline for the receipt of Master Ballots by the Voting Agent is **May 9, 2019, at 4:00 p.m., prevailing Eastern Time. Your completed Class 3 Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Voting Agent on or before the Voting Deadline.**

4.  **The following Class 3 Beneficial Holder Ballots will *not* be counted:**

    (a) any Class 3 Beneficial Holder Ballot that partially rejects and partially accepts the Plan;

    (b) any Class 3 Beneficial Holder Ballot sent to the Debtors, the Senior Secured Notes Trustee, or the their respective financial or legal advisors;

    (c) any Class 3 Beneficial Holder Ballot sent by facsimile or any electronic means;

    (d) any Class 3 Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (e) any Class 3 Beneficial Holder Ballot cast by an Entity that does not hold a Claim in Class 3;

    (f) any unsigned Class 3 Beneficial Holder Ballot;

    (g) any Class 3 Beneficial Holder Ballot submitted by a holder not entitled to vote pursuant to the Plan;

    (h) any unofficial Class 3 Beneficial Holder Ballot; and/or

(i) any Class 3 Beneficial Holder Ballot not marked to accept or reject the Plan or any Class 3 Beneficial Holder Ballot marked both to accept and reject the Plan.

5. If your Class 3 Beneficial Holder Ballot is not received by your Nominee in sufficient time to be included on a timely submitted Master Ballot, it will not be counted unless the Debtors determine otherwise in their discretion. In all cases, Beneficial Holders returning a Class 3 Beneficial Holder Ballot to a Nominee should allow sufficient time to assure timely delivery of such ballot to their Nominees. No Class 3 Beneficial Holder Ballot should be sent to any of the Debtors, the Senior Secured Notes Trustee, or the their respective financial or legal advisors, and if so sent will not be counted.

6. If you deliver multiple Class 3 Beneficial Holder Ballots to the Nominee with respect to the same claim prior to the Voting Deadline, the last received valid Class 3 Beneficial Holder Ballot timely received will supersede and revoke any earlier received Class 3 Beneficial Holder Ballot.

7. If you vote to accept the Plan, you shall be deemed to vote in favor of the Plan with respect to your Deficiency Claim (as such term is defined in the Plan), to the extent that Class 4 is solicited and entitled to vote to accept or reject the Plan.

8. You must vote all of your claims within Class 3 Senior Secured Notes Claims either to accept or reject the Plan and may *not* split your vote. Further, if a holder has multiple claims within Class 3, the Debtors may, in their discretion, aggregate the claims of any particular holder with multiple claims within Class 3 for the purpose of counting votes.

9. This Class 3 Beneficial Holder Ballot does *not* constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a claim.

10. **Please be sure to sign and date your Class 3 Beneficial Holder Ballot**. If you are signing a Class 3 Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 3 Beneficial Holder Ballot.

11. The Class 3 Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

12. In the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or the consummation of the Plan does not occur, this Class 3 Beneficial Holder Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

13. There may be changes made to the Plan that do not cause material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtors will not resolicit votes for acceptance or rejection of the Plan.

14. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE

10

MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**<u>PLEASE MAIL YOUR CLASS 3 BENEFICIAL HOLDER BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 3 BENEFICIAL HOLDER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT (888) 647-1737 (TOLL FREE) OR +1 (310) 751-2624 (INTERNATIONAL) OR EMAIL FUSEMEDIAINFO@KCCLLC.COM.**

---

**IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THE CLASS 3 MASTER BALLOT FILED ON YOUR BEHALF ON OR BEFORE MAY 9, 2019, AT 4:00 P.M. PREVAILING EASTERN TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 3 BENEFICIAL HOLDER BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

**PLEASE NOTE THAT YOUR VOTE ON THE PLAN IS BINDING AND IRREVOCABLE. IN THE EVENT THAT ANY OF YOUR SENIOR SECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY YOUR VOTE ON THE PLAN.**

---

11

## Exhibit 1

*"Accredited Investor"*

Rule 501(a) under Regulation D of the Securities Act of 1933, in relevant part, states that an "accredited investor" shall mean any person who comes within any of the below listed categories, or who the issuer reasonably believes comes within any of the below listed categories, at the time of the sale of the securities to that person.

