IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FUSE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10872 (KG)<br><br>(Jointly Administered) |

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED
CHAPTER 11 BANKRUPTCY CASES; (II) COMBINED HEARING
ON THE DISCLOSURE STATEMENT, CONFIRMATION OF THE
PREPACKAGED JOINT PLAN OF REORGANIZATION, AND RELATED
MATTERS; AND (III) OBJECTION DEADLINES AND SUMMARY OF THE
DEBTORS' PREPACKAGED JOINT PLAN OF REORGANIZATION**

**NOTICE IS HEREBY GIVEN** as follows:

On April 22, 2019 (the "Petition Date"), Fuse, LLC and certain of its affiliates, as debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"): (a) the *Debtors' Prepackaged Joint Plan of Reorganization* dated April 18, 2019 (as it may be amended or modified, the "Plan") [Docket No. 13] and (b) the *Disclosure Statement for Debtors' Prepackaged Joint Chapter 11 Plan of Reorganization* dated April 18, 2019 (as it may be amended or modified, the "Disclosure Statement") [Docket No. 14] pursuant to sections 1125 and 1126(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[2] Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court.

**Additionally, parties may request a copy of the Plan and the Disclosure Statement through Kurtzman Carson Consultants LLC (the "Voting Agent") by: (i) accessing the Debtors' restructuring website at http://www.kccllc.net/fusemedia; (ii) calling the Voting Agent at (888) 647-1737 (toll free) or +1 (310) 751-2624 (international); or (iii) emailing FuseMediaInfo@kccllc.com.**

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include: Fuse Media, Inc. (9721); Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distribution, LLC (9656); Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500). The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

*For the avoidance of doubt, Debtors Fuse Media, Inc. and Fuse Media, LLC are not proponents of the Plan and the provisions of the Plan shall not extend to those entities*.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

The Plan is a "prepackaged" plan of reorganization.  The solicitation of votes on the Plan began pre-bankruptcy.  **Only Holders of Senior Secured Notes Claims (Class 3) are entitled to vote on the Plan.**  The primary purpose of the Plan is to effectuate a restructuring of the Debtors' business.  The Debtors believe that any valid alternative to confirmation of the Plan would result in significant delays, litigation, and additional costs and, ultimately, would jeopardize recoveries for holders of allowed claims.

**Information Regarding the Plan**

**Voting Record Date/Deadline**. The voting record date was April 5, 2019, which was the date for determining which holders of Class 3 Senior Secured Notes Claims were entitled to vote on the Plan.  The voting deadline is May 9, 2019.

**Objections to the Plan**. The deadline for filing objections to the Plan and the Disclosure Statement is **May 29, 2019, at 4:00 p.m., prevailing Eastern time**.  Any objection (each, an "Objection") must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the District of Delaware; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; and (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections.

Objections must be filed with the Bankruptcy Court and served so as to be **actually received** no later than **May 29, 2019, at 4:00 p.m., prevailing Eastern time**, by those parties who have filed a notice of appearance in the Debtors' chapter 11 cases as well as the following parties:

| | |
|---|---|
| **Debtors** | **Fuse, LLC**<br>700 North Central Avenue, Suite 600<br>Glendale, CA 91203<br>Attn:  Miguel Roggero |
| **Proposed Counsel for the Debtors** | **Pachulski Stang Ziehl & Jones LLP**<br>919 N. Market Street<br>17th Floor<br>Wilmington, DE 19899 (Courier 19801)<br>Attn:    Richard M. Pachulski, Esq.<br>           James E. O'Neill, Esq. |
| **Counsel to the Senior Secured Notes Trustee** | **Wilmer Cutler Pickering Hale and Dorr LLP**<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Attn:  Andrew N. Goldman, Esq. |
| **Counsel to the Supporting Noteholders** | **Fried, Frank, Harris, Shriver & Jacobson LLP**<br>One New York Times Plaza<br>New York, NY 10004<br>Attn:  Brad E. Scheler, Esq.<br>Jennifer Rodburg, Esq.<br>Andrew M. Minear, Esq.<br><br>and |

|  |  |
|---|---|
|  | **Richards, Layton & Finger, P.A.**<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>Attn: Michael J. Merchant |
| **United States Trustee** | **Office of the United States Trustee**<br>844 King Street<br>Suite 2207<br>Wilmington, DE 19801 |

