IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FUSE, LLC, *et al.*,[1] | ) | Case No.: 19-10872 (KG) |
| | ) | |
|           Debtors. | ) | (Jointly Administered) |
| | ) | |

Objection Deadline: May 29, 2019 at 4:00 p.m. (ET)
Hearing Date: June 5, 2019 at 10:00 a.m. (ET)

## OMNIBUS MOTION OF FUSE MEDIA, INC. AND FUSE MEDIA, LLC FOR ENTRY OF AN ORDER AUTHORIZING FUSE MEDIA, INC. AND FUSE MEDIA, LLC TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS

> **PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS ON THE SCHEDULE ANNEXED HERETO AS <u>EXHIBIT A</u> TO DETERMINE IF THIS MOTION AFFECTS THEIR CONTRACT OR THEIR RIGHTS THEREUNDER.**

Fuse Media, Inc. and Fuse Media, LLC (collectively, the "Fuse Media Debtors") file this motion (the "Motion") for the entry of an order, pursuant to sections 363(b) and 365(a) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), authorizing the Fuse Media Debtors to assume and assign certain executory contracts on the effective date of a plan of reorganization for the subsidiaries of the Fuse Media Debtors that is confirmed in these chapter 11 cases. The executory contracts are used in the operation, and are part of the on-going business, of the Fuse Media Debtors' operating subsidiaries, including Fuse, LLC, that are seeking to reorganize pursuant to the Plan (as defined herein). The Fuse Media Debtors are not proponents of the Plan

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include: Fuse Media, Inc. (9721); Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distribution, LLC (9656); Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500). The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

and, accordingly, executory contracts of the Fuse Media Debtors cannot be assumed through the Plan. Accordingly, the Fuse Media Debtors bring this motion to assume and assign certain executory contracts to Fuse, LLC. In support of the Motion, the Fuse Media Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 363(b) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

## BACKGROUND

### A. Case Background

4. On April 22, 2019 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in these chapter 11 cases.

5.  The Debtors are a leading multicultural media company, composed principally of two cable networks, Fuse and FM. The Debtors are headquartered in Glendale, California and also maintain an office in New York, New York.

6.  A more detailed description of the business and operations of the Debtors, and the events leading to the commencement of these chapter 11 cases, is provided in the *Declaration of Miguel Roggero in Support of First Day Motions* [Docket No. 3] (the "First Day Declaration"), and incorporated herein by reference.

### B.  Plan of Reorganization

7.  Given the state of the industry and reductions in revenues from traditional cable and satellite companies, the Debtors began to consider restructuring options during 2018 and commenced discussions with its largest noteholders. After months of negotiations, the parties reached agreement on a debt-for-equity swap that would be implemented through a prepackaged chapter 11 plan (the "Plan"). All of the Debtors excluding the Fuse Media Debtors (collectively, the "Operating Debtors") are proponents of the Plan.

8.  The Operating Debtors commenced solicitation of the Plan prior to the Petition Date and have already received ballots from a majority of the holders of the Operating Debtors' senior secured notes. The solicitation process is ongoing.

9.  The Debtors intend to move promptly towards confirmation of the Plan and to exit bankruptcy as quickly as possible in order to minimize any potential adverse impact of the bankruptcy filing on the Debtors' business. The Debtors believe that the proposed Plan is in the best interests of the Debtors' creditors and will maximize the value of these estates.

### C. The Contracts

10. The Debtors are party to numerous executory contracts in connection with their ongoing business operations. These contracts relate to, among other things, content rights, distribution rights, information technology services, and other services utilized by the Debtors in the ordinary course of business. The Operating Debtors have proposed to assume certain executory contracts through the Plan. The Fuse Media Debtors are counterparties to a number of executory contracts that are used in the operations and business of the Operating Debtors; however, the Fuse Media Debtors are not proponents of the Plan. This Motion will facilitate assumption of those certain executory contracts by the Fuse Media Debtors and assignment of those contracts to Operating Debtor Fuse, LLC.

### RELIEF REQUESTED

11. By this Motion, the Fuse Media Debtors seek the entry of an order authorizing, but not directing, the Fuse Media Debtors to assume those contracts set forth on **Exhibit A** annexed hereto (collectively, the "Contracts") and to assign them to Fuse, LLC on and subject to the effective date of the Plan. To the extent that there is any default requiring a cure or other amounts owing to counterparties to the Contracts under section 365(b)(1)(A)-(B) of the Bankruptcy Code as of the date hereof, such amount is list on **Exhibit A**. However, to the extent a counterparty disagrees and establishes that a cure or other amount is owing, that obligation will be satisfied by the Debtors upon the resolution of the cure objection.

12. **Parties receiving this Motion should locate their names and the applicable Contracts on Exhibit A annexed hereto. If a party does not timely object to this Motion asserting that a claim or unsatisfied obligation exists under such party's Contract as of the date of this Motion, such party shall be deemed to have forever waived any such claim or**

other obligation and any such party shall be barred and enjoined from asserting any such claim or other obligation against the Debtors.

### BASIS FOR RELIEF REQUESTED

**A. Assumption of the Contracts Is a Sound Exercise of the Debtors' Reasonable Business Judgment**

13. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an executory contract or unexpired lease is a matter within the debtor's "business judgment." *See NLRB. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd* 465 U.S. 513 (1984); *see also In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003). Under the business judgment standard, a court should approve a debtor's business decision unless the decision is the product of "bad faith, whim, or caprice." *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (citations omitted).

