# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| FUSE, LLC, et al., ) | Case No. 19-10872 (KG) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Re: D.I. 93 |

## ORDER

In connection with this Chapter 11 bankruptcy case, DIRECTV, LLC ("DIRECTV") has filed an adversary proceeding (Adversary Proceeding No. 19-50193) naming Debtors as defendants. DIRECTV asks the Court to order Debtors to answer the complaint and state what DIRECTV views to be compulsory counterclaims. One of these potential counterclaims appears to be anti-trust in nature. Debtors argue that an answer is unnecessary because they are seeking to assume the contract (i.e., the Affiliation Agreement) they have with DIRECTV which entails the breach of contract issues and not affirmative claims of Debtors against DIRECTV. The motion to assume along with confirmation are scheduled to be heard on June 5, 2019.

The Court appreciates that DIRECTV would like to know and adjudicate, and now, all of the claims that Debtors might bring. The Court, however, agrees with Debtors in this instance and will not require Debtors to answer the complaint. The issues for assumption are whether (according to DIRECTV in multiple instances) Debtors breached the contract they are attempting to assume. Debtors may later raise DIRECTV's actions but not in the context of a motion to assume. A motion to assume a contract is a summary proceeding in which "a bankruptcy court sits as an overseer of the wisdom with which

the bankruptcy estate's property is being managed . . . and not . . . as the arbiter of disputes between creditors and the estate." *Orion Pictures Corporation v. Showtime Networks, Inc.* (*In re Orion Pictures Corporation*), 4 F. 3d 1095, 1099 (2d Cir. 1993).

In deciding the motion to assume, the Court will not be considering Debtors' affirmative claims against DIRECTV and will exclude any such claims from the evidence presented at the hearing.

DIRECTV referred to a "business proposal" it had made to Debtors. The issues between Debtors and DIRECTV are ripe for mediation and the Court is ordering the parties to mediate their dispute. The Court therefore directs Debtors and DIRECTV to discuss a mediator upon whom they agree and to submit the name to the Court. If Debtors and DIRECTV are unable to agree, they shall independently submit two names to the Court, in private, and the Court will select the mediator from the names submitted. Mediation shall take place on or before May 23, 2019, and the mediator will issue a report by May 29, 2019.

SO ORDERED.

Dated: May 10, 2019

_____
KEVIN GROSS, U.S.B.J.