## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FUSE, LLC, *et al*., | Case No. 19-10872 (KG) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 95** |

### OBJECTION OF AT&T SERVICES, INC. AND DIRECTV, LLC TO THE DEBTORS' PROPOSED ASSUMPTION, ASSIGNMENT AND CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

AT&T Services, Inc. and affiliates including without limitation DIRECTV, LLC (collectively, "AT&T"), by and through their undersigned attorneys, file this objection to the *Debtors' Notice of (I) Assumption of Contracts and Leases, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto*, dated May 1, 2019 (D.I. 95) (the "Assumption Notice"), regarding their Contracts (as defined below).  In support of this objection, AT&T relies upon and incorporates herein by reference the *Adversary Complaint Seeking Declaratory Relief*, dated May 1, 2019 (Adv. Pro. No. 19-50193 (KG), A.D.I. 4) (the "Adversary Complaint"), which sets forth in detail many of the breaches of certain of the various agreements between and among AT&T and the Debtors that the Debtors intend to assume.  In further support of this objection, AT&T respectfully states as follows:

---

[1]     The Debtors and the last four digits of their taxpayer identification numbers include: Fuse Media, Inc. (9721); Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distribution, LLC (9656); Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500).  The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

## BACKGROUND

1.      On April 22, 2019 (the "Petition Date"), the Debtors each filed voluntary petitions under chapter 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession under the Bankruptcy Code.

2.      On the Petition Date, the Debtors also filed their prepackaged chapter 11 plan and related disclosure statement (D.I. 13, 14).   Article VII.A. of the Debtors' proposed plan provides that all executory contracts and unexpired leases will be rejected as of the date on which the proposed plan becomes effective (the "Effective Date")[2], except for those (1) identified in the plan supplement for assumption, (2) previously assumed pursuant to an order of the Bankruptcy Court, subject to a separate motion or notice to assumed filed by the Debtors and pending as of the Effective Date, or (3) previously expired or terminated pursuant to their own terms or by agreement of the parties thereto.

3.      On April 23, 2019, the Debtors filed a combined disclosure statement and plan procedures motion (the "Plan," D.I. 12), which, among other things, established procedures for the Debtors' assumption and assignment of executory contracts and unexpired leases in connection with the proposed plan.  The Debtors disclosed in the *Plan Supplement* (D.I. 15), filed the same day, their list of proposed assumed contracts remained "to be determined."  *See Plan Supplement*, at 2, n.4.

4.      On May 1, 2019, the Debtors filed and served the Assumption Notice. Attached as Exhibit A to the Assumption Notice is the Debtors' proposed Assumption and Cure

---

[2]      Capitalized Terms not otherwise defined herein shall have the meaning attributed to them in the Adversary Complaint or Plan as applicable.

Schedule, which designates the following AT&T documents entered into by AT&T, and/or its affiliate DIRECTV, LLC, and the Debtors prior to the Petition Date as contracts that could be assumed by the Debtors as of the Effective Date:

    a.    Binding Term Sheet- AT&T U-Verse & DIRECTV, Renewal of FM (known as Fuse until 9/30/15) executed as of January 8, 2016 by and between AT&T Services, Inc., DIRECTV, LLC and FM Networks LLC (f/k/a Fuse Networks LLC);

    b.    Letter Agreement dated 4/13/07 between AT&T Services, Inc. and Fuse Networks LLC;

    c.    Affiliation Agreement made as of the 31st of December 2014 between SiTV, LLC a Delaware limited liability company ("Programmer"), and DIRECTV, LLC (the "Affiliation Agreement")

    d.    Letter Agreement dated 1/7/16 between AT&T Services, Inc., DIRECTV, LLC, on the one hand, and Fuse, LLC on the other hand

    e.    Letter dated 1/8/16 between AT&T Services, Inc., DIRECTV, LLC, on the one hand, and Fuse, LLC on the other hand

(each a "Contract," and collectively with the Additional Contract defined below, the "Contracts"). *See* Assumption and Cure Schedule, at 5. The Assumption and Cure Schedule further provides that the listed contracts include all amendments, addenda, schedules, other attachments, side letters, undertakings or other agreements affecting, modifying or otherwise relating to the Assumed Contracts unless explicitly rejected by Debtors. The Assumption and Cure Schedule listed a proposed cure amount of $0.00 for each of the Contracts. *See id.*

## OBJECTION

A.    Identification of Contracts

    5.    As an initial matter, a debtor is obligated to identify with specificity which contracts it intends to assume, Fed, R. Bankr. P. 6006(f)(2). That makes sense, of course, because in order to obtain the court's approval to assume and assign a contract under section 365, "the debtor must establish that the decision is one made in its sound business judgment." *In*

*re ANC Rental Corp.*, 277 B.R. 226, 237-38 (Bankr. D. Del. 2002) (citing *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999)); see also *In re Fleming Companies, Inc.*, 2004 WL 385517, *1 (Bankr. D. Del. Feb. 27, 2004) ("The decision to assume or reject an executory contract is a matter within the sound business judgment of the debtor."); *In re Physiotherapy Holdings, Inc.*, 506 B.R. 619, 622 (Bankr. D. Del. 2014), rev'd on other grounds, 538 B.R. 225 (D. Del. 2015) ("Debtors' decision to assume or reject the [a]greements is a matter of business judgment.").

