IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FUSE, LLC, *et al.*,[1] | ) | Case No.: 19-10872 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. 20** |

**ORDER AUTHORIZING RETENTION OF FTI CONSULTING, INC.
AS FINANCIAL ADVISORS FOR THE DEBTORS AND
DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing them to retain FTI Consulting, Inc. ("FTI") as financial advisors; and upon the Declaration of Michael Katzenstein in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that FTI is "disinterested", as that term is defined in section 101(14) of the Bankruptcy Code; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include: Fuse Media, Inc. (9721); Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distribution, LLC (9656); Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500). The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interest of the Debtors' estates and their creditors; after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. Pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ FTI as their financial advisor to perform Bankruptcy Services on the terms and conditions set forth in the Application and Engagement Letter, except as provided by this Order. FTI's fees for Bankruptcy Services will be reviewed under section 330 of the Bankruptcy Code.

3. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ FTI as their financial advisor to perform Restructuring Services on the terms and conditions set forth in the Application and Engagement Letter, except as provided by this Order. FTI's Monthly Restructuring Fees and Restructuring Performance Fee will be reviewed under section 328(a) of the Bankruptcy Code except for the Office of the United States Trustee and the Official Committee of Unsecured Creditors who may review under section 330 of the Bankruptcy Code.

4. The terms of the Engagement Letter are reasonable and the conditions of employment are approved as hereinafter modified, including the following indemnification provisions during the pendency of the Debtors' bankruptcy cases to the following:

> (a) FTI shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

(b) The Debtors shall have no obligation to indemnify FTI, or provide contribution or reimbursement to FTI, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from FTI's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of FTI's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the FTI should not receive indemnity, contribution or reimbursement under the terms of the Agreement, as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, an FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation, the advancement of defense costs, the FTI must file an application therefor in this Court, and the Debtors may not pay any such amounts to the FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any FTI for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to FTI. All parties in interest shall retain the right to object to any demand by any FTI for indemnification, contribution and/or reimbursement.

5. FTI shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 328, 330 and 331 of the Bankruptcy Code, as applicable, and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

6. Notwithstanding anything in the application, declaration or engagement

3

letter to the contrary, FTI shall not unilaterally terminate the agreement during the case, there shall be no limitation of liability during the case

7. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

9. Notwithstanding anything to the contrary in the Engagement Letter or Application, this Court shall retain exclusive jurisdiction with respect to all matters arising or related to the implementation of this Order.

**Dated: June 5th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**