## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FUSE, LLC, *et al.*,[1] | ) | Case No.: 19-10872 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: July 17, 2019 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: July 25, 2019 at 2:00 p.m. (ET)** |

## MOTION OF DEBTORS FUSE MEDIA, INC. AND FUSE MEDIA, LLC FOR AN ORDER DISMISSING THEIR CHAPTER 11 CASES AND GRANTING RELATED RELIEF

Fuse Media, Inc. and Fuse Media, LLC (together, the "Fuse Media Debtors"), as

debtors and debtors-in-possession in the above-captioned chapter 11 cases, move the Court (this

"Motion"), pursuant to sections 305(a), 349, and 1112(b) of title 11 of the United States Code

(the "Bankruptcy Code"), for the entry of an order, in substantially the form attached hereto as

**Exhibit A** (the "Proposed Order"), dismissing the chapter 11 cases of the Fuse Media Debtors

and granting related relief.  In support of this Motion, the Fuse Media Debtors respectfully

represent as follows:

### Preliminary Statement

1.      The above-captioned Debtors, including the Fuse Media Debtors,

commenced their chapter 11 bankruptcy cases on April 22, 2019.

2.      On April 23, 2019, Debtors Fuse, LLC, JAAM Productions, LLC, SCN

Distribution, LLC, Latino Events LLC, Fuse Holdings LLC, Fuse Finance, Inc., and FM

Networks LLC (collectively, the "Plan Proponents") filed their *Prepackaged Joint Plan of*

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include:  Fuse Media, Inc. (9721);
Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distribution, LLC (9656);
Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500).
The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

*Reorganization* (the "Original Plan").  The Fuse Media Debtors were not Plan Proponents and the provisions of the Original Plan did not extend to the Fuse Media Debtors.

3.      Ultimately, the Plan Proponents sought and obtained confirmation of the *Amended Prepackaged Joint Plan of Reorganization* on June 18, 2019 (the "Amended Plan"). The Amended Plan went into effect on July 1, 2019.  Moving forward, the Plan Proponents, now the Reorganized Debtors, will be governed in accordance with the terms of the Amended Plan.

4.      The Fuse Media Debtors have no material assets and certain of their contractual obligations have been assumed and assigned to the Reorganized Debtors.  The Fuse Media Debtors previously held the equity interests in Fuse, LLC, which is the primary operating entity within the Debtors' organization.  Under the Amended Plan, such equity interests have been extinguished.  Accordingly, the Fuse Media Debtors have no remaining material assets to reorganize or liquidate and now seek to dismiss their bankruptcy cases.  As part of such dismissal, the Fuse Media Debtors seek a limited exculpation in favor of their representatives and professionals.

5.      The Fuse Media Debtors submit that dismissal is the most expeditious and cost-effective means of resolving their bankruptcy cases.  The chapter 11 cases of the Reorganized Debtors will remain open pending further order of the Court.

**Jurisdiction**

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.     The statutory bases for the relief requested herein are sections 105(a), 305(a), 349, and 1112(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rules 1017, 2002, and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1017-2.

### Background

9.     On April 22, 2019 (the "Petition Date"), the Debtors, including the Fuse Media Debtors, commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

10.     The Fuse Media Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

11.     On May 10, 2019, the U.S. Trustee appointed the following creditors to the Official Committee of Unsecured Creditors: (i) Association of National Advertisers, (ii) Showtime Networks, Inc., and (iii) MGM Domestic Television Distribution, LLC. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

12.     The factual background regarding the Debtors, including their current and historical business operations and the events precipitating their chapter 11 filings, is set forth in

3

detail in the *Declaration of Miguel Roggero in Support of First Day Motions* (the "First Day Declaration") [Docket No. 3][2] and fully incorporated herein by reference.

13.    On April 23, 2019, the Plan Proponents filed the Original Plan and the *Disclosure Statement for the Debtors' Prepackaged Joint Plan of Reorganization* [Docket No. 14] with the Court.  The Fuse Media Debtors were not proponents of the Original Plan. Ultimately, the Plan Proponents sought confirmation of the Amended Plan.

