IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FUSE, LLC, *et al.*,[1] | ) | Case No.: 19-10872 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 13, 14, 194** |

**SUPPLEMENTAL ORDER WITH RESPECT TO ORDER APPROVING THE
DEBTORS' DISCLOSURE STATEMENT FOR, AND CONFIRMING,
DEBTORS' AMENDED PREPACKAGED JOINT PLAN OF REORGANIZATION**

This Court having entered the *Order Approving the Debtors' Disclosure Statement of,
and Confirming, Debtors' Amended Prepackaged Joint Plan of Reorganization* [Docket No.
251] (the "Confirmation Order"),[2] and paragraph 45 of the Confirmation Order providing that
the Debtors shall submit the Liquidation Trust Agreement to the Bankruptcy Court under
certification of counsel, and the Liquidation Trust Agreement may be approved without further
notice or hearing; and upon consideration of the *Certification of Counsel Regarding
Supplemental Order With Respect to Order Approving the Debtors' Disclosure Statement of,
and Confirming, Debtors' Amended Prepackaged Joint Plan of Reorganization* (the
"Certification"); and upon the record of these chapter 11 cases and due deliberation thereon, and
good and sufficient cause appearing therefor,

---

[1] The Debtors and the last four digits of their taxpayer identification numbers include: Fuse Media, Inc. (9721);
Fuse Media, LLC (0560); Fuse, LLC (1888); JAAM Productions, LLC (5499); SCN Distribution, LLC (9656);
Latino Events LLC (8204); Fuse Holdings LLC (5673); Fuse Finance, Inc. (8683); and FM Networks LLC (6500).
The Debtors' headquarters and service address is 700 North Central Avenue, Suite 600, Glendale, CA 91203.

**For the avoidance of doubt, Debtors Fuse Media, Inc. and Fuse Media, LLC are not proponents of the Plan
and the provisions of the Plan shall not extend to those entities.**

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Confirmation Order.

IT IS HEREBY ORDERED that:

1.      The Liquidation Trust Agreement, in substantially the form attached hereto as **Exhibit A**, is approved.

2.      Subject in all instances to the Disputed Claims Reserve provisions set forth in Paragraph 3 below, the Liquidation Trust is intended to qualify as a "grantor trust" for United States federal income tax purposes, pursuant to Sections 671-677 of the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code"), with the Liquidation Trust Beneficiaries to be treated as the grantors of the Liquidation Trust and deemed to be the owners of the Liquidation Trust Assets for federal income tax purposes, and consequently, the transfer of the Liquidation Trust Assets to the Liquidation Trust shall be treated as a deemed transfer of those assets from the Liquidating Debtors and their estates to the Liquidation Trust Beneficiaries followed by a deemed transfer by such Liquidation Trust Beneficiaries to the Liquidation Trust for federal income tax purposes.

3.      The Liquidation Trustee is authorized to establish one or more cash reserves for the benefit of the Holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Plan (a "Disputed Claim Reserve"). The Liquidation Trustee shall treat any such Disputed Claims Reserve as a "Disputed Ownership Fund" within the meaning of Treasury Reg. § 1.468B-9. Following the funding of the Liquidation Trust, Fuse, LLC shall provide a "§ 1.468B-9 Statement" in respect of the Disputed Claims Reserve to the Liquidation Trustee in accordance with Treasury Regulation section 1.468B-9(g).

4.      Except to the extent definitive guidance from the Internal Revenue Service or a court of competent jurisdiction (including the issuance of applicable Treasury Regulations or the receipt by the Liquidation Trustee of a private letter ruling if the Liquidation Trustee so requests

one) indicates that such valuation is not necessary to maintain the treatment of the Liquidation Trust as a liquidating trust for purposes of the Internal Revenue Code and applicable Treasury Regulations, the Liquidation Trustee shall make a good faith valuation of the Liquidation Trust Assets. Such valuation shall be made available from time to time to all parties to the Liquidation Trust Agreement and to all Liquidation Trust Beneficiaries, to the extent relevant to such parties for tax purposes, and shall be used consistently by all parties for all United States federal income tax purposes.

5.    The termination of the Liquidation Trust will occur no later than five years after the Effective Date, unless the Bankruptcy Court, upon motion made prior to such fifth (5th) anniversary, determines that a fixed period extension is necessary to facilitate or complete the recovery on and liquidation of the Liquidation Trust Assets. Upon the filing of any motion for an extension of the date of dissolution of the Liquidation Trust, such date shall be deemed automatically extended until an order of the Bankruptcy Court is entered with respect to such motion or the motion is withdrawn.

6.    This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order.

Dated: July 9th, 2019
Wilmington, Delaware

KEVIN GROSS
3 UNITED STATES BANKRUPTCY JUDGE