# EXHIBIT A

## LIQUIDATION TRUST AGREEMENT

This LIQUIDATION TRUST AGREEMENT (this "Agreement" or "Liquidation Trust Agreement") is made and entered into, as of the Effective Date, by and among Fuse, LLC, JAAM Productions, LLC, SCN Distribution, LLC, Latino Events LLC, Fuse Holdings LLC, Fuse Finance, Inc., and FM Networks LLC (collectively, the "Debtors"), the official committee of unsecured creditors appointed in the Debtors' Chapter 11 Cases (the "Committee"), and Peter Hurwitz (the "Liquidation Trustee"). Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Plan (defined below).

## RECITALS

WHEREAS, on April 22, 2019, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and

WHEREAS, the Debtors filed with the Bankruptcy Court the *Debtors' Prepackaged Joint Plan of Reorganization*, dated as of April 18, 2019 (together with all exhibits thereto, including, without limitation, the Plan Supplement, as the same may be amended, modified, or supplemented, the "Plan"); and

WHEREAS, pursuant to the Confirmation Order [Docket No. 251], on June 18, 2019, the Bankruptcy Court confirmed the Plan; and

WHEREAS, under the terms of the Confirmation Order, the Liquidation Trust Assets (as defined in the Confirmation Order) will be transferred to and held by a liquidating trust (the "Liquidation Trust") created by this Liquidation Trust Agreement so that, among other things: (i) the Liquidation Trust Assets can be pursued and/or disposed of in an orderly and expeditious manner; (ii) objections to Claims can be pursued and/or resolved by the Liquidation Trust; and (iii) distributions can be made to the Holders of Allowed General Unsecured Claims in Class 4 under the Plan other than the Deficiency Claim (collectively, the "Liquidation Trust Beneficiaries") in accordance with the Plan and this Agreement; and

WHEREAS, this Liquidation Trust is established under and pursuant to the Confirmation Order which provides that the Liquidation Trustee shall have all rights and powers set forth in this Agreement, including, without limitation, (i) authority to administer the Liquidation Trust for the benefit of the Liquidation Trust Beneficiaries, and (ii) standing to object to and/or resolve any General Unsecured Claim filed against the Debtors; and

WHEREAS, the Liquidation Trustee has agreed to serve as such upon the terms and subject to the conditions set forth in this Agreement.

WHEREAS, the Liquidation Trust is intended to qualify as a "grantor trust" for United States federal income tax purposes, pursuant to Sections 671-677 of the Internal Revenue Code of 1986, as amended (the "Internal Revenue Code"), with the Liquidation Trust Beneficiaries to be treated as the grantors of the Liquidation Trust and deemed to be the owners of the Liquidation Trust Assets for federal income tax purposes (subject to the Disputed Claims Reserve provisions in Section 2.8(c)(iii)), and consequently, the transfer of the Liquidation Trust Assets to the Liquidation Trust shall be treated as a deemed transfer of those assets from the

1

Liquidating Debtors and their estates to the Liquidation Trust Beneficiaries followed by a deemed transfer by such Liquidation Trust Beneficiaries to the Liquidation Trust for federal income tax purposes; and

NOW, THEREFORE, in accordance with the Confirmation Order and in consideration of the promises and of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

## DECLARATION OF TRUST

The Debtors hereby absolutely assign to the Liquidation Trust, and to its successors in trust and its successors and assigns, all right, title and interest of the Debtors in and to the Liquidation Trust Assets;

TO HAVE AND TO HOLD unto the Liquidation Trust and its successors in trust and its successors and assigns forever;

IN TRUST NEVERTHELESS upon the terms and subject to the conditions set forth herein and for the benefit of the Liquidation Trust Beneficiaries, as and to the extent provided in the Confirmation Order, and for the performance of and compliance with the terms hereof and of the Confirmation Order;

PROVIDED, HOWEVER, that upon termination of the Liquidation Trust in accordance with Article V hereof, this Agreement shall cease, terminate and be of no further force and effect; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED that the Liquidation Trust Assets are to be held and applied by the Liquidation Trustee upon the further covenants and terms and subject to the conditions herein set forth.

**I       NAME; PURPOSE; LIQUIDATION TRUST ASSETS**

1.1     Name of Trust.  The trust created by this Agreement shall be known as the "Fuse Liquidation Trust" or sometimes herein as the "Liquidation Trust."

1.2     Transfer of Liquidation Trust Assets.  In accordance with the provisions of the Confirmation Order and the Plan, on the Effective Date, the Debtors and their chapter 11 estates shall be deemed to transfer, assign and convey to the Liquidation Trustee the Liquidation Trust Assets, for the benefit of the Liquidation Trust Beneficiaries, on the terms and subject to the conditions set forth herein, in the Confirmation Order, and in the Plan.

1.3     Title to the Liquidation Trust Assets.  Pursuant to the Confirmation Order, all of the Debtors' right, title and interest in and to the Liquidation Trust Assets, including all such assets held or controlled by third parties, are automatically vested in the Liquidation Trust on the Effective Date, free and clear of all liens, claims, encumbrances and other interests, except as specifically provided in the Plan. The transfer of the Liquidation Trust Assets is on behalf of the Liquidation Trust Beneficiaries to establish the Liquidation Trust. The Liquidation Trust shall be authorized to obtain possession or control of, liquidate, and collect all of the Liquidation Trust

2

Assets, including any such assets in the possession or control of third parties, and pursue, assert and/or exercise all rights of setoffs and recoupment and defenses of the Debtors to any counterclaims that may be asserted by any and all defendants as to any Claims. On the Effective Date, the Liquidation Trust shall stand in the shoes of the Debtors for all purposes with respect to the Liquidation Trust Assets. To the extent any law or regulation prohibits the transfer of ownership of any of the assets to be transferred from the Debtors to the Liquidation Trust and such law is not superseded by the Bankruptcy Code, the Liquidation Trust's interest shall be a lien upon and security interest in such assets, in trust, nevertheless, for the sole use and purposes set forth in this Agreement, and this Agreement shall be deemed a security agreement granting such interest thereon without need to file financing statements or mortgages. By executing this Agreement, the Liquidation Trustee, on behalf of the Liquidation Trust, hereby accepts all of such property as assets to be held in trust for the Liquidation Trust Beneficiaries, subject to the terms of this Agreement, the Confirmation Order, and the Plan.