(1) Any bank as defined in section 3(a)(2) of the Act, or any savings and loan association or other institution as defined in section 3(a)(5)(A) of the Act whether acting in its individual or fiduciary capacity; any broker or dealer registered pursuant to section 15 of the Securities Exchange Act of 1934; any insurance company as defined in section 2(a)(13) of the Act; any investment company registered under the Investment Company Act of 1940 or a business development company as defined in section 2(a)(48) of that Act; any Small Business Investment Company licensed by the U.S. Small Business Administration under section 301(c) or (d) of the Small Business Investment Act of 1958; any plan established and maintained by a state, its political subdivisions, or any agency or instrumentality of a state or its political subdivisions, for the benefit of its employees, if such plan has total assets in excess of $5,000,000; any employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 if the investment decision is made by a plan fiduciary, as defined in section 3(21) of such act, which is either a bank, savings and loan association, insurance company, or registered investment adviser, or if the employee benefit plan has total assets in excess of $5,000,000 or, if a self-directed plan, with investment decisions made solely by persons that are accredited investors;

(2) Any private business development company as defined in section 202(a)(22) of the Investment Advisers Act of 1940;

(3) Any organization described in section 501(c)(3) of the Internal Revenue Code, corporation, Massachusetts or similar business trust, or partnership, not formed for the specific purpose of acquiring the securities offered, with total assets in excess of $5,000,000;

(4) Any director, executive officer, or general partner of the issuer of the securities being offered or sold, or any director, executive officer, or general partner of a general partner of that issuer;

(5) Any natural person whose individual net worth, or joint net worth with that person's spouse, at the time of his purchase exceeds $1,000,000, subject to the calculation of such net worth as set forth in such Rule;

(6) Any natural person who had an individual income in excess of $200,000 in each of the two most recent years or joint income with that person's spouse in excess of $300,000 in each of those years and has a reasonable expectation of reaching the same income level in the current year;

(7) Any trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the securities offered, whose purchase is directed by a sophisticated person as described in § 230.506(b)(2)(ii); and

(8) Any entity in which all of the equity owners are accredited investors.

**IMPORTANT:** NO CHAPTER 11 CASES HAVE BEEN COMMENCED AS OF THE DATE OF DISTRIBUTION OF THIS BALLOT. THE DEBTORS INTEND TO FILE CHAPTER 11 AND SEEK CONFIRMATION OF THE PREPACKAGED JOINT PLAN OF REORGANIZATION BY THE BANKRUPTCY COURT SHORTLY THEREAFTER, AS DESCRIBED IN GREATER DETAIL IN THE ACCOMPANYING DISCLOSURE STATEMENT. THIS BALLOT IS A COMPONENT OF THE PREPETITION SOLICITATION OF YOUR VOTE ON THE PREPACKAGED PLAN OF REORGANIZATION. ONCE CHAPTER 11 CASES ARE COMMENCED, THE DEBTORS WILL REQUEST JOINT ADMINISTRATION OF SUCH CASES. THE VOTING DEADLINE IS 4:00 P.M. PREVAILING EASTERN TIME ON <u>MAY 9, 2019.</u>

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FUSE, LLC, *et al.*,[1] | § | Chapter 11 |
| | § | |
| Debtors. | § | Case No. 19-_____ (___) |
| | § | |
| | § | |

**MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE DEBTORS' PREPACKAGED JOINT PLAN OF REORGANIZATION**

**CLASS 3 HOLDERS OF SENIOR SECURED NOTES CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY** *BEFORE* **COMPLETING THIS MASTER BALLOT.**
>
> **IN ORDER FOR THE VOTE OF YOUR BENEFICIAL HOLDER TO BE COUNTED, THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE VOTING AGENT BY <u>MAY 9, 2019</u>, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "<u>VOTING DEADLINE</u>").**

Fuse, LLC and certain of its affiliates (collectively, the "<u>Debtors</u>"), are soliciting votes with respect to the *Debtors' Prepackaged Joint Plan of Reorganization* (as may be amended from time to time, the "<u>Plan</u>") as set forth in the *Disclosure Statement for the Debtors' Prepackaged Joint Plan of Reorganization* (as may be amended from time to time, the "<u>Disclosure Statement</u>"). Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan. The Debtors have not yet commenced chapter 11 cases as of the date hereof in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>").

***For the avoidance of doubt, Debtors Fuse Media, Inc. and Fuse Media, LLC are not proponents of the Plan and the provisions of the Plan shall not extend to those entities.***

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include: Fuse Media, Inc. (9721); Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distributions, LLC (9656); Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500). The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

1

You are receiving this master ballot (the "Master Ballot") because you are a Nominee (as defined below) of a Beneficial Holder[2] of Class 3 Senior Secured Notes Claims as of March 15, 2019 (the "Voting Record Date"). Class 3 Senior Secured Notes Claims include any claims against any Debtor arising or related to (i) the Senior Secured Notes and/or the Senior Secured Notes Indenture; and (ii) all agreements and instruments related to the foregoing (including, but not limited to, any guarantees with respect thereto) that remain unpaid and outstanding as of the effective date of the Plan.