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT. AS DESCRIBED BELOW, YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**Procedures for Objections to the Proposed Assumption or Rejection of an Executory Contract and Unexpired Lease and Proposed Cure Amounts.** The Plan provides that all Executory Contracts and Unexpired Leases will be rejected as of the Effective Date of the Plan, except for Executory Contracts and Unexpired Leases that (1) are identified in the Plan Supplement for assumption, (2) have been previously assumed pursuant to an order of the Bankruptcy Court, (3) are the subject of a separate motion or notice to assume filed by the Debtors and pending as of the date on which the Plan becomes effective, or (4) previously expired or terminated pursuant to their own terms or by agreement of the parties thereto. *See* Plan, Article VII.A. To the extent that the Debtors seek to assume one or more Executory Contracts or Unexpired Leases, the Debtors shall file with the Court a list of such Executory Contacts and Unexpired Leases and their respective Cure Amounts and serve a notice (the "Assumption and Cure Notice") on the non-Debtor counterparties to such Executory Contacts and Unexpired Leases not less than twenty-one (21) days prior to the date of the Confirmation Hearing.

Any counterparty to an Executory Contract or Unexpired Lease that disputes the Debtors' proposed cure amount or otherwise objects to the assumption of such Executory Contract or Unexpired Lease, or objects to the rejection of an Executory Contract or Unexpired Lease, shall file an objection thereto that complies with the requirements described above with respect to objections to the Plan prior to **May 22, 2019, at 4:00 p.m., prevailing Eastern time**.

Please be advised that the Debtors reserve all rights to amend, revise, or supplement any documents relating to the Plan and/or to be executed, delivered, assumed, and/or performed in connection with the consummation of the Plan on the Effective Date, including the Assumption and Cure Notice and the Executory Contacts and Unexpired Leases listed thereon.

**Summary of Plan Treatment**

The following chart summarizes the treatment provided by the Plan to each class of Claims against and Interests in the Debtors, and indicates the voting status of each class. This chart is only a summary of the classification of Claims and Equity Interests under the Plan. References should be made to the entire Disclosure Statement and the Plan for complete description.

| Class | Type of Claim or Interest | Estimated Claim Amount | Impairment | Entitled to Vote | Estimated Recovery Under Plan |
|---|---|---|---|---|---|
| 1 | Other Priority Claims | $0 | No | No | 100% |
| 2 | Other Secured Claims | $0 | No | No | 100% |
| 3 | Senior Secured Notes Claims | $242,000,000 plus interest, fees, and expenses | Yes | Yes | Substantially greater than liquidation value, but substantially less than outstanding claims |
| 4 | General Unsecured Claims | $10,000,000 – $25,000,000[3] (approx.) | Yes | No | 0% |
| 5 | Equity Interests in Debtors | N/A | Yes | No | 0% |

### Non-Voting Status of Holders of Certain Claims and Interests and Contract Parties

As set forth above, certain holders of Claims and all holders of Equity Interests are **not** entitled to vote on the Plan. As a result, such parties did not receive any ballots and other related solicitation materials in order to vote on the Plan. Claims in Classes 1 and 2 are Unimpaired under the Plan, and therefore, are presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Each Holder of an Allowed Claim in Class 3 is entitled to vote either to accept or to reject the Plan. Only those votes cast by Holders of Allowed Claims in Class 3 shall be counted in determining whether acceptances have been received sufficient in number and amount to obtain Confirmation. Holders of Class 4 General Unsecured Claims and Class 5 Equity Interests in the Debtors are Impaired and shall receive no distribution under the Plan on account of such Claims and Equity Interests and are therefore deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. To the extent Class 4 is entitled to vote in favor of the Plan, the Supporting Noteholders have each agreed to vote in favor of the Plan with respect to such holders' Deficiency Claim. Finally, the Plan provides that all of the Debtors' executory contracts and unexpired leases will be rejected, unless specifically identified for assumption. You should assume that your contract and/or lease will be rejected, unless you are notified that such contract and/or lease will be assumed by the Debtors.