14. The Debtors submit that assumption of the Contracts as set forth herein is critical to their operations and represents a sound exercise of their business judgment. Assumption of the Contracts preserves, among other things, the Debtors' valuable content and distribution rights and are necessary to the success of the Debtors' continued business operations. Accordingly, the Debtors submit that the assumption of the Contracts as set forth herein is critical to the Debtors' estates and reflects a sound exercise of the Debtors' business judgment.

**B. Cure Obligations Under the Contracts**

15. Upon finding that a debtor has exercised its business judgment in determining that assuming an executory contract is in the best interest of its estate, courts must then evaluate whether the assumption meets the requirements of section 365(b) of the Bankruptcy Code: (a) that

a debtor cure, or provide adequate assurance of promptly curing, prepetition defaults in the executory contract; and (b) provide adequate assurance of future performance thereunder.

16. Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, the Debtors evaluated potential payments necessary to cure any applicable defaults under the Contracts (the "Cure Amount"). The Cure Amounts listed on Exhibit A accurately reflects the Debtors' books and records. The total Cure Amount for the assumed contracts is $19,610.00. In the event any counterparty to a Contract timely objects to a Cure Amount with respect to its Contract (a "Cure Objection") and the Debtors and counterparty are unable to resolve the Cure Objection, the Contract will be conditionally assumed pending a resolution of the Cure Objection after notice and a hearing. Accordingly, the Debtors submit that the statutory requirements of section 365(b)(1)(a) of the Bankruptcy Code are satisfied.

### C. The Counterparties Will Be Adequately Assured of Future Performance.

17. The Debtors submit that the second requirement of section 365(b)(1)(C) of the Bankruptcy Code – adequate assurance of future performance – will be satisfied with respect to the Contracts, to the extent it is applicable. The phrase 'adequate assurance of future performance' is to be given a practical and pragmatic construction based upon the facts and circumstances of each case. *In re U.L. Radio Corp.*, 19 B.R. 537, 542 (Bankr. S.D.N.Y. 1982). Although no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance. *See In re Prime Motor Inns Inc.*, 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994).

18. The Debtors submit that their diligence in remaining current on their contractual obligations, the absence of any Cure Amounts for the Contracts, and their assumption of the Contracts as ongoing obligations of a healthy enterprise together constitute adequate assurance of future performance. Assumption of the Contracts will help preserve the Debtors' assets and

6

operations and ensure the Debtors and the Contract counterparties may continue their relationship in the ordinary course of business. Moreover, the Debtors' ongoing operations, coupled with their authority to utilize cash collateral, sufficiently evidences adequate assurance of future performance as contemplated by section 365(b)(1)(C) of the Bankruptcy Code.

### D. Requirements Under Bankruptcy Rule 6006 and Waiver of Bankruptcy Rule 6006(f)(6)

19. Pursuant to Bankruptcy Rule 6006(e), the Debtors may not seek authority to assume multiple executory contracts or unexpired leases in one motion unless "(1) all executory contracts or unexpired leases to be assumed or assigned are between the same parties or are to be assigned to the same assignee; (2) the trustee seeks to assume, but not assign to more than one assignee, unexpired leases of real property; or (3) the court otherwise authorizes the motion to be filed." By this Motion, the Debtors are seeking to assume the Contracts, and to assign them to debtor Fuse, LLC. Therefore, the Debtors submit that they may seek authority to assume all of the Contracts in a single motion.

20. Under Bankruptcy Rule 6006(f), a debtor may join requests for authority to assume multiple executory contracts and unexpired leases in one motion if permitted under Bankruptcy Rule 6006(e). Specifically, Bankruptcy Rule 6006(f) requires that a motion to assume multiple executory contracts or unexpired leases, among other things:

   a. state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

   b. list parties alphabetically and identify the corresponding contract or lease;

   c. specify the terms, including the curing of defaults, for each requested assumption or assignment;

   d. be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

   e. be limited to no more than 100 executory contracts or unexpired leases.

**RESERVATION OF RIGHTS**

21. Nothing contained herein is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against any Debtor; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or an order approving this Motion; or (e) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law. The Debtors furthermore reserve the right to: (x) amend Exhibit A at any time prior to the hearing; (y) adjourn the determination with regard to specific Contracts at any time prior to the Court's hearing to consider the relief requested by this Motion; and (z) seek authority to reject any of the Contracts prior to entry of an order of the Court approving assumption of the Contracts.

**NOTICE**

22. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel for the Debtor's senior secured noteholders; (c) counsel for the Indentured Trustee; (d) the Debtors' thirty largest unsecured creditors on a consolidated basis; and (e) the counterparties to the Contracts and their counsel, if known. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and such other relief as is proper.

Dated: May _1_, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Ira D. Kharasch (CA Bar No. 109084)
Maxim B. Litvak (CA Bar No. 215852)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington, DE 19899 (Courier 19801)
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: rpachulski@pszjlaw.com
         ikharasch@pszjlaw.com
         mlitvak@pszjlaw.com
         joneill@pszjlaw.com

*Proposed Attorneys for Debtors and Debtors in Possession*