6.       While AT&T has identified another agreement that it believes logically should be among those the Debtors intend to assume -- a Global Amendment dated as of June 30, 2016 (the "Additional Contract," which on its face appears to amend one or more of the agreements the Debtors have sought to assume --, it is not AT&T's responsibility to identify those contracts.  While AT&T has no objection to that contract being included on the list of contracts that the Debtors want to assume.  AT&T objects to the assumption of any other contracts that the Debtors have not specifically identified, as, particularly under the expedited circumstances presented here, AT&T may not be able to identify them or adequately research whether there are any breaches that would need to be cured.  Similarly, the Debtors will be unable to articulate a business rationale for the assumption or prove adequate assurance of future performance if they cannot even identify the contracts at issue.

B.       Cure Obligations

7.       As a condition of any assumption and assignment of the Contracts, AT&T is entitled to have all defaults cured.  Section 365(b)(1) of the Bankruptcy Code provides, in pertinent part, that if there is a default under an executory contract or unexpired lease, a debtor may not assume such contract or lease unless the debtor:

> (A) cures, or provides adequate assurance that the [debtor] will promptly cure, such default . . .; (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).  Accordingly, the proposed assumption (and subsequent assignment) of each Contract requires payment to the applicable counterparties of <u>all</u> amounts due under that Contract, including all default amounts.

8.      As set forth in detail in the Adversary Complaint, the applicable Debtor, Fuse, LLC ("<u>Fuse</u>") is currently in default under one or more of the Contracts.  Specifically, Fuse is in default of the Affiliation Agreement for having breached a most favored nations provision in the Affiliation Agreement and failing to provide satisfactory programming content under the Affiliation Agreement.

9.      AT&T also objects to the Cure Notice to the extent that it does not reflect the correct cure amount for the Affiliation Agreement.  AT&T set forth in state court litigation in California arising before the commencement of this case various damage theories based on Fuse's fraud in the inducement and other breaches of the Affiliation Agreement, and while those amounts are greater than zero, they are not currently liquidated.  Moreover, given the accelerated timeframe within which AT&T is litigating the assumption (As well as the very limited time the Court has established for the hearing) there is not adequate time for AT&T to determine the exact quantum of those damages.  To the extent that the Court does determine that there are breaches that would require a monetary cure, the parties will need additional time to liquidate those amounts, whether by agreement or through the Court.

C.    <u>Adequate Assurance of Future Performance</u>

10.    It is well settled that a debtor seeking to assume an executory contract must do so *cum onere*, accepting both its benefits and burdens.  *See In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951)). Pursuant to section 365 of the Bankruptcy Code, in order to assume and assign an executory contract or lease, a debtor must cure, or provide adequate assurance that it will promptly cure, all defaults under the underlying contracts, 11 U.S.C. § 365(b)(1)(C) and (f)(2)(B), including nonmonetary defaults, *see In re Empire Equities Capital Corp.*, 405 B.R. 687, 690–91 (Bankr. S.D.N.Y. 2009).

11.    In order to assume and assign the Contracts in their entirety, the Debtors are required to pay AT&T all outstanding amounts due on each of the purported executory contracts, including curing all defaults thereunder.

12.    Whether or not a proposed assignee can provide adequate assurance is a factual determination that is defined by "commercial rather than legal standards."  *Id.* at 120 n.10; *see also In re Fleming Companies, Inc.*, 499 F.3d 300, 307 (3d Cir. 2007) ("What constitutes 'adequate assurance of future performance' must be determined by consideration of the facts of the proposed assumption."(internal citations omitted)).  While the financial capability of the assignee is a factor to consider, courts must consider many other factors when determining whether adequate performance of performance exists, including the expertise of the assignee in the subject matter of the contract, the assignee's business plan, and whether the assignee has demonstrated the ability to operate a similar business successfully. *See, e.g.*, *In re Glyco Genesys, Inc.*, 352 B.R. 568 (Bankr. D. Mass. 2006); *In re Washington Capital Aviation & Leasing*, 156 B.R. 167 (Bankr. E.D. Va. 1993); *In re Alipat*, 36 B.R. 274 (Bankr. Mo. 1984).

13.     AT&T has not been provided any specific information regarding the adequate assurance of future performance by the Debtors that AT&T will get the "benefit of the bargain" with respect to the Contracts. *See In re Kiwi Int'l Air Lines, Inc.*, 344 F.3d 311, 318 (3d Cir. 2003) (Although a creditor must perform once an assumption order is issued, "as a matter of fairness, before requiring the creditor to perform, courts require the debtor in possession to 'give[] the other contracting party the full benefit of [its] bargain.'"(internal citations omitted)). While AT&T has sought information in discovery about the same with respect to certain of the Contracts, it remains the Debtors' burden to establish such adequate assurance of future performance with respect to each of the Contracts

## RESERVATION OF RIGHTS

14.     AT&T reserves its right to amend or supplement this objection as circumstances might require, including, without limitation, regarding the terms of any proposed order approving a sale and/or assumption of any of the Contracts.

## CONCLUSION

15.     **WHEREFORE**, AT&T respectfully requests that the Court: (a) condition any assumption and assignment of its Contracts on entry of an order consistent with this objection; and (b) grant AT&T such other and further relief as the Court may deem just or proper.

Dated: May 22, 2019
   Wilmington, Delaware

**MORRIS NICHOLS ARSHT & TUNNELL LLP**

 */s/ Derek C. Abbott*       
Derek C. Abbott (No. 3376)
1201 North Market Street, Suite 1600
Wilmington, DE 19801
Telephone:  (302) 658-9200
Facsimile: (302) 658-3989
Email: dabbott@mnat.com

and

**ARNOLD & PORTER KAYE SCHOLER LLP**
Brian J. Lohan
250 West 55th Street
New York, NY 10019-9710
Telephone:  (212) 836-8000
Facsimile: (212) 836-6459
Email: brian.lohan@arnoldporter.com

*Counsel for AT&T Services, Inc. and affiliates including without limitation DIRECTV, LLC*