14.    On May 1, 2019, the Fuse Media Debtors filed the *Omnibus Motion of Fuse Media, Inc. and Fuse Media, LLC for Entry of An Order Authorizing Fuse Media, Inc. and Fuse Media, LLC to Assume and Assign Certain Executory Contracts* [Docket No. 93] (the "Assumption Motion"), pursuant to which the Fuse Media Debtors sought authority to assume and assign certain executory contracts to Debtor Fuse, LLC upon the effectiveness of a chapter 11 plan.  By order dated June 5, 2019 [Docket No. 213], the Court granted the Assumption Motion.

15.    On June 18, 2019, the Court entered the *Order Approving the Debtors' Disclosure Statement for, and Confirming, Debtors' Amended Prepackaged Joint Plan of Reorganization* [Docket No. 251].  The Amended Plan went into effect on July 1, 2019.  Moving forward, the Plan Proponents, now the Reorganized Debtors, will be governed in accordance with the terms of the Amended Plan.

16.    Prior to the effectiveness of the Amended Plan, the Fuse Media Debtors held the equity interests in Fuse, LLC, which is the primary operating entity within the Debtors' organization.  Under the Amended Plan, such equity interests have been extinguished. Accordingly, the Fuse Media Debtors have no remaining material assets to reorganize or

---

[2] On May 7, 2019, the Debtors re-filed the First Day Declaration under seal (Docket No. 104) and as a redacted version (Docket No. 105).

liquidate and now seek to dismiss their bankruptcy cases.  As part of such dismissal, the Fuse

Media Debtors seek a limited exculpation in favor of their representatives and professionals.

### Relief Requested

9.      The Fuse Media Debtors request entry of the Proposed Order dismissing

their chapter 11 cases pursuant to sections 305(a), 349, and 1112(b) of the Bankruptcy Code and

granting related relief that includes a limited exculpation.

### Basis for Relief

**A.      Cause Exists to Dismiss the Chapter 11 Cases of the Fuse Media Debtors Under Section 1112(b) of the Bankruptcy Code.**

10.      Section 1112(b) of the Bankruptcy Code provides that "on request of a

party in interest, and after notice and a hearing, the court *shall* convert a case under [chapter 11]

to a case under chapter 7 or dismiss a case under [chapter 11], whichever is in the best interests

of creditors and the estate, for cause unless the court determines that the appointment … of a

trustee or examiner is in the best interests of creditors and the estate."  11 U.S.C. § 1112(b)(1)

(emphasis added).  The party seeking dismissal bears the burden to establish the requisite

"cause."  *In re Riverbend Community, LLC*, 2012 WL 1030340, at \*3 (Bankr. D. Del. Mar. 23,

2012).  In addition, "[t]he determination of cause under § 1112(b) is subject to judicial discretion

under the circumstances of each case."  *In re American Capital Equip., LLC*, 688 F.3d 145, 161

(3d Cir. 2012) (quoting *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749

F.2d 670, 674 (11th Cir. 1984)).

11.      According to the Third Circuit, "[s]ection 1112(b) requires a two-step

process in which the court first determines whether there is 'cause' to convert or dismiss, and

next chooses between conversion and dismissal based on 'the best interest of creditors and the

estate.'"  *American Capital Equip.*, 688 F.3d at 161 (quoting 11 U.S.C. § 1112(b)).  Once