1.4    Purposes. The purposes of the Liquidation Trust are to hold and effectuate an orderly disposition of the Liquidation Trust Assets, to resolve Claims, and to distribute or pay over the Liquidation Trust Assets, or proceeds thereof, in accordance with this Agreement, the Confirmation Order, the Plan, and any requirements to be classified as a "liquidating trust" under Treasury Regulation § 301.7701-4(d).

1.5    Acceptance by the Liquidation Trustee. The Liquidation Trustee is willing and hereby accepts the appointment to serve as Liquidation Trustee pursuant to this Agreement, the Confirmation Order, and the Plan and agrees to observe and perform all duties and obligations imposed upon the Liquidation Trustee by this Agreement, the Confirmation Order, and the Plan, including, without limitation, to accept, hold and administer the Liquidation Trust Assets and otherwise to carry out the purpose of the Liquidation Trust in accordance with the terms and subject to the conditions set forth herein and in the Confirmation Order.

1.6    The Liquidation Trust Oversight Committee.

(a)    The Committee, at any time prior to its final dissolution, and thereafter the Liquidation Trustee, shall have the right, but not the obligation, to appoint an oversight committee (the "Liquidation Trust Oversight Committee") consisting of one (1) or more members. In the event that a member of the Liquidation Trust Oversight Committee resigns, the Committee or Liquidation Trustee (as applicable) shall appoint a new member, subject to the approval of either (a) any remaining members of the Liquidation Trust Oversight Committee or (b) the Bankruptcy Court. Notwithstanding the foregoing, in the event that no person is willing to serve on the Liquidation Trust Oversight Committee or there shall have been no Liquidation Trust Oversight Committee members for a period of thirty (30) consecutive days, then during such vacancy all references to the Liquidation Trust Oversight Committee's ongoing duties in this Agreement will be null and void.

(b)    Any member of the Liquidation Trust Oversight Committee may resign upon reasonable notice to the Liquidation Trustee, counsel for the Liquidation Trustee, and any other members of the Liquidation Trust Oversight Committee. Fourteen (14) days prior written notice shall constitute reasonable notice under this Section. Any member of the Liquidation Trust Oversight Committee may be removed by the Bankruptcy Court for cause. The

3

Liquidation Trust Oversight Committee may authorize its own dissolution by filing with the Bankruptcy Court an appropriate notice that its responsibilities under this Agreement have concluded. Unless earlier dissolved, the Liquidation Trust Oversight Committee shall be automatically dissolved on the date the Debtors' Chapter 11 Cases are closed.

(c)     Members of the Liquidation Trust Oversight Committee shall have fiduciary duties to the Liquidation Trust Beneficiaries in the same manner that members of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code have fiduciary duties to the constituents represented by such a committee and shall be entitled to indemnification from the Liquidation Trust in the same manner as the Liquidation Trustee for service as members of the Liquidation Trust Oversight Committee from and after the Effective Date of the Plan under or in connection with this Agreement.

(d)     The Liquidation Trustee shall periodically report to the Liquidation Trust Oversight Committee on a basis subsequently agreed to between the Liquidation Trust Oversight Committee and the Liquidation Trustee, as to the status of all Claims objections, and all other material matters affecting the Liquidation Trust.

## II     RIGHTS, POWERS AND DUTIES OF LIQUIDATION TRUSTEE

2.1     General. As of the Effective Date, the Liquidation Trustee shall take possession and charge of the Liquidation Trust Assets, and, subject to the provisions hereof, in the Confirmation Order, and in the Plan, shall have full right, power and discretion to manage the affairs of the Liquidation Trust, subject to Section 1.6 above. Except as otherwise provided herein, the Liquidation Trustee shall have the right and power to enter into any covenants or agreements binding the Liquidation Trust and in furtherance of the purpose hereof and to execute, acknowledge and deliver any and all instruments that are necessary or deemed by the Liquidation Trustee to be consistent with and advisable in connection with the performance of his or her duties hereunder. On and after the Effective Date, the Liquidation Trustee shall have the power and responsibility to do all acts contemplated by the Confirmation Order to be done by the Liquidation Trustee and all other acts that may be necessary or appropriate in connection with the disposition of the Liquidation Trust Assets, and the distribution of the proceeds thereof, as contemplated by the Confirmation Order and the Plan, including:

(a)     To exercise all power, authority, and rights (including any attorney-client privilege, the work-product privilege, and any other applicable evidentiary privileges) that may be or could have been exercised, commence all proceedings that may be or could have been commenced and take all actions that may be or could have been taken by any of the Debtors with respect to the Liquidation Trust Assets with like effect as if authorized, exercised and taken by the Debtors;

(b)     To open and maintain bank and other deposit accounts, escrows and other accounts, calculate and implement distributions to Liquidation Trust Beneficiaries as provided for or contemplated by the Confirmation Order and the Plan and take other actions consistent with the Confirmation Order and the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment and maintenance of appropriate reserves in the name of the Liquidating Trust;

(c)    Hold, manage, sell, invest, and distribute to the Liquidation Trust Beneficiaries the Net Proceeds of the Liquidation Trust Assets;

(d)    To prosecute or object to any Claims (Disputed or otherwise), and to estimate, defend, compromise and/or settle any such Claims prior to or following objection without the necessity of approval of the Bankruptcy Court, and/or to seek Bankruptcy Court approval for any Claims settlement, to the extent thought appropriate by the Liquidation Trustee or to the extent such approval is required by prior order of the Bankruptcy Court;

(e)    To make decisions, without further Bankruptcy Court approval, regarding the retention or engagement of professionals and consultants (the "Retained Professionals") by the Liquidation Trust and to pay, from the Liquidation Trust Assets, the charges incurred by the Liquidation Trust and/or the Liquidation Trust Oversight Committee, if any, on or after the Effective Date for services of professionals, disbursements, expenses or related support services under this Agreement or relating to the winding down of the Debtors and implementation of the Plan, without application to the Bankruptcy Court;

(f)    To invest Cash in accordance with section 345 of the Bankruptcy Code or as otherwise permitted by a Final Order of the Bankruptcy Court and as deemed appropriate by the Liquidation Trustee in accordance with the investment and deposit guidelines set forth in this Agreement and in accordance with any requirements to be classified as a "liquidating trust" under Treasury Regulation § 301.7701-4(d);

(g)    To maintain appropriate books and records (including financial books and records) to govern the liquidation and distribution of the Liquidation Trust Assets;

(h)    To do all other acts or things consistent with the provisions of the Confirmation Order or the Plan that the Liquidation Trustee deems reasonably necessary or desirable with respect to implementing the Plan and/or winding down the Debtors' estates.