**This Master Ballot is to be used by you as a broker, dealer, bank, trust company, or other agent or nominee (each of the foregoing, a "Nominee") of a Beneficial Holder, or as the proxy holder of a Nominee for certain Beneficial Holder's Class 3 Senior Secured Notes Claims (the "Class 3 Claims"), to transmit to the Voting Agent (as defined below) the votes of such Beneficial Holders in respect of their Class 3 Claims to accept or reject the Plan.** This Master Ballot may not be used for any purpose other than for submitting votes with respect to Class 3 Claims under the Plan.

The rights and treatment for Class 3 are described in the Disclosure Statement and the Plan, which was included in the package (the "Solicitation Package") that you are receiving with this Master Ballot. For Nominees only, if you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from Kurtzman Carson Consultants LLC (the "Voting Agent") at no charge by: (i) accessing the Debtors' restructuring website at http://www.kccllc.net/fusemedia; (ii) calling the Voting Agent at (877) 833-4150 (toll free) or +1 (917) 281-4800 (international); or (iii) emailing FuseMediaInfo@kccllc.com.

Nominees should use this Master Ballot to tabulate votes on behalf of Beneficial Holders to accept or reject the Plan. This Master Ballot may not be used for any purpose other than for casting votes with respect to Class 3 Claims to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Master Ballot in error, please contact the Voting Agent *immediately* at the telephone number or email address set forth above.

The Court may confirm the Plan and thereby bind all holders of claims and equity interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Voting Agent *actually receives* it on or before the Voting Deadline.

PLEASE READ THE DISCLOSURE STATEMENT AND PLAN FOR MORE DETAILS.

**THE VOTING DEADLINE IS MAY 9, 2019, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

       ❒  Is a broker, dealer, bank, trust company, or other agent or nominee for the Beneficial Holders of the aggregate principal amount of the Class 3 Claims listed in Item 2 below, and is the record holder of such bonds, or

       ❒  Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, dealer, bank, trust company, or other agent or nominee that is

---

[2] A "Beneficial Holder" means a beneficial owner of securities whose claims have not been satisfied prior to the Voting Record Date (as defined herein).

2

the registered holder of the aggregate principal amount of Class 3 Claims listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a broker, dealer, bank, trust company, or other agent or nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Class 3 Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 3 Claims described in Item 2.

**Item 2. Vote on Plan.**

The undersigned transmits the following votes of the Beneficial Holders of Class 3 Claims and certifies that the following Beneficial Holders of Class 3 Claims, as identified by their respective customer account numbers set forth below, are the Beneficial Holders of such claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, Class 3 Beneficial Holder Ballots casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each holder *must vote all* such Beneficial Holder's Class 3 Claims to accept or reject the Plan and may not split such vote. Any Class 3 Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

If a Beneficial Holder who has voted to reject the Plan has checked the "opt out" box on Item 3 of the Class 3 Beneficial Holder Ballot pertaining to the releases by holders of claims and equity interests as detailed in Article XII of the Plan (the "Third Party Release"), please check the box in the appropriate column below.

If Item 6 of the Class 3 Beneficial Holder Ballot was completed (*i.e.*, an accredited investor disclosure), please check the box in the appropriate column below.

3

| Your Customer Account Number and/or Customer Name for Each Beneficial Holder of Class 3 Claims | Principal Amount Held as of Voting Record Date | Item 2 Indicate the vote cast on the Class 3 Beneficial Holder Ballot by checking the appropriate box below. | | | Opt Out of Third Party Release (If the box in Item 3 of the Class 3 Beneficial Holder Ballot was completed, check the box in the column below) | Accredited Investor (If the box in Item 6 of the Class 3 Beneficial Holder Ballot was completed, check the box in the column below) |
|---|---|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan | | |
| 1. | $ | ☐ | | ☐ | ☐ | ☐ |
| 2. | $ | ☐ | | ☐ | ☐ | ☐ |
| 3. | $ | ☐ | | ☐ | ☐ | ☐ |
| 4. | $ | ☐ | | ☐ | ☐ | ☐ |
| 5. | $ | ☐ | | ☐ | ☐ | ☐ |
| 6. | $ | ☐ | | ☐ | ☐ | ☐ |
| Totals | $ | | | | | |