As explained above, the Voting Agent will provide you, free of charge, with copies of the Plan and the Disclosure Statement, upon request.

### Discharge, Injunctions, Exculpation, and Releases[4]

Please be advised that the Plan contains certain discharge, release, exculpation, and injunction provisions as follows:

---

[3] This amount excludes the Deficiency Claim.
[4] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. Defined terms used in this summary have the meanings ascribed in the Plan. If there is an inconsistency between the provisions set forth herein and the Plan, the Plan governs.

A.  **Discharge of Claims**

To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by the Plan or the Confirmation Order, all consideration distributed under the Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims and Equity Interests of any kind or nature whatsoever against the Debtors or any of their Assets or properties, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Equity Interests.  Except as otherwise expressly provided by the Plan or the Confirmation Order, upon the Effective Date, the Debtors and their Estates will be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims and Equity Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

B.  **Releases by Debtors**

EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, THE ADEQUACY OF WHICH IS HEREBY ACKNOWLEDGED AND CONFIRMED, THE DEBTORS AND REORGANIZED DEBTORS, IN THEIR INDIVIDUAL CAPACITIES AND AS DEBTORS-IN-POSSESSION, THE FUSE LITIGATION TRUST AND THE LITIGATION TRUSTEE (COLLECTIVELY, THE "RELEASING PARTIES") WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER PROVIDED A FULL DISCHARGE, WAIVER AND RELEASE TO THE RELEASED PARTIES (AND EACH SUCH RELEASED PARTY SO RELEASED SHALL BE DEEMED FOREVER RELEASED, WAIVED AND DISCHARGED BY THE RELEASING PARTIES) AND THEIR RESPECTIVE PROPERTIES FROM ANY AND ALL CLAIMS, CAUSES OF ACTION, LITIGATION CLAIMS AND ANY OTHER DEBTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, ACTIONS, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING AS OF THE EFFECTIVE DATE OR THEREAFTER ARISING, IN LAW, AT EQUITY, WHETHER FOR TORT, CONTRACT, OR OTHERWISE, BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, OR OTHER OCCURRENCE OR CIRCUMSTANCES EXISTING OR TAKING PLACE PRIOR TO OR ON THE EFFECTIVE DATE ARISING FROM OR RELATED IN ANY WAY IN WHOLE OR IN PART TO THE DEBTORS, THE CHAPTER 11 CASES, THE DISCLOSURE STATEMENT, THE PLAN OR THE SOLICITATION OF VOTES ON THE PLAN THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR THAT ANY HOLDER OF A CLAIM OR EQUITY INTEREST OR OTHER ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT FOR OR ON BEHALF OF THE DEBTORS, THEIR ESTATES OR THE REORGANIZED DEBTORS (WHETHER DIRECTLY OR DERIVATIVELY) AGAINST ANY OF THE RELEASED PARTIES; *PROVIDED, HOWEVER*, THAT THE FOREGOING PROVISIONS OF THIS RELEASE SHALL NOT OPERATE TO WAIVE OR RELEASE (I) ANY OFFSET, DEFENSE, COUNTERCLAIM, REDUCTION, OR CREDIT THAT THE DEBTORS OR REORGANIZED DEBTORS MAY HAVE WITH REGARD TO ANY CLAIM ASSERTED AGAINST THEM BY A RELEASED PARTY; (II) ANY CAUSES OF ACTION EXPRESSLY SET FORTH IN AND PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT; (III) ANY CAUSES OF ACTION ARISING FROM FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT

AS DETERMINED BY FINAL ORDER OF THE BANKRUPTCY COURT OR ANY OTHER COURT OF COMPETENT JURISDICTION; AND/OR (IV) THE RIGHTS OF SUCH RELEASING PARTY TO ENFORCE THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, INDENTURES, AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THE PLAN OR ASSUMED PURSUANT TO THE PLAN OR ASSUMED PURSUANT TO FINAL ORDER OF THE BANKRUPTCY COURT. THE FOREGOING RELEASE SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE AND WITHOUT NEED FOR ANY NOTICE TO OR ANY VOTE, CONSENT, AUTHORIZATION, APPROVAL, RATIFICATION OR OTHER ACTION BY ANY ENTITY OR OTHER PERSON OR ANY DIRECTOR, STOCKHOLDER, SECURITY HOLDER, MANAGER, MEMBER, OR PARTNER (OR BOARD THEREOF) OF ANY ENTITY AND THE CONFIRMATION ORDER WILL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES RELEASED PURSUANT TO THIS RELEASE. NOTWITHSTANDING THE FOREGOING, THE DEBTORS ARE NOT RELEASING THE DEBTORS (BUT THEY ARE RELEASING THE RELATED PERSONS TO THE DEBTORS PURSUANT TO THIS PARAGRAPH).

The Released Parties are, collectively, the following parties each in its capacity as such: (a) the Debtors; (b) the Debtors' current and former directors and officers; (c) the Reorganized Debtors; (d) the Senior Secured Notes Trustee; (e) the Supporting Noteholders; (f) the Holders of the Senior Secured Notes Claims who vote in favor of the Plan; and (g) the Related Persons of each of (a) through (f) of the foregoing.

C.  **Third Party Release By Holders of Claims**

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THE PLAN AND THE PLAN DOCUMENTS, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING, WITHOUT LIMITATION, THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE REORGANIZATION OF THE DEBTORS AND THE IMPLEMENTATION OF THE RESTRUCTURING AND THE RESTRUCTURING TRANSACTIONS, AND EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR IN THE CONFIRMATION ORDER, THE RELEASED PARTIES ARE DEEMED FOREVER RELEASED AND DISCHARGED BY THE (I) THE HOLDERS OF ALL CLAIMS WHO VOTE TO ACCEPT THE PLAN, (II) HOLDERS OF CLAIMS THAT ARE UNIMPAIRED UNDER THE PLAN, (III) HOLDERS OF CLAIMS WHOSE VOTE TO ACCEPT OR REJECT THE PLAN IS SOLICITED BUT WHO DO NOT VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN, (IV) HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN BUT DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN, AND (V) THE SENIOR SECURED NOTES TRUSTEE, FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, LOSSES, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH HOLDERS OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER

INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE RESTRUCTURING TRANSACTIONS, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE DISCLOSURE STATEMENT, THE PLAN, THE NEW SECURED DEBT DOCUMENTS AND RELATED AGREEMENTS, INSTRUMENTS, AND OTHER DOCUMENTS (INCLUDING THE PLAN DOCUMENTS), THE SOLICITATION OF VOTES WITH RESPECT TO THE PLAN, OR ANY OTHER ACT OR OMISSION, OTHER THAN CLAIMS OR CAUSES OF ACTION ARISING OUT OF OR RELATED TO ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS A CRIMINAL ACT OR CONSTITUTES INTENTIONAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT.