"cause" is established under section 1112(b) of the Bankruptcy Code (and assuming that the Court declines to appoint a trustee or examiner), the Court *must* dismiss or convert the case unless (a) "the court finds and specifically identifies unusual circumstances establishing that … dismissing the case is not in the best interests of creditors and the estate;" (b) "there is reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of [the Bankruptcy Code], or if such sections do not apply, within a reasonable period of time;" and (c) an objecting party establishes certain other enumerated statutory requirements.[3] 11 U.S.C. § 1112(b)(2); *see also In re Scarborough–St. James Corp.*, 2015 WL 5672628, at *2 (Bankr. D. Del. Sept. 24, 2015) (except where these "limited circumstances" are present, "[o]nce the Court finds that 'cause' exists, dismissal or conversion is necessary"); *Riverbend Community*, 2012 WL 1030340, at *3 ("Section 1112(b) is clear that the Court must dismiss or convert Debtor's case if Movants establish 'cause,' which is defined in Section 1112(b)(4). The only 'but' to the mandatory conversion or dismissal is if a debtor can prove the existence of 'unusual circumstances specifically identified by the court' showing that dismissal or conversion is not in the best interests of the creditors and the estate.") (internal citation omitted).

12.    Here, the Plan Proponents have confirmed the Amended Plan, which went into effect on July 1, 2019. The Fuse Media Debtors are not parties to the Amended Plan and do not intend to propose a chapter 11 plan of their own.

13.    The Fuse Media Debtors have no material assets and certain of their contractual obligations have been assumed and assigned to the Reorganized Debtors. The Fuse

---

[3]  Specifically, a party opposing a motion to dismiss under section 1112(b) of the Bankruptcy Code also must establish that "the grounds for converting or dismissing a case include an act or omission of the debtor other than under paragraph (4)(A) [providing that cause for dismissal includes 'substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation']—(i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court." 11 U.S.C. § 1112(b)(2)(B).

Media Debtors previously held the equity interests in Fuse, LLC, which is the primary operating entity within the Debtors' organization. Under the Amended Plan, such equity interests have been extinguished. Accordingly, the Fuse Media Debtors have no remaining material assets to reorganize or liquidate and therefore seek to dismiss their bankruptcy cases. As part of such dismissal, the Fuse Media Debtors request a limited exculpation in favor of their representatives and professionals.

14.    Absent dismissal, the Fuse Media Debtors will continue to incur substantial chapter 11 administrative expenses with no available funds to pay such expenses. The Fuse Media Debtors do not have access to any assets necessary to fund a chapter 11 plan or a meaningful role for a chapter 7 trustee. Thus, the Fuse Media Debtors believe that dismissal of their chapter 11 cases is the best means of achieving an orderly and efficient wind-up of their affairs, and cause exists to dismiss these cases pursuant to § 1112(b)(4) of the Bankruptcy Code.

**B.    Dismissal is in the Best Interest of the Fuse Media Debtors' Creditors and Their Estates.**

15.    Once a court determines that cause exists to dismiss a debtor's chapter 11 case, the court must then evaluate whether dismissal is in the best interests of the debtor's creditors and the estate. *See, e.g., Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.)*, 14 F.3d 240, 242 (4th Cir. 1994) ("Once 'cause' is established, a court is required to consider this second question of whether to dismiss or convert."). Dismissal of a chapter 11 bankruptcy case meets the "best interests of creditors" test where a debtor has nothing to reorganize and the debtor's assets are fixed and liquidated. *See Camden Ordinance Mfg. Co. of Ark., Inc. v. U.S. Tr. (In re Camden Ordnance Mfg. Co. of Ark., Inc.)*, 245 B.R. 794, 799 (E.D. Pa. 2000) (reorganization to salvage business which ceased business was unfeasible).

7

16.    Additionally, a court may find dismissal to be in the "best interests of the creditors" where a debtor demonstrates the ability to oversee its own liquidation. *See Camden Ordinance*, 245 B.R. at 797-98; *Mazzocone*, 183 B.R. 402, 412 (Bankr. E.D. Pa. 1995) ("Only when a Chapter 11 debtor has no intention or ability to . . . perform its own liquidation . . . should a debtor be permitted to remain in bankruptcy . . . ."). Here, the Fuse Media Debtors are capable of overseeing their own liquidation.