Other than the obligations of the Liquidation Trustee enumerated or referred to under this Agreement, the Confirmation Order, or the Plan, the Liquidation Trustee shall have no duties or obligations of any kind or nature respecting the implementation and administration of the Plan or this Agreement.

2.2    Costs.

(a)    Administrative Fund.  On and after the Effective Date, the Liquidation Trustee shall reserve Cash (the "Liquidation Trust Administrative Fund") from the Liquidation Trust Assets for the purpose of paying the expenses incurred by the Liquidation Trust (including fees and expenses for professionals retained by the Liquidation Trust in connection with the Liquidation Trust and any obligations imposed on the Liquidation Trustee, Liquidation Trust, or the Liquidation Trust Oversight Committee, if any,  including expenses relating to the performance of the Liquidation Trustee's obligations under the Liquidation Trust Agreement and the Confirmation Order (including any taxes imposed on the Liquidation Trust or in respect of the Liquidation Trust Assets).  The Liquidation Trustee may, in its sole discretion, set aside additional funds from the Liquidation Trust Assets for the purposes of increasing the Liquidation Trust Administrative Fund.   In the event that amounts held in the Liquidation Trust

Administrative Fund, together with any remaining Liquidation Trust Assets, are insufficient to pay all expenses of the Liquidation Trust, the Liquidation Trustee shall, unless reserves sufficient for such purpose have otherwise been made available from any other sources, pay all of its outstanding expenses, including, without limitation, those of each of the Retained Professionals pursuant to the terms of any agreements related to the retention of each Retained Professional, before making any distributions contemplated by the Confirmation Order.

(b)    <u>Pre-Effective Date Professionals Reserve</u>.  Pursuant to the Confirmation Order, the Liquidation Trustee shall immediately establish an escrow account (the "<u>Pre-Effective Date Professionals Account</u>") and fund the Pre-Effective Date Professionals Account with Cash in the amount of $150,000 from the Liquidation Trust Assets (the "<u>Pre-Effective Date Professionals Reserve</u>").  The Pre-Effective Date Professionals Reserve shall be used to pay the pre-Effective Date fees of the Committee's Professionals (as defined in the Confirmation Order) solely to the extent such fees are allowed by the Bankruptcy Court in excess of $750,000 in the aggregate.  The Committee's Professionals shall not be entitled to payment in excess of the Pre-Effective Date Professionals Reserve on account of their pre-Effective Date fees.  Following payment of the fees of the Committee's Professionals after the Bankruptcy Court has entered a final order on each of the final fee applications submitted by the Committee's Professionals, all Cash remaining in the Pre-Effective Date Professionals Account, if any, shall be available for distribution to the Liquidation Trust Beneficiaries pursuant to the terms of this Liquidation Trust Agreement.

2.3    <u>Distributions and Reserves</u>.

(a)    <u>Generally</u>.  The Liquidation Trustee shall distribute, at least annually, beginning on the first Business Day following the Effective Date, or as soon thereafter as is reasonably practicable, the appropriate Liquidation Trust Assets to the Liquidation Trust Beneficiaries in pro-rata proportion to the Allowed Class 4 General Unsecured Claims (the "<u>Liquidation Trust Interest</u>") held by such Liquidation Trust Beneficiary; *provided* that the Liquidation Trustee shall not be required to make a distribution if the Liquidation Trust Assets are insufficient or the Liquidation Trustee otherwise determines that making a distribution would be impractical under the circumstances; *provided further* that, if a Disputed General Unsecured Claim subsequently becomes an Allowed General Unsecured Claim after a distribution(s) has been made, the Liquidation Trustee shall make one or more catch-up distributions to such Holder on account of its Liquidation Trust Interests, as applicable. The Liquidation Trustee shall utilize, in accordance with the Liquidation Trust Agreement and the Confirmation Order, Cash from the Liquidation Trust Administrative Fund in amounts sufficient to (i) fund costs and expenses of the Liquidation Trust, including, without limitation, the fees and expenses of the Liquidation Trustee and his or her professionals, the Liquidation Trust Oversight Committee, if any, and the Retained Professionals, (ii) compensate the Liquidation Trustee, and (iii) satisfy other liabilities incurred by the Liquidation Trust in accordance with the Confirmation Order, the Plan or the Liquidation Trust Agreement (including any taxes imposed on the Liquidation Trust or in respect of the Liquidation Trust Assets).

(b)    <u>Manner of Payment or Distribution</u>.  Following the transfer of the Liquidation Trust Assets to the Liquidation Trust, the Liquidation Trustee shall make continuing efforts to liquidate all Liquidation Trust Assets in accordance with the Confirmation Order, the

Plan and this Agreement, *provided* that the timing of all distributions made by the Liquidation Trustee to Liquidation Trust Beneficiaries shall be at the discretion of the Liquidation Trustee. If the distribution shall be in Cash, the Liquidation Trustee shall distribute such Cash by wire, check, or such other method as the Liquidation Trustee deems appropriate under the circumstances.

(c)    Delivery of Distributions. All distributions to be made by the Liquidation Trust under the Plan and this Agreement to any Liquidation Trust Beneficiary shall be made (i) at the address for each such Liquidation Trust Beneficiary as indicated on such Liquidation Trust Beneficiary's Proof of Claim, (ii) to a different address and to another party if the Liquidation Trustee is so directed in writing by a Liquidation Trust Beneficiary, or (iii) if no Proof of Claim has been filed, as reflected in the Debtors' books and records, as of the date of any such distribution. For the avoidance of doubt, the Liquidation Trustee shall conduct a reasonable search to locate any Liquidation Trust Beneficiary for purposes of making a distribution pursuant to the Confirmation Order and this Agreement; *provided, however*, that the Liquidation Trustee shall not be required to engage an outside consultant to conduct such search.