**Item 3. Other Class 3 Claims Ballots Submitted by Beneficial Holders.**

The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 4 of the Class 3 Beneficial Holder Ballot, identifying any Class 3 Senior Secured Notes Claims for which such Beneficial Holder has submitted other ballots:

| Your Customer Account Number and/or Customer Name for Each Beneficial Holder who completed Item 4 of the Class 3 Beneficial Holder Ballot. | Transcribe from Item 4 of the Class 3 Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Other Registered Holder or Nominee | Principal Amount of Other Class 3 Senior Secured Notes Claims | CUSIP of Other Class 3 Senior Secured Notes Claims |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |

**Item 4. Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

(a)    it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, the Class 3 Beneficial Holder Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class 3 Claims listed in Item 2 above;

(b)    it has received a completed and signed Class 3 Beneficial Holder Ballot from each Beneficial Holder listed in Item 2 of this Master Ballot;

(c)    it is the registered holder of all Class 3 Claims listed in Item 2 above being voted, or it has been authorized by each Beneficial Holder of Class 3 Claims listed in Item 2 above to vote on the Plan and to make applicable elections;

(d)    no other Master Ballots with respect to the same Class 3 Claims identified in Item 2 have been cast or, if any other Master Ballots have been cast with respect to such claims, then any such earlier Master Ballots are hereby revoked;

(e)    it has properly disclosed: (a) the number of Beneficial Holders of Class 3 Claims who completed the Class 3 Beneficial Holder Ballots; (b) the respective amounts of the Class 3 Claims owned by each Beneficial Holder of Class 3 Claims who completed a Class 3 Beneficial Holder Ballot; (c) each such Beneficial Holder of Class 3 Claims' respective vote concerning the Plan; (d) each such Beneficial Holder of Class 3 Claims' certification as to other Class 3 Claims voted; and (e) the customer account or other identification number for each such Beneficial Holder of Class 3 Claims; and

(f)    it will maintain the Class 3 Beneficial Holder Ballots returned by Beneficial Holders of Class 3 Claims (whether properly completed or defective) for at least one (1) year after the Effective

Date of the Plan and disclose all such information to the Bankruptcy Court or the Debtors, if so ordered.

Name of Nominee: _____

DTC Participant
Number: _____

Signature: _____

Name of Signatory _____
(if other than holder)

Address: _____
_____
_____

Telephone: _____

Email: _____

Date Completed: _____


**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT (WITH AN ORIGINAL SIGNATURE) PROMPTLY BY FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

**Fuse, LLC**
**Ballot Processing Center**
**C/O Kurtzman Carson Consultants LLC**
**1290 Avenue of the Americas, 9th Floor**
**New York, NY  10104**

**Telephone: (877) 833-4150 (toll free) or +1 (917) 281-4800 (international)**

**Email: FuseMediaInfo@kccllc.com**

IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 3 MASTER BALLOT OR BEFORE MAY 9, 2019, AT 4:00 P.M. PREVAILING EASTERN TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED), AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS CLASS 3 MASTER BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

| **Class 3 Senior Secured Notes Claims** |
|---|

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING
## THIS MASTER BALLOT

1. The Debtors are soliciting the votes of holders of Class 3 Senior Secured Notes Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Master Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding if it is accepted by the holders of at least two-thirds in aggregate principal amount and more than one-half in number of claims that vote on the Plan in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. You should immediately distribute the Class 3 Beneficial Holder Ballots and the Solicitation Package to all Beneficial Holders of Class 3 Senior Secured Notes Claims and take any action required to enable each such Beneficial Holder to vote timely the claims that it holds. You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices. Any Class 3 Beneficial Holder Ballot returned to you by a Beneficial Holder of a Class 3 Senior Secured Notes Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to the Voting Agent a Master Ballot that reflects the vote of such Beneficial Holders by **May 9, 2019, at 4:00 p.m. prevailing Eastern Time** or otherwise validate the Master Ballot in a manner acceptable to the Voting Agent.

4. If you are transmitting the votes of any Beneficial Holder of Class 3 Senior Secured Notes Claims other than yourself, you must, within five (5) Business Days after receipt by you of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 3 Senior Secured Notes Claims for voting along with a return envelope provided by and addressed to you, with the Beneficial Holder then returning the individual Class 3 Beneficial Holder Ballot to you. In such case, you will tabulate the votes of your respective owners on a Master Ballot that is provided and then return the Master Ballot to the Voting Agent. You should advise the Beneficial Holders to return their individual Class 3 Beneficial Holder Ballots to you by a date calculated by you to allow you to return the Master Ballot to the Voting Agent so that the Master Ballot is actually received by the Voting Agent on or before the Voting Deadline.