**D.**     **Exculpation**

The Exculpated Parties will neither have nor incur any liability to any Entity for any claims or Causes of Action arising before, on or after the Petition Date and prior to or on the Effective Date for any act taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the Consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, the approval of the Disclosure Statement or confirmation or Consummation of the Plan; *provided, however*, that the foregoing provisions will have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order of the Bankruptcy Court or other court of competent jurisdiction to have constituted gross negligence or willful misconduct; *provided, further*, that each Exculpated Party will be entitled to rely upon the advice of counsel concerning its duties pursuant to, or in connection with, the above referenced documents, actions or inactions; *provided, further*, however that the foregoing provisions will not apply to any acts, omissions, Claims, Causes of Action or other obligations expressly set forth in and preserved by the Plan or the Plan Supplement.

The Exculpated Parties are, collectively, the following parties:  (a) the Debtors, (b) the Reorganized Debtors, (c) the Supporting Noteholders, (d) the Senior Secured Notes Trustee, (e) the Fuse Litigation Trust, (f) the Litigation Trust Oversight Committee, (f) the Litigation Trustee, and (g) the respective Related Persons of each of the foregoing Entities.

**E.**     **Injunction**

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY SUIT, ACTION OR OTHER PROCEEDING, OR CREATING, PERFECTING OR ENFORCING ANY LIEN OF ANY KIND, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, EQUITY INTEREST, OR REMEDY

RELEASED OR TO BE RELEASED, EXCULPATED OR TO BE EXCULPATED, OR DISCHARGED OR TO BE DISCHARGED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.  BY ACCEPTING DISTRIBUTIONS PURSUANT TO THE PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR EQUITY INTEREST WILL BE DEEMED TO HAVE SPECIFICALLY CONSENTED TO THIS INJUNCTION.  ALL INJUNCTIONS OR STAYS PROVIDED FOR IN THE CHAPTER 11 CASES UNDER SECTION 105 OR 362 OF THE BANKRUPTCY CODE, OR OTHERWISE, AND IN EXISTENCE ON THE CONFIRMATION DATE, WILL REMAIN IN FULL FORCE AND EFFECT UNTIL THE EFFECTIVE DATE.

### **Releases Granted by Members of Classes 1 and 2**

If you are member of Class 1 or Class 2, then, as noted above, you are deemed to have accepted the Plan and you are deemed to have consented to the third party releases set forth in Article XII of the Plan and above.

### **Releases Granted by Members of Class 3**

If you are a member of Class 3, and if you voted to accept the Plan, you will be deemed to have consented to the third party releases set forth in Article XII of the Plan and above.

If you and are a member of Class 3 and you (i) did not vote either to accept or reject the Plan, or (ii) voted to reject the Plan and did not check the "opt out" box in Item 3 of your ballot, you shall be deemed to have consented to the releases set forth in Article XII of the Plan and included in item 3 of your ballot.  For the Class 3 members described in item (ii) of this paragraph, the election to withhold consent to grant the releases by checking the "opt out" box in Item 3 of your ballot is at your option.

### **Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement**

The hearing (the "Confirmation Hearing") will be held before the Honorable Kevin Gross, United States Bankruptcy Judge of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 3, Wilmington, DE 19801, on June 5, 2019, at 10:00 a.m., prevailing Eastern time, to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court.  Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or in the filing of a notice or a hearing agenda in these Chapter 11 Cases with the Bankruptcy Court and served on other parties entitled to notice.

| | |
|---|---|
| Dated: May 1, 2019 | PACHULSKI STANG ZIEHL & JONES LLP |

By: */s/ James E. O'Neill*
    Richard M. Pachulski (CA Bar No. 90073)
    Ira D. Kharasch (CA Bar No. 109084)
    James E. O'Neill (DE Bar 4042)
    Maxim B. Litvak (CA Bar No. 215852)
    919 N. Market Street, 17th Floor
    Wilmington, DE 91899
    Tel: (302) 652-4100
    Fax: (302) 652-4400
    E-mail:  rpachulski@pszjlaw.com
              ikharasch@pszjlaw.com
              joneill@pszjlaw.com
              mlitvak@pszjlaw.com

Proposed Attorneys for Debtors and Debtors in Possession