17.    The alternative—conversion to a chapter 7 liquidation and appointment of a trustee—is unnecessary, would provide no benefit to creditors, and would impose significant additional administrative costs upon the Debtors' estates without any meaningful source of funds to satisfy such costs. A chapter 7 trustee would have no access to cash to satisfy any claims arising after conversion to chapter 7 of the Bankruptcy Code. As a result, creditors would not receive greater recoveries in a chapter 7 liquidation.

**C.    Dismissal of the Chapter 11 Cases of the Fuse Media Debtors is Warranted Under Section 305(a) of the Bankruptcy Code.**

18.    Alternatively, cause exists to dismiss the chapter 11 cases of the Fuse Media Debtors pursuant to section 305(a) of the Bankruptcy Code, which provides that:

> a.    The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
>
> (1)    the interests of creditors and the debtor would be better served by such dismissal or suspension;

11 U.S.C. § 305(a).

19.    Dismissal pursuant to section 305(a) is an extraordinary remedy, and dismissal is only appropriate where the court finds that both creditors and the debtor would be better served by dismissal. *In re AMC Investors, LLC*, 406 B.R. 478, 487-88 (Bankr. D. Del.

8

2009).  Dismissal under this provision is determined on a case-by-case basis and rests in the

sound discretion of the bankruptcy court.  *In re Sky Group Intern, Inc.*, 108 B.R. 86, 91 (Bankr.

W.D. Pa. 1989).  Many factors are considered when determining the best interests of creditors

and the debtor, including (i) the economy and efficiency of administration, (ii) whether federal

proceedings are necessary to reach a just and equitable solution, (iii) whether there is an

alternative means of achieving an equitable distribution of assets and (iv) whether the debtor and

the creditors are able to work out a less expensive out-of-court arrangement which better serves

all interests in the case.  *AMC Investors*, 406 B.R. at 488.

20.    As described above, cause exists for dismissal.  With no remaining

material assets to administer, conversion to chapter 7 would impose additional administrative

costs with no corresponding benefit to the Fuse Media Debtors' creditors or their estates.

Dismissal of the chapter 11 cases of the Fuse Media Debtors therefore provides the most

efficient, cost-effective method of effectuating the wind-down of the Fuse Media Debtors'

estates.

**D.    All Prior Orders Involving the Fuse Media Debtors Should Remain**
**Binding and Continue to Be in Full Force and Effect.**

21.    The dismissal of a chapter 11 case ordinarily provides for what is, in

effect, a restoration of the prepetition status quo.  *See* 11 U.S.C. § 349(b).  A bankruptcy court

may, however, "for cause, order[] otherwise . . . ."  *Id.*  Courts in this jurisdiction have regularly

allowed orders, including those approving releases and settlements, to be given continued effect

after a dismissal, notwithstanding § 349 of the Bankruptcy Code.  *See, e.g., In re Sunco*

*Liquidation, Inc.*, No. 17-10561 (KG) (Bankr. D. Del. Nov. 6, 2017) (giving continued effect to

orders entered throughout the pendency of the chapter 11 cases); *In re Old Towing Co.*, Case No.

17-10249 (LSS) (Bankr. D. Del. May 30, 2017) (giving continued effect to 363 sale order and

9

any releases, injunctions and successor liability provisions provided for in such sale); In re TAH

Windown, Inc., Case No. 16-11599 (MFW) (Bankr. D. Del. Jan. 13, 2017) (giving orders,

releases, and injunctions continuing effect); *In re City Sports, Inc.*, Case No. 15-12054 (KG)

(Bankr. D. Del. Mar. 4, 2016) (giving continued effect to previously entered orders); *In re Coach

America Group Holdings Corp.*, Case No. 12-10010 (KG) (Bankr. D. Del. May 31, 2013 (same);

*In re ICL Holding Co.*, Case No. 12-13319 (KG) (Bankr. D. Del. Sept. 10, 2014) (same).