(d)    Undeliverable Distributions and Unclaimed Property. In the event that a distribution to any Liquidation Trust Beneficiary is returned as undeliverable, no distribution to such Liquidation Trust Beneficiary shall be made unless and until the Liquidation Trustee has determined the then-current address of such Liquidation Trust Beneficiary, at which time such distribution shall be made to such Liquidation Trust Beneficiary without interest; *provided, however*, that ninety (90) days after the date such undeliverable distribution was initially made, all such unclaimed property or interests in property shall irrevocably revert to the Liquidation Trust automatically and without need for a further order by the Bankruptcy Court (notwithstanding any applicable federal, provincial or state escheat, abandoned, or unclaimed property laws to the contrary), and the Claim of any Liquidation Trust Beneficiary to such property or interest in property shall be discharged and forever barred.

(e)    Time Bar to Cash Payments. Checks issued by the Liquidation Trustee in respect of Liquidation Trust Interests shall be null and void if not negotiated within sixty (60) days after the date of issuance thereof. Requests for re-issuance of any check shall be made to the Liquidation Trustee by the holder of the Liquidation Trust Interest to whom such check originally was issued. Any Claim in respect of such a voided check shall be made on or before thirty (30) days after the expiration of the sixty (60) day period following the date of issuance of such check. Thereafter, the amount represented by such voided check shall irrevocably revert to the Liquidation Trust, and any Claim in respect of such voided check shall be discharged and forever barred.

(f)    Disputed Claim Reserve. On and after the Effective Date, the Liquidation Trustee is authorized to establish one or more Cash reserves for the benefit of the Holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Confirmation Order (a "Disputed Claim Reserve").

(g)    No Distributions of Less Than $50 On Account of Allowed General Unsecured Claims. Notwithstanding anything to the contrary in the Confirmation Order or the

Plan, if a distribution to be received by the Liquidation Trust Beneficiary would be less than $50, no such payment will be made to such Liquidation Trust Beneficiary.

(h)     Inapplicability of Unclaimed Property or Escheat Laws.    Unclaimed property held by the Liquidation Trust shall not be subject to the unclaimed property or escheat laws of the United States, any state, or any local governmental unit.

(i)     Voided Checks; Request for Reissuance.    Distribution checks issued to Liquidation Trust Beneficiary shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof. Requests for reissuance of any check shall be made in writing directly to the Liquidation Trustee by such Liquidation Trust Beneficiary that was originally issued such check. Distributions in respect of voided checks shall be forfeited.

2.4    Limitations on the Liquidation Trustee.  Notwithstanding anything to the contrary under applicable law, this Agreement, the Confirmation Order, or the Plan, the Liquidation Trustee shall not do or undertake (nor have the power to do or undertake) any of the following (subject to the Disputed Claims Reserve provisions in Section 2.8(c)(iii)):

(a)     Take, or fail to take, any action that would jeopardize treatment of the Liquidation Trust as a "liquidating trust" within the meaning of Treasury Regulation § 301.7701-4(d) for federal income tax purposes;

(b)     Receive transfers of any listed stocks or securities or any readily-marketable assets, except as is absolutely necessary or required under the Plan; provided, however, that in no event shall the Liquidation Trustee receive any such investment that would jeopardize treatment of the Liquidation Trust as a "liquidating trust" within the meaning of Treasury Regulation § 301.7701-4(d) for federal income tax purposes;

(c)     Exercise any investment power other than the power to invest in demand and time deposits in banks or savings institutions, or temporary investments such as short term certificates of deposit or Treasury bills or other investments that a "liquidating trust" within the meaning of Treasury Regulation § 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations or any modification in the IRS guidelines, whether set forth in IRS rulings, revenue procedures, other IRS pronouncements or otherwise;

(d)     Receive or retain any operating assets of a going business, a partnership interest in a partnership that holds operating assets, or 50% or more of the stock of a corporation with operating assets, except as is absolutely necessary or required under the Plan; provided, however, that in no event shall the Liquidation Trustee receive or retain any such asset or interest that would jeopardize treatment of the Liquidation Trust as a "liquidating trust" within the meaning of Treasury Regulation § 301.7701-4(d) for federal income tax purposes;

(e)     Neither the Liquidation Trust nor the Liquidation Trustee shall take any action that would result in the Liquidation Trust becoming subject to registration as an "investment company" pursuant to the Investment Company Act of 1940, as amended; and

(f)     Commingle any of the Liquidation Trust Assets with its own property or the property of any other party.

8

2.5    <u>Liability of Liquidation Trustee.</u>

(a)    <u>Standard of Care.</u>  Except in the case of willful misconduct (including, but not limited to, conduct that results in a personal profit at the expense of the Liquidation Trust), gross negligence, fraud, malpractice, criminal conduct, unauthorized use of confidential information that causes damages, breach of fiduciary duty (to the extent applicable), or ultra vires acts, each as determined pursuant to a final order from a court of competent jurisdiction, the Liquidation Trustee shall not be liable for any loss or damage by reason of any action taken or omitted by him or her pursuant to the discretion, powers and authority conferred, or in good faith believed by the Liquidation Trustee to be conferred on the Liquidation Trustee by this Agreement, the Confirmation Order, or the Plan.

(b)    <u>No Liability for Acts of Predecessors.</u>  No successor Liquidation Trustee shall be in any way responsible for the acts or omissions of any Liquidation Trustee in office prior to the date on which such successor becomes the Liquidation Trustee, unless a successor Liquidation Trustee expressly assumes such responsibility.

(c)    <u>No Implied Obligations.</u>  The Liquidation Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, in the Confirmation Order, or in the Plan, and no implied covenants or obligations shall be read into this Agreement against the Liquidation Trustee.

(d)    <u>No Liability for Good Faith Error of Judgment.</u>  Unless otherwise provided herein or in the Confirmation Order, the Liquidating Trustee shall not be liable for any error of judgment made in good faith, unless it shall be proved that the Liquidation Trustee was grossly negligent in ascertaining the pertinent facts.