5. With regard to any Class 3 Beneficial Holder Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Voting Agent by the Voting Deadline; and (d) retain such Class 3 Beneficial Holder Ballots from Beneficial Holders in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Class 3 Beneficial Holder Ballots to the Debtors or the Bankruptcy Court.

6. The Master Ballot *must* be returned to the Voting Agent so as to be *actually received* by the Voting Agent on or before the Voting Deadline. **The Voting Deadline is May 9, 2019, at 4:00 p.m., prevailing Eastern Time.**

7. If a Master Ballot is received *after* the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtors. Additionally, **the following Master Ballots will *not* be counted:**

    (a) any Master Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Class 3 Claim;

    (b) any unsigned Class 3 Beneficial Holder Ballot or Master Ballot;

    (c) any Class 3 Beneficial Holder Ballot or Master Ballot that does not contain an original signature;

    (d) any Master Ballot not marked to accept or reject the Plan; and

    (e) any Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

8. The method of delivery of Master Ballots to the Voting Agent is at the election and risk of each Nominee of Class 3 Claims. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent *actually receives* the originally executed Master Ballot. In all cases, Beneficial Holders and Nominees should allow sufficient time to assure timely delivery. The Master Ballot should not be sent to the Debtors, the Senior Secured Notes Trustee, or their respective financial or legal advisors.

9. If multiple Master Ballots are received from the same Nominee with respect to the same Class 3 Beneficial Holder Ballot prior to the Voting Deadline, the latest, timely received, and properly completed Master Ballot will supersede and revoke any earlier received Master Ballots.

10. The Master Ballot may not be used for any purpose other than to vote to accept or reject the Plan by reflecting boxes checked in Item 3 of the Class 3 Beneficial Holder Ballot with respect to the Third Party Releases; Item 4 identifying Class 3 Senior Secured Notes Claims for which Beneficial Holders have submitted multiple Class 3 Beneficial Holder Ballots; and Item 6 with respect to the "accredited investor" status of the Beneficial Holder.

11. The Master Ballot does *not* constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a claim.

12. **Please be sure to sign and date the Master Ballot.** You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13. If you are both the Nominee and the Beneficial Holder of any of the Class 3 Senior Secured Notes Claims and you wish to vote such Class 3 Senior Secured Notes Claims, **you may return a Class 3 Beneficial Holder Ballot or Master Ballot for such Class 3 Senior Secured Notes Claims and you must vote your entire Class 3 Senior Secured Notes Claim to either accept or reject the Plan and may not split your vote**. Accordingly, a Class 3 Beneficial Holder Ballot, other than a Master Ballot with the votes of multiple Beneficial Holders, which partially rejects and partially accepts the Plan will not be counted.

14. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor

held one claim in such Class, and all votes related to such claim will be treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities hold claims in a particular Class, these claims will not be aggregated and will not be treated as if such creditor held one claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

15. The following additional rules shall apply to Master Ballots:

    (a) Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class 3 Senior Secured Notes Claims as of the Voting Record Date, as evidenced by the record and depository listings.

    (b) To the extent that conflicting votes or "over-votes" are submitted by a Nominee, the Voting Agent will attempt to reconcile discrepancies with the Nominee;

    (c) To the extent that over-votes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Nominee's position in Class 3 Senior Secured Notes Claims; and

    (d) For purposes of tabulating votes, each holder holding through a particular account will be deemed to have voted the principal amount relating its holding in that particular account, although the Voting Agent may be asked to adjust such principal amount to reflect the claim amount.

16. There may be changes made to the Plan that do not cause material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtors will not resolicit votes for acceptance or rejection of the Plan.

17. PLEASE NOTE THAT ALL VOTES ON THE PLAN ARE BINDING AND IRREVOCABLE. IN THE EVENT THAT ANY OF THE SENIOR SECURED NOTES ARE TRANSFERRED, ANY ASSIGNEE OF SUCH NOTES SHALL BE BOUND BY THE PRIOR HOLDER'S VOTE ON THE PLAN.

<u>**PLEASE MAIL YOUR MASTER BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 3 MASTER BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE VOTING AGENT AT (877) 833-4150 (TOLL FREE) or +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL FUSEMEDIAINFO@KCCLLC.COM.**

---

**IF THE VOTING AGENT DOES NOT *ACTUALLY RECEIVE* THIS MASTER BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS <u>MAY 9, 2019</u>, AT 4:00 P.M. PREVAILING EASTERN TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES TRANSMITTED IN THE MASTER BALLOT MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

---