22.    Here, parties in interest have relied upon orders entered by the Court in

connection with the Fuse Media Debtors' cases, including the order approving the Assumption

Motion.[4]  Given these circumstances, the Fuse Media Debtors submit that cause exists to allow

all prior orders entered by the Court in the Fuse Media Debtors' cases, or affecting the Fuse

Media Debtors, to remain in full force and effect, notwithstanding the dismissal of these cases.

estates.

**E.    The Limited Exculpation of the Representatives of the Fuse Media
Debtors Should Be Approved as Part of the Dismissal.**

23.    As part of the dismissal of the Fuse Media Debtors' cases, the Fuse Media

Debtors seek a limited exculpation of their representatives in the Proposed Order as follows:

> From and after the entry of this Order, the Fuse Media Debtors and
> any of their respective directors, officers, employees, managers,
> attorneys, consultants and advisors shall neither have nor incur any
> liability to any person for any act taken or omitted, or to be taken,
> in connection with the preparation, filing, or prosecution of the
> Fuse Media Debtors' chapter 11 cases including, but not limited to,
> seeking and effectuating the dismissal of the Fuse Media Debtors'
> chapter 11 cases and implementation or consummation of this
> Order; *provided, however,* that the foregoing provision shall not
> affect the liability of any person that otherwise would result from
> any such act or omission to the extent that the act or omission is
> determined in a final order of a court of competent jurisdiction to

---

[4] Not all orders entered by the Court in the Debtors' chapter 11 cases may be applicable to the Fuse Media Debtors.
Nonetheless, for the avoidance of doubt, all orders are to be given full force and effect regardless of the dismissal of
the Fuse Media Debtor cases.

DOCS_DE:224256.2 29402/002

have constituted willful misconduct, gross negligence or violation
of law.

24.    The Fuse Media Debtors submit that the foregoing limited exculpation is

appropriate under the circumstances in order to prevent estate fiduciaries from being the subject

of potential litigation claims in any forum for actions taken in connection with the Fuse Media

Debtors' bankruptcy cases under the auspices of this Court.  As is standard, the proposed

exculpation excludes liability of any exculpated person for any act or omission that is determined

in a final order of a court of competent jurisdiction to have constituted willful misconduct, gross

negligence or violation of law.  Courts in this District have approved similar exculpation

provisions in dismissal orders in other cases.  *See, e.g., In re AV Holdings, Inc.*, No. 18-11142

(CSS) (Bankr. D. Del. October 18, 2018) (approving form of dismissal order containing limited

exculpations*); In re Real Industry, Inc.,* No. 17-12464 (KJC) (Bankr. D. Del. June 27, 2018)

(same); *In re City Sports, Inc.,* No. 15-12054 (KG) (Bankr. D. Del. Mar. 4, 2016) (approving

broad exculpation provision); *In re Coach Am Grp. Holdings Corp.,* No. 12-10010 (KG) (Bankr.

D. Del. May 31, 2013) (approving consensual releases and broad exculpation).

## Notice

25.    Notice of this Motion shall be given to the following parties or, in lieu

thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Supporting

Senior Secured Noteholders; (c) the Senior Secured Notes Trustee; (d) the Official Committee of

Unsecured Creditors; (e) any federal, state or local governmental agency to the extent required

by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware or order of the

Court, if any; (f) parties requesting notice pursuant to Bankruptcy Rule 2002; and (g) all parties

11

required to receive notice pursuant to Bankruptcy Rule 2002(a)(4). The Fuse Media Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Fuse Media Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, and grant such other and further relief as may be appropriate.

Dated:   July 3, 2019                           PACHULSKI STANG ZIEHL & JONES LLP


By:   */s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 90073)
Ira D. Kharasch (CA Bar No. 109084)
Maxim B. Litvak (CA Bar No. 215852)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: rpachulski@pszjlaw.com
        ikharasch@pszjlaw.com
        mlitvak@pszjlaw.com
        joneill@pszjlaw.com

*Attorneys for the Fuse Media Debtors*