(e)    <u>Reliance by Liquidation Trustee on Documents or Advice of Counsel or Other Persons.</u>  Except as otherwise provided herein, in the Confirmation Order, or in the Plan, the Liquidation Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document believed by the Liquidation Trustee to be genuine and to have been signed or presented by the proper party or parties.  The Liquidation Trustee also may engage and consult with legal counsel, accountants and other professionals for the Liquidation Trust and other agents and advisors and shall not be liable for any action taken or suffered by the Liquidation Trustee in reliance upon the advice of such counsel, agents or advisors.  The Liquidation Trustee or the Liquidation Trust Oversight Committee, if any, shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Liquidation Trust Assets.

(f)    <u>No Personal Obligation for Trust Liabilities.</u>  Persons dealing with the Liquidation Trustee, or seeking to assert Claims against the Debtors or the Liquidation Trust, shall look only to the Liquidation Trust Assets to satisfy any liability incurred by the Liquidation Trustee to any such Person in carrying out the terms of this Agreement, and neither the Liquidation Trustee nor his or her company or organization shall have a personal or individual obligation to satisfy any such liability.

2.6     <u>Selection of Agents</u>.  The Liquidation Trustee may engage any employee of the Debtors or other persons, and also may engage or retain brokers, banks, custodians, investment and financial advisors, attorneys, accountants and other advisors and agents (including professionals formerly or currently retained by the Committee or the Debtors), in each case without Bankruptcy Court approval, *provided* that any such engagement or retention shall be subject to the consent of the Liquidation Trust Oversight Committee, if any.  The Liquidation Trustee may pay the salaries, fees and expenses of such Persons from amounts in the Liquidation Trust Administrative Fund, or, if such amounts are insufficient therefor, out of the Liquidation Trust Assets or proceeds thereof.  The Liquidation Trustee shall not be liable for any loss to the Liquidation Trust or any person interested therein by reason of any mistake or default of any such Person referred to in this Section 2.6 selected by the Liquidation Trustee in good faith and without either gross negligence or intentional malfeasance.

2.7     <u>Liquidation Trustee's Compensation, Indemnification and Reimbursement</u>.

(a)     As compensation for services in the administration of this Liquidation Trust, the Liquidation Trustee shall be compensated as specified on **Schedule A** attached hereto. The Liquidation Trustee shall also be reimbursed for all documented actual, reasonable and necessary out-of-pocket expenses incurred in the performance of his or her duties hereunder.

(b)     The Liquidation Trustee and the Liquidation Trust Oversight Committee, if any (and their agents and professionals), shall not be liable for actions taken or omitted in its or their capacity as, or on behalf of, the Liquidation Trustee, the Liquidation Trust, or any Liquidation Trust Oversight Committee, except those acts arising out of its or their willful misconduct (including, but not limited to, conduct that results in a personal profit at the expense of the Liquidation Trust), gross negligence, fraud, malpractice, criminal conduct, unauthorized use of confidential information that causes damages, breach of fiduciary duty (to the extent applicable), or ultra vires acts, each as determined pursuant to a final order from a court of competent jurisdiction.    The Liquidation Trustee and the Liquidation Trust Oversight Committee, if any (and their agents and professionals), shall be entitled to indemnification and reimbursement for fees and expenses in defending any and all of its or their actions or inactions in its or their capacity as, or on behalf of, the Liquidation Trustee, the Liquidation Trust, or any Liquidation Trust Oversight Committee, except for any actions or inactions involving willful misconduct (including, but not limited to, conduct that results in a personal profit at the expense of the Liquidation Trust), gross negligence, fraud, malpractice, criminal conduct, unauthorized use of confidential information that causes damages, breach of fiduciary duty (to the extent applicable), or ultra vires acts., each as determined by a court of competent jurisdiction.  Any indemnification claim of the Liquidation Trustee, the Liquidation Trust Oversight Committee, if any, and the other parties entitled to indemnification under this subsection shall be satisfied (i) first from the Liquidation Trust Administrative Fund and (ii) second from the Liquidation Trust Assets, as provided in the Liquidation Trust Agreement. The Liquidation Trustee and the Liquidation Trust Oversight Committee, if any, shall be entitled to rely, in good faith, on the advice of their professionals. The Liquidation Trustee is authorized to obtain, at the sole expense of the Liquidation Trust, all reasonable insurance coverage for himself/herself, his/her agents, representatives, employees or independent contractors, including, without limitation, coverage with respect to the liabilities, duties and obligations of the Liquidation Trustee and his/her

agents, representatives, employees or independent contractors under the Confirmation Order, the Plan and this Agreement.

(c)    Notwithstanding any state or applicable law to the contrary, the Liquidation Trustee (including any successor Liquidation Trustee) shall be exempt from giving any bond or other security in any jurisdiction and shall serve hereunder without bond.

2.8    Tax Provisions.

(a)    It is intended that the Liquidation Trust qualify as a grantor trust for federal income tax purposes pursuant to Internal Revenue Code Sections 671-677, and that the Liquidation Trust Beneficiaries are treated as grantors (other than with respect to the Disputed Claims Reserve) consistent with Revenue Procedure 94-45, 1994-28 I.R.B. 124 and Treasury Regulation § 301.7701-4(d). As described more fully in the Confirmation Order, the Plan and the Disclosure Statement, the transfer of the Liquidation Trust Assets will be treated for federal income tax purposes as a transfer to the Liquidation Trust Beneficiaries, followed by a deemed transfer from such Liquidation Trust Beneficiaries to the Liquidation Trust, *provided, however*, that the Liquidation Trust Assets will be subject to any post-Effective Date obligations incurred by the Liquidation Trust relating to the pursuit of Liquidation Trust Assets. Accordingly, the Liquidation Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Liquidation Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes. All items of income, gain, loss, deduction and credit will be included in the income of the Liquidation Trust Beneficiaries as if such items had been recognized directly by the Liquidation Trust Beneficiaries in the proportions in which they own beneficial interests in the Liquidation Trust.

(b)    The Liquidation Trustee shall comply with all tax reporting requirements and, in connection therewith, the Liquidation Trustee may require Liquidation Trust Beneficiaries to provide certain tax information as a condition to receipt of distributions, including, without limitation, filing returns for the Liquidation Trust (other than with respect to the Disputed Claims Reserve as a grantor trust pursuant to Treasury Regulation § 1.671-4(a)

(c)

(i)    Under the guidelines set forth in Revenue Procedure 94-95, 1994-2 C.B. 684 and Treasury Regulation § 1.671-4(a), the Liquidation Trustee will file returns for the Liquidation Trust as a grantor trust (other than with respect to the Disputed Claims Reserve).

(ii)    Except to the extent definitive guidance from the Internal Revenue Service or a court of competent jurisdiction (including the issuance of applicable Treasury Regulations or the receipt by the Liquidation Trustee of a private letter ruling if the Liquidation Trustee so requests one) indicates that such valuation is not necessary to maintain the treatment of the Liquidation Trust as a liquidating trust for purposes of the Internal Revenue Code and applicable Treasury Regulations, the Liquidation Trustee shall make a good faith valuation of the Liquidation Trust Assets. Such valuation shall

11

be made available from time to time to all parties to the Liquidation Trust Agreement and to all Liquidation Trust Beneficiaries, to the extent relevant to such parties for tax purposes, and shall be used consistently by all parties for all United States federal income tax purposes.

        (iii)    Notwithstanding anything to the contrary herein, the Liquidation Trustee shall treat any such Disputed Claims Reserve as a Disputed Ownership Fund within the meaning of Treasury Reg. § 1.468B-9. Following the funding of the Liquidation Trust, Fuse, LLC shall provide a "§ 1.468B-9 Statement" in respect of the Disputed Claims Reserve to the Liquidation Trustee in accordance with Treasury Regulation section 1.468B-9(g).

        (d)    <u>Attribution of Income</u>. Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidation Trustee of a private letter ruling if the Liquidation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidation Trustee), attribution of Liquidation Trust taxable income or loss shall be by reference to the manner in which any economic gain or loss would be borne immediately after a hypothetical liquidating distribution of the remaining Liquidation Trust Assets. The tax book value of the Liquidation Trust Assets for purpose of this paragraph shall equal their fair market value on the date the Liquidation Trust Assets are transferred to the Liquidation Trust, adjusted in accordance with tax accounting principles prescribed by the Internal Revenue Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

        (e)    <u>Withholding</u>. The Liquidation Trustee may withhold from the amount distributable from the Liquidation Trust at any time to any Liquidation Trust Beneficiary such sum or sums as may be sufficient to pay any tax or taxes or other charge or charges which have been or may be imposed on such Liquidation Trust Beneficiary or upon the Liquidation Trust with respect to the amount distributable or to be distributed under the income tax laws of the United States or of any state or political subdivision or entity by reason of any distribution provided for by any law, regulation, rule, ruling, directive, or other governmental requirement. Any tax withheld shall be treated as distributed to the Liquidation Trust Beneficiary for purposes of this Agreement.

        (f)    <u>Tax Identification Numbers</u>. The Liquidation Trustee may require any Liquidation Trust Beneficiary to furnish to the Liquidation Trustee its Employer or Taxpayer Identification Number as assigned by the Internal Revenue Service or certify to the Liquidation Trustee's satisfaction that distributions to the Liquidation Trust Beneficiary are exempt from backup withholding. The Liquidation Trustee may condition any distribution to any Liquidation Trust Beneficiary upon receipt of such identification number. If a Liquidation Trust Beneficiary does not provide the appropriate Form W-8 or Form W-9 within ninety (90) days of the request by the Liquidation Trustee, then such Liquidation Trust Beneficiary shall be deemed to have forfeited its right to any reserved and future distributions from the Liquidation Trust, any Liquidation Trust Interests held by such Liquidation Trust Beneficiary shall be deemed cancelled, and the Claims of such Liquidation Trust Beneficiary shall be forever barred.

(g)     Annual Statements.  The Liquidation Trustee shall annually (for tax years in which distributions from the Liquidation Trust are made) send to each Liquidation Trust Beneficiary a separate statement setting forth the Liquidation Trust Beneficiary's share of items of income, gain, loss, deduction or credit and all such holders shall report such items on their federal income tax returns.

(h)     Notices.  The Liquidation Trustee shall distribute such notices to the Liquidation Trust Beneficiaries as the Liquidation Trustee determines are necessary or desirable.

(i)     Expedited Determination.  The Liquidation Trustee may request an expedited determination of taxes of the Liquidation Trust under Bankruptcy Code section 505(b) for all tax returns filed for, or on behalf of, the Liquidation Trust for all taxable periods through the dissolution of the Liquidation Trust.

2.9     Conflicting Claims.  If the Liquidation Trustee becomes aware of any disagreement or conflicting Claims with respect to the Liquidation Trust Assets, or is in good faith doubt as to any action that should be taken under this Agreement, the Liquidation Trustee may take any or all of the following actions as reasonably appropriate:

(i)     to the extent of such disagreement or conflict, or to the extent deemed by the Liquidation Trustee necessary or appropriate in light of such disagreement or conflict, withhold or stop all further performance under this Agreement with respect to the matter of such dispute (except, in all cases, the safekeeping of the Liquidation Trust Assets) until the Liquidation Trustee is reasonably satisfied that such disagreement or conflicting Claims have been fully resolved; or

(ii)     file a suit in interpleader or in the nature of interpleader in the Bankruptcy Court (or any other court of competent jurisdiction) and obtain an order requiring all Persons involved to litigate in the Bankruptcy Court or such other court of competent jurisdiction their respective Claims arising out of or in connection with this Agreement; or

(iii)     file any other appropriate motion for relief in the Bankruptcy Court (or any other court of competent jurisdiction).

2.10     Records of Liquidation Trustee.  The Liquidation Trustee shall maintain accurate records of receipts and disbursements and other activity of the Liquidation Trust, and, if appointed, duly authorized representatives of the Liquidation Trust Oversight Committee shall have reasonable access to the records of the Liquidation Trust.  On or after thirty (30) days from the Effective Date, the books and records maintained by the Liquidation Trustee, as well as any and all other books and records of the Debtors, may be disposed of by the Liquidation Trustee in his or her sole discretion, without notice or a filing with the Bankruptcy Court, at such time as the Liquidation Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Liquidation Trust or the Liquidation Trust Beneficiaries, or upon the termination of the Liquidation Trust; *provided, however,* that the Liquidation Trustee shall not dispose or abandon any books and records that are reasonably likely to pertain to pending litigation in which the Debtors or their current or former officers or

13

directors are a party, Causes of Action or Claims without further order of the Bankruptcy Court. Notwithstanding anything to the contrary herein, nothing contained in this Agreement, the Plan, or the Confirmation Order shall affect the obligations of any third party to maintain, preserve, and/or provide access to the Debtors' books and records on the terms so specified in any such document setting forth such obligations.

2.11    Evidence of Beneficial Interest.    Ownership of a beneficial interest in the Liquidation Trust Assets shall not be evidenced by any certificate, security or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidation Trust by the Liquidation Trustee.

## III    RIGHTS, POWERS AND DUTIES OF LIQUIDATION TRUST BENEFICIARIES

3.1    Interests of Liquidation Trust Beneficiaries.    The Liquidation Trust shall issue the Liquidation Trust Interests to the Liquidation Trust Beneficiaries in accordance with the Confirmation Order, so that each Liquidation Trust Beneficiary shall receive a percentage of the Liquidation Trust Interests equal to such Liquidation Trust Beneficiary's Liquidation Trust Interest divided by the sum of all Liquidation Trust Interests; *provided, however*, that (i) if a Disputed General Unsecured Claim is subsequently Disallowed, (a) the amount of such Disputed General Unsecured Claim shall no longer be included in the calculation set forth above and (b) the Liquidation Trust shall issue additional Liquidation Trust Interests to the Liquidation Trust Beneficiaries in accordance with the calculation set forth above and (ii) if a Disputed General Unsecured Claim subsequently becomes an Allowed General Unsecured Claim, the Liquidation Trust shall make subsequent distributions of Liquidation Trust Interests to such Liquidation Trust Beneficiary on account of such Allowed General Unsecured Claim.    Liquidation Trust Interests shall be uncertificated.

3.2    Interests Beneficial Only.    The ownership of a beneficial interest hereunder shall not entitle any Liquidation Trust Beneficiary to any title in or to the Liquidation Trust Assets as such (which title shall be vested in the Liquidation Trustee) or to any right to call for a partition or division of Liquidation Trust Assets or to require an accounting.

3.3    No Right to Accounting.    None of the Liquidation Trust Beneficiaries, their successors, assigns or creditors, or any other Person shall have any right to an accounting by the Liquidation Trustee, and the Liquidation Trustee shall not be obligated to provide any accounting to any Person.    Nothing in this Agreement is intended to require the Liquidation Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Liquidation Trust or as a condition for making any advance, payment or distribution out of proceeds of Liquidation Trust Assets.

3.4    No Standing.    Except as expressly provided in this Agreement, a Liquidation Trust Beneficiary shall not have standing to direct or to seek to direct the Liquidation Trust or Liquidation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any person upon or with respect to the Liquidation Trust Assets.

## IV    AMENDMENT OF TRUST OR CHANGE IN LIQUIDATION TRUSTEE

4.1    Resignation of the Liquidation Trustee.  The Liquidation Trustee may resign by an instrument in writing signed by the Liquidation Trustee and filed with the Bankruptcy Court with notice the U.S. Trustee and the Liquidation Trust Oversight Committee, if any, *provided* that the Liquidation Trustee shall continue to serve as such after his or her resignation for thirty (30) days or, if longer, until the time when appointment of his or her successor shall become effective in accordance with Section 4.3 hereof.

4.2    Removal of the Liquidation Trustee.   If appointed, the Liquidation Trust Oversight Committee may remove the Liquidation Trustee with or without cause at any time. Such removal shall be effective ten (10) days after the Liquidation Trust Oversight Committee provides written notice to the Liquidation Trustee and the U.S. Trustee.  Upon removal of the Liquidation Trustee by the Liquidation Trust Oversight Committee in accordance with this Section other than for cause, the Liquidation Trustee shall be entitled to all compensation that has accrued through the effective date of termination but remains unpaid as of such date, which payment shall be made promptly from the Liquidation Trust Administrative Fund.  For the purposes of this Agreement, "cause" shall mean:  (a) the willful and continued refusal by the Liquidation Trustee to perform his or her duties as set forth herein; or (b) gross negligence, gross misconduct, fraud, embezzlement or theft.

4.3    Appointment of Successor Liquidation Trustee.  A successor Liquidation Trustee may be appointed by (i) if appointed, the Liquidation Trust Oversight Committee, or (ii) if no Liquidation Trust Oversight Committee is appointed, the Liquidation Trustee, in either scenario without the approval of the Bankruptcy Court, which the parties acknowledge shall nevertheless retain jurisdiction to resolve any disputes in connection with the service of the Liquidation Trustee or his/her successor; *provided* that the Bankruptcy Court may appoint a successor Liquidation Trustee *sua sponte* at any time.  Within thirty (30) days of the occurrence of any vacancy, any Liquidation Trust Beneficiary may petition the Bankruptcy Court for such appointment.    Every  successor  Liquidation  Trustee  appointed  hereunder  shall  execute, acknowledge and file with the Bankruptcy Court and deliver to the predecessor Liquidation Trustee (if practicable), with notice to the U.S. Trustee and the Liquidation Trust Oversight Committee, if any, an instrument accepting such appointment and the terms and provisions of this Agreement, and thereupon such successor Liquidation Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers and duties of the retiring Liquidation Trustee.

4.4    Continuity.   Unless otherwise ordered by the Bankruptcy Court, the death, resignation, incompetence or removal of the Liquidation Trustee shall not operate to terminate or to remove any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Liquidation Trustee.  In the event of the resignation or removal of the Liquidation Trustee, the Liquidation Trustee shall promptly execute and deliver such documents, instruments, final reports, and other writings as may be reasonably requested from time to time by the successor Liquidation Trustee or, if appointed, the Liquidation Trust Oversight Committee.

4.5     Amendment of Agreement.   This Agreement may be amended, modified, terminated, revoked or altered only upon: (a) order of the Bankruptcy Court; or (b) agreement of the Liquidation Trustee and the Liquidation Trust Oversight Committee, if appointed, *provided*, *however*, that any such amendment, modification, termination, revocation or alteration is consistent with the terms of the Plan and the Confirmation Order.

## V       TERMINATION OF LIQUIDATION TRUST

The Liquidation Trustee shall be discharged and the Liquidation Trust shall be terminated, at such time as:   (a) all Disputed Claims have been resolved; (b) all of the Liquidation Trust Assets have been liquidated; (c) all duties and obligations of the Liquidation Trustee under this Agreement have been fulfilled; and (d) all distributions required under the Plan, as amended by the Confirmation Order, and this Agreement have been made; *provided*, *however*, that in no event shall the Liquidation Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion within the six-month period prior to the fifth anniversary (or the end of any extension period approved by the Bankruptcy Court), determines that a fixed period extension not to exceed one (1) year is necessary to facilitate or complete the recovery and liquidation of the Liquidation Trust Assets.   Upon dissolution of the Liquidation Trust, any remaining Liquidation Trust Assets may be transferred by the Liquidation Trustee to a charitable organization(s).

## VI      RETENTION OF JURISDICTION

Subject to the following sentence, the Bankruptcy Court shall have exclusive jurisdiction over the Liquidation Trust, the Liquidation Trustee and the Liquidation Trust Assets as provided in the Confirmation Order, including, without limitation, the determination of all controversies and disputes arising under or in connection with the Liquidation Trust or this Agreement. However, if the Bankruptcy Court abstains or declines to exercise such jurisdiction or is without jurisdiction under applicable law, any other court of competent jurisdiction may adjudicate any such matter.   All Liquidation Trust Beneficiaries consent to the jurisdiction of the United States District Court for the District of Delaware and the state courts sitting in Wilmington, Delaware, over all disputes related to this Agreement.

## VII     MISCELLANEOUS

7.1     Applicable Law.   The Liquidation Trust created by this Agreement shall be construed in accordance with and governed by the laws of the State of Delaware without giving effect to principles of conflict of laws, but subject to any applicable federal law.

7.2     Waiver.   No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

7.3     Relationship Created.   Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership or joint venture of any kind.

7.4     Confirmation of Survival of Provisions.   Without limitation in any way of any provision of this Agreement, the limitation of liability and indemnity provisions in sections 2.5

through 2.7 shall survive the death, dissolution, liquidation, resignation, replacement, or removal, as may be applicable, of the Liquidation Trustee, or the termination of the Liquidation Trust or this Agreement, and shall inure to the benefit of the Liquidation Trustee's (together with any persons indemnified under this Agreement) successors, heirs and assigns.

7.5    Interpretation.  Section and paragraph headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of any provision hereof.

7.6    Savings Clause.  If any clause or provision of this Agreement shall for any reason be held invalid or unenforceable by the Bankruptcy Court, such invalidity or unenforceability shall not affect any other clause or provision hereof, but this Agreement shall be construed, insofar as reasonable to effectuate the purpose hereof, as if such invalid or unenforceable provision had never been contained herein.

7.7    Entire Agreement.  This Agreement, the Plan and the Confirmation Order constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations with respect to the subject matter hereof except as set forth herein or therein. This Agreement together with the Plan and the Confirmation Order supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to such subject matter. Except as otherwise authorized by the Bankruptcy Court or specifically provided in this Agreement, the Plan, or the Confirmation Order nothing in this Agreement is intended or shall be construed to confer upon or to give any Person other than the parties hereto, any Liquidation Trust Oversight Committee appointed hereunder, and the Liquidation Trust Beneficiaries any rights or remedies under or by reason of this Agreement.

7.8    Counterparts.  This Agreement may be executed by facsimile or electronic transmission and in counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.

7.9    Notices.

All notices, requests or other communications required or permitted to be made in accordance with this Agreement shall be in writing and shall be deemed given five Business Days after first-class mailing, one Business Day after sending by overnight courier, or on the first Business Day after facsimile or electronic transmission.

> Peter Hurwitz, as Liquidating Trustee
> C/o Dundon Advisers LLC
> 440 Mamaroneck Avenue, Fifth Floor
> Harrison, NY 10528
> Email: PH@dundon.com

7.10    Effective Date.  This Agreement shall become effective as of the Effective Date of the Plan.

7.11    <u>Successors and Assigns</u>.  This Agreement shall be binding upon each of the parties hereto and their respective successors and assigns and shall inure to the benefit of the parties, any Liquidation Trust Oversight Committee appointed hereunder, the Liquidation Trust Beneficiaries and, subject to the provisions hereof, their respective successors and assigns.

7.12    <u>Conflict with the Confirmation Order or the Plan</u>.  In the event of any conflict between the terms of this Agreement and the Confirmation Order or the Plan, the terms of the Confirmation Order or the Plan, as applicable, shall govern.

*SIGNATURE PAGE FOLLOWS*

IN WITNESS WHEREOF the undersigned have caused this Agreement to be executed as of the day and year first above written.

**Fuse Media, Inc.; Fuse Media, LLC; Fuse, LLC; JAAM Productions, LLC; SCN Distribution, LLC; Latino Events LLC; Fuse Holdings LLC; Fuse Finance, Inc.; and FM Networks LLC**

By:_____

Name:

Title:

**Peter Hurwitz, not individually, but solely in his capacity as the Liquidation Trustee of the General Unsecured Creditors of Fuse, LLC Trust**

By:_____

Name: Peter Hurwitz

Title:  Liquidation Trustee

**Official Committee of Unsecured Creditors of Fuse, LLC, *et al*.**

By:_____

Name:  Kent Sevener, solely in his capacity as Chairperson of the Committee, and not in his individual capacity

## SCHEDULE A

### TERMS OF COMPENSATION AND REIMBURSEMENT
### OF EXPENSES OF THE LIQUIDATION TRUSTEE

The Liquidation Trustee shall be compensated through the payment of a monthly flat fee of $7,500, payable on the Effective Date and on the monthly anniversary thereof, and subject to an aggregate maximum cap of